UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Ari Teman,**
Plaintiff,

v.

**Nathaniel Z. Marmur,** an individual,
**Nathaniel Z. Marmur, PLLC,**
**Alan S. Lewis,** an individual,
**Carter Ledyard & Milburn LLP,**
Defendants.

Case No. _____

**COMPLAINT FOR FRAUD, BREACH OF CONTRACT, LEGAL MALPRACTICE,**

BREACH OF FIDUCIARY DUTY, CONVERSION, UNJUST ENRICHMENT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Ari Teman ("Plaintiff"), appearing pro se, alleges as follows against Defendants Nathaniel Marmur, Alan Lewis, Carter Ledyard & Milburn LLP ("CLM"), and Nathaniel Z. Marmur PLLC ("NMP"):

## I. PARTIES

1. Plaintiff Ari Teman is a resident of Miami Beach, Florida.

2. Defendant Nathaniel Z. Marmur is an attorney licensed in New York and principal of Defendant NMP, located at 500 Fifth Avenue, 40th Floor, New York, NY 10110.

3. Defendant Alan S. Lewis is an attorney licensed in New York and a partner at Defendant CLM, located at 2 Wall Street, New York, NY 10005.

4. Defendants CLM and NMP are New York law firms.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Florida, Defendants are citizens of New York, and the amount in controversy exceeds $75,000.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)–(2) because all Defendants reside in New York and a substantial part of the events giving rise to these claims occurred in this District.

## III. FACTUAL BACKGROUND

7. On or about August 30, 2021, Plaintiff entered into a written engagement letter with Defendants Lewis and Marmur, through their firms CLM and NMP, to represent him in his appeal to the United States Court of Appeals for the Second Circuit.

8. The contract required a flat fee of $200,000, shared between CLM and NMP, and promised "the highest quality legal services in a responsive, efficient manner."

9. Plaintiff promptly paid the full $200,000 retainer.

10. Defendants repeatedly delayed the work, obtaining adjournments from the Second Circuit without legitimate justification.

11. During these periods, Defendants informed Plaintiff they were prioritizing family activities, including trips to Disney, over his appeal.

12. The appellate brief Defendants eventually produced showed that no senior appellate attorney had worked on it; it had been drafted by a junior associate with little to no supervision, and it contained basic factual errors and even statements falsely suggesting Plaintiff admitted to crimes never charged.

13. Multiple experienced appellate attorneys reviewed the draft and confirmed it was deficient and professionally unacceptable.

14. Because of Defendants' delays and failures:
    a. Plaintiff's appeal was delayed by at least six months;
    b. Plaintiff was forced to remain under home confinement and electronic monitoring for those additional months;
    c. Plaintiff's ability to gather exculpatory evidence and witnesses was impaired;
    d. Plaintiff endured reputational injury, professional harm, and severe emotional distress.

15. Plaintiff demanded a refund of unearned fees, but Defendants refused.

## IV. TIMELINESS AND TOLLING

16. Defendants' misconduct occurred within the statutory periods for fraud, malpractice, and contract claims.

17. Under New York's continuous representation doctrine, the statute of limitations for malpractice and related claims is tolled until the conclusion of Defendants' representation of Plaintiff in the Second Circuit appeal. The engagement letter itself confirms representation continued until decision of the appeal.

18. Fraud claims are timely under CPLR § 213(8), as this action is brought within six years of the misrepresentations and within two years of discovery.

19. In addition, Plaintiff's ability to file earlier was hindered by extraordinary circumstances:
    a. Plaintiff was subject to extended home confinement and electronic monitoring caused by Defendants' delays;
    b. Plaintiff suffered serious illness, including hospitalization, which impaired his ability to pursue legal remedies;
    c. These circumstances justify equitable tolling of any applicable limitations period.

20. Accordingly, all claims asserted herein are timely.

## V. CLAIMS FOR RELIEF

### Count I – Fraud (Against All Defendants)

21. Defendants misrepresented that senior appellate attorneys would competently and timely handle Plaintiff's appeal.

22. Defendants concealed material facts, including that they were not devoting full efforts, were absent for extended vacations, and intended to delegate the work to unsupervised junior associates.

23. Defendants made these misrepresentations and omissions knowingly or with reckless disregard for the truth, intending Plaintiff to rely on them.

24. Plaintiff reasonably relied on these misrepresentations in paying $200,000.

25. Plaintiff suffered financial loss, prolonged confinement, reputational harm, and emotional distress as a direct result.

### Count II – Breach of Contract (Against CLM, NMP, Lewis, and Marmur)

26. Plaintiff and Defendants entered into a valid contract for legal services.

27. Plaintiff fulfilled his obligations by paying the $200,000 retainer and providing case information.

28. Defendants breached by failing to competently prepare, file, and argue the appeal, instead producing a defective brief after months of delay.

29. Plaintiff suffered damages including financial loss, confinement, and reputational harm.

### Count III – Legal Malpractice / Professional Negligence (Against CLM, NMP, Lewis, and Marmur)

30. Defendants owed Plaintiff a duty to exercise reasonable skill and diligence as appellate counsel.

31. Defendants breached by:
    a. Failing to master the record;
    b. Delegating to an unsupervised junior associate;
    c. Filing or threatening to file an inaccurate and harmful appellate brief.

32. This negligence proximately caused Plaintiff prolonged confinement, impaired ability to defend, and reputational harm.

## Count IV – Breach of Fiduciary Duty (Against All Defendants)

33. As attorneys, Defendants owed fiduciary duties of loyalty, honesty, and care.

34. Defendants breached by prioritizing personal leisure and firm interests over Plaintiff's legal interests.

35. Plaintiff suffered foreseeable harm including financial loss and liberty restrictions.

## Count V – Conversion (Against CLM, NMP, Lewis, and Marmur)

36. Defendants wrongfully retained Plaintiff's $200,000 while failing to provide the contracted services.

37. Such unlawful control constitutes conversion.

## Count VI – Unjust Enrichment (Against All Defendants)

38. Defendants received and retained benefits (retainer fees) without lawful justification.

39. Retaining those benefits would be inequitable.

## Count VII – Intentional Infliction of Emotional Distress (Against All Defendants)

40. Defendants' conduct—including months of delay, use of Plaintiff's funds while vacationing, producing a false and harmful brief, and refusal to refund unearned fees—was extreme and outrageous.

41. Defendants acted intentionally or recklessly, with disregard for the likelihood of causing Plaintiff severe distress.

42. Plaintiff suffered severe distress, reputational harm, and extended confinement as a direct result.

## VI. DAMAGES

43.  Plaintiff's damages include:
 a. **Fraudulent Retainer:** $200,000 wrongfully obtained. Plaintiff seeks treble damages of $600,000.
 b. **Extended Confinement:** Six additional months of home confinement, valued at not less than $900,000.
 c. **Emotional Distress & Reputational Harm:** At least $2,000,000.

44. Total damages are not less than $3,500,000, plus punitive damages, interest, fees, and costs.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

a. Compensatory damages of not less than $3,500,000;
b. Treble damages on the fraudulent retainer (3 x $200,000);
c. Punitive damages sufficient to punish and deter;
d. Restitution and disgorgement of unearned fees;
e. Injunctive relief prohibiting Defendants from making further statements about Plaintiff;
f. Pre- and post-judgment interest;
g. Costs and such further relief as the Court deems just and proper.

Respectfully submitted,

s/ Ari Teman
Ari Teman
Plaintiff, pro se

1521 Alton Road
Miami Beach, FL 33139
ari@teman.com
Dated: OCTOBER 3, 2025