UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ari Teman,                                                                                           **Case No.** 1:25-cv-08220
Plaintiff,

v.

Nathaniel "Nate" Marmur, Alan Lewis, Et al.
Defendants.

### PLAINTIFF'S MOTION FOR CONSIDERATION OF SERVICE AND NOTICE OF DEFENDANTS' RECEIPT OF WAIVER REQUEST

Plaintiff **Ari Teman**, proceeding pro se, respectfully moves the Court to take notice that Defendants **Nathaniel Marmur** and **Alan Lewis, and their respective law firms,** have **received electronic notice** of the *Request to Waive Service of Summons* pursuant to **Fed. R. Civ. P. 4(d)**, as evidenced by third-party email-tracking data.

### 1. Background

On **October 9, 2025**, Plaintiff emailed the defendants at their professional addresses--

- *nmarmur@marmurlaw.com*, and

- *lewis@clm.com*--
   attaching a copy of the filed complaint and the Rule 4(d) request to waive service.

### 2. Proof of Receipt

Plaintiff uses the professional tracking service **Yesware**, which records objective delivery and open events. Yesware reports the following activity:

| Date (EDT)   | IP Address      | Location (approx.) | Device / Browser |
|--------------|-----------------|--------------------|------------------|
| Oct 21 2025  | 208.87.239.202  | Dallas, TX         | Mozilla          |
| Oct 21 2025  | 208.87.234.202  | Ashburn, VA        | Mozilla          |
| Oct 21 2025  | 173.77.0.171    | Floral Park, NY    | Safari iPhone    |
| Oct 9 2025   | 38.96.145.242   | New York, NY       | Safari iPhone    |
| Oct 9 2025   | 100.2.35.66     | Scarsdale, NY      | Safari iPhone    |
| Oct 9 2025   | 72.152.84.208   | Des Moines, IA     | Chrome Windows   |

| | | | |
|---|---|---|---|
| Oct 9 2025 | 72.153.231.20 | San Jose, CA | Chrome Windows |

These logs show multiple confirmed opens of the waiver-request email and attachments from locations consistent with defendants' offices or devices under their control.

### 3. Legal Basis

Under **Rule 4(d)(1)**, a defendant who receives written notice of the action and a request to waive service has a duty to avoid unnecessary expenses of service. Actual receipt--by email or other reliable means--is sufficient notice where the defendant is demonstrably aware of the complaint and the waiver request.

Courts routinely accept electronic confirmation as proof of notice where, as here, the defendants are attorneys using professional email systems and no contrary evidence is offered. See *Sullivan v. Lefevre*, 2019 WL 6117584 (S.D.N.Y. 2019) (acknowledging email receipt as sufficient for Rule 4(d) notice).

### 4. Defendants' Evasion Is Consistent with Their Pattern of Misconduct

Defendants' refusal to acknowledge or respond to Plaintiff's formal Rule 4(d) request for waiver of service--despite clear evidence of receipt and repeated electronic openings of the email--demonstrates the same underhanded, evasive, and opportunistic behavior alleged throughout the Complaint. As detailed in the Complaint, Defendants previously took substantial funds from Plaintiff under the pretense of competent, timely representation, then delayed, delegated, and deceived him while prioritizing personal convenience and firm interests over their client's welfare.

Now, even when confronted with an elementary procedural duty designed to reduce unnecessary costs, Defendants have again chosen concealment over candor. Their silent avoidance of the waiver request, despite multiple confirmations of receipt, shows a continued willingness to manipulate process and exploit procedural formality for strategic gain. This conduct reinforces Plaintiff's allegations that Defendants habitually act in bad faith, disregard professional obligations, and engage in gamesmanship to the detriment of their former client.

Such disregard for ethical and procedural norms not only supports the plausibility of the claims pled in the Complaint, but also justifies the Court's inference that Defendants have actual notice of this action and have deliberately elected not to participate in good faith.

### 5. Requested Relief

Plaintiff respectfully asks the Court to:

1. **Take judicial notice** that defendants received the waiver-of-service request and complaint by email on or before October 9, 2025;

2. **Deem service effective** as of that date under Rule 4(d) or, alternatively,

3. **Order that defendants' time to answer** shall run from the date of such receipt; and

4. Grant such other relief as the Court deems just and proper.

## 5. Certification

Plaintiff certifies that this motion and accompanying exhibits are served via ECF and by email to the same addresses listed above.

---

Respectfully submitted,
 **/s/ Ari Teman**
Ari Teman, Plaintiff pro se
Tel Aviv, Israel
 Dated: October 21, 2025

---

**Exhibit A:** Yesware tracking report (CSV or PDF) showing timestamps, IP addresses, and locations of openings.