**The Honorable Lewis J. Liman**
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Teman v. Marmur, et al.*, No. 1:25-cv-08220 — **Request to Re-Issue Summonses and Add Defendants to ECF**

Dear Judge Liman:

I write respectfully as a pro se plaintiff to advise the Court of an issue relating to service of process and to request appropriate relief.

On **November 3, 2025**, the Clerk of Court issued summonses and advised that they were being sent to my mailing address. As of the date of this letter, **71 days have elapsed**, and I have received **other Court correspondence with minimal delay**, but the summonses themselves **have not arrived**.

After speaking with the **Pro Se Clerk's Office**, I was directed to notify the Court and request that the Clerk be permitted to **re-issue the summonses**, ideally electronically, so that I may meet my Rule 4(m) obligations.

At the Clerk's instruction, I also **submitted the request form for electronic delivery** of filings to myself.

Additionally, service-related facts support further relief.

As reflected in **Docket 8** ("PLAINTIFF'S MOTION FOR CONSIDERATION OF SERVICE AND NOTICE OF DEFENDANTS' RECEIPT OF WAIVER REQUEST"), **both defendants and their firms received notice by email**, including copies of the Rule 4 waiver requests, at:

- **nmarmur@marmurlaw.com** (Nathaniel Marmur)
- **Lewis@clm.com** (Alan Lewis)

Yesware delivery and read receipts confirm receipt and opening. Mr. Marmur also received a copy of the Complaint via Whatsapp with two blue checkmarks confirming receipt.

Defendants were likewise notified of the Court's **Initial Pretrial Conference** via the same email accounts (see Docket 9).

Despite confirmed notice—and despite both Mr. Marmur and Mr. Alan Lewis being **attorneys and officers of this Court**, who routinely accept and respond to ECF notices in SDNY—neither executed a Rule 4 waiver nor appeared in the case.

In light of the mail delivery issue, confirmed notice, and counsel's familiarity with ECF, I respectfully request that the Court:

1. **Authorize the Clerk to re-issue summonses**, preferably electronically, and

2. Under **Fed. R. Civ. P. 5(b)(2)(E)** and the Court's supervisory authority, **order that Mr. Marmur and Mr. Alan Lewis be added to ECF service for this action**, allowing them to receive filings and orders electronically.

Courts regularly direct electronic service where defendants have actual notice, routinely use ECF, or where traditional service risks delay. See Fed. R. Civ. P. 5(b)(2)(E) (permitting service by electronic means when ordered by the Court); **Rio Properties, Inc. v. Rio Int'l Interlink**, 284 F.3d 1007, 1017–18 (9th Cir. 2002) (affirming court's discretion to authorize electronic service where reasonably calculated to provide notice); **S.E.C. v. Anticevic**, 2009 WL 361739, at *2 (S.D.N.Y. Feb. 13, 2009) (authorizing email service where traditional methods were impractical).

Granting this relief will conserve judicial resources, minimize procedural disputes, and ensure compliance with Rule 4. A proposed order follows below.

Thank you for your consideration.

Respectfully submitted,


s/Ari Teman/
**Ari Teman**
Pro Se Plaintiff
ari@teman.com

Jan 13, 2026
Tel Aviv, Israel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Ari Teman,**
Plaintiff,
v.
**Nathaniel Marmur, Alan Lewis, and associated law firms,**
Defendants.                                                    Case No. **1:25-cv-08220 (LJL)**

**[PROPOSED] ORDER**

Re: Issuance of Summonses, Extension of Service Deadline, and ECF Service

Upon consideration of Plaintiff's letter dated _____, 2026, and for good cause shown, it is hereby:

**ORDERED** that the Clerk of Court shall **re-issue summonses** for all named defendants forthwith, and may transmit the summonses to Plaintiff electronically or by such other means as the Clerk deems appropriate; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 4(m), Plaintiff's time to effect service of process is **extended for an additional 60 days** from the date of this Order, or such additional time as the Court may later determine necessary; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Court's supervisory authority over attorneys practicing before it, **Nathaniel Marmur** and **Alan Lewis** are hereby **added to the docket as registered ECF recipients** for this matter; and it is further

**ORDERED** that the Clerk of Court shall **add the following email addresses** for purposes of electronic notice and service of filings via ECF:

- **nmarmur@marmurlaw.com** (Nathaniel Marmur)
- **Lewis@clm.com** (Alan Lewis)
  and ensure that both individuals receive ECF notices of all filings and Court orders in this action; and it is further

**ORDERED** that electronic service via ECF on the above-listed individuals shall constitute service under Fed. R. Civ. P. 5 for all future filings unless otherwise directed by the Court.

SO ORDERED.

Dated: _____, 2026
New York, New York