UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                             :

ARI TEMAN,                        :

                      :

          Plaintiff,         :

                      :              25-cv-08220 (LJL)

     -v-                  :

                      :               ORDER

NATHANIEL Z. MARMUR, et al.,    :

                      :

         Defendants.     :

                      :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2026

LEWIS J. LIMAN, United States District Judge:

Plaintiff Ari Teman moves for an order permitting alternative service on Defendants

Nathaniel Marmur and Alan Lewis pursuant to Federal Rule of Civil Procedure 4(e) and

C.P.L.R. 308(5).  The motion is denied.

The Court has previously had occasion to set out the relevant legal principles:

Rule 4 of the Federal Rules of Civil Procedure allows an individual located within a judicial district of the United States to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (2).  Rule 4 makes the state law of either the location where service is effected or the location of the district court equally applicable. *Id.*  In New York, service may be effected upon a person by: (1) personal service; (2) delivery to a "person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode" and mailing it to the individual; (3) service on an agent; or (4) "affixing the summons" to the individual's actual place of business, dwelling or usual abode and mailing it to the individual.  N.Y. C.P.L.R. § 308(1)–(4).  Furthermore, a court may direct alternative methods of service where service by the enumerated means is "impracticable."  N.Y. C.P.L.R. § 308(5).  "The meaning of 'impracticable' depends on the facts and circumstances of a particular case.  In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (cleaned up).  "The decision to allow alternative service is committed to the sound discretion of the district court." *In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *1 (S.D.N.Y. Sept. 20, 2021) (internal citations omitted).  The standard for impracticability under C.P.L.R. § 308(5) is different

> from the more stringent requirement of "due diligence" under C.P.L.R. § 308(4). Impracticability "does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Hamza v. Yandik*, 2022 WL 976888, at *8 (N.D.N.Y. Mar. 31, 2022) (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 485 (N.Y. App. Div. 1995)). "Even where plaintiffs have imperfectly served defendants, courts have been willing to find impracticability under C.P.L.R. § 308(5) and to direct substitute service, particularly when defendants have participated in the litigation." *Id.*

*Freeman v. Giuliani*, 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024).

Plaintiff has not shown that service by the enumerated means set forth in C.P.L.R. 308(1)–(4) is impracticable. Plaintiff asserts that he transmitted the summons and complaint to Defendant Marmur by WhatsApp and email and that Marmur refused to accept service by those means, declined to waive service, failed to provide a residential address, and caused his law firm to state that they would not accept service on his behalf . Dkt. No. 14 at 1–2. However, while a defendant has "a duty to avoid unnecessary expenses of serving the summons," Fed. R. Civ. P. 4(d)(1), he has no duty necessarily to waive service. The consequences of refusing to waive service (when such a waiver is properly requested) without good cause is that the defendant will be required to pay the expenses incurred in making service. Fed. R. Civ. P. 4(d)(2). Service by email is not a permitted means of service under C.P.L.R. 308(1)–(4). Marmur was not required to provide a residential address to Plaintiff or to agree that the law firm could accept service on his behalf. Teman has not identified any other efforts he made to identify where Marmur could be served or to mail the summons to him at his actual place of business. N.Y. C.P.L.R. 308(2).

Plaintiff makes similar assertions with respect to Defendant Lewis and similar answers apply. If Plaintiff made a proper request to Lewis that he waive service and Lewis declined without good cause, then Lewis will be responsible for the costs of service. Fed. R. Civ. P. 4(d)(2). That consequence alone may be successful in having Lewis (as well as Marmur) appear in this case. The fact that Plaintiff emailed the summons and complaint to Lewis and asked the

2

firm to accept service on his behalf do not alone show that service pursuant to the enumerated means set forth under New York law would be impracticable.  *See Avail 1 LLC v. Kalsi*, 2023 WL 7298214, at *4 (S.D.N.Y. Nov. 6, 2023) (Plaintiff did not show impracticability where Plaintiff unsuccessfully attempted personal service but failed to allege that it could not effect service by the other methods of service under C.P.L.R. 308.); *cf. Bozza v. Love*, 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) (finding service impracticable where after diligent search neither counsel nor a professional process server could locate a current address for defendant).

Plaintiff is self-represented.  The Court attaches to this order the guide that the Court makes available to self-represented litigants regarding how to effect service.  This order is without prejudice to a renewed motion for alternative service based upon new facts.  The alternative relief requested by Plaintiff of an order "confirming" service or directing the Clerk to add Marmur and Lewis to ECF is denied for absence of legal authority.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 14.

SO ORDERED.

Dated: February 12, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3

**United States District Court**
**Southern District of New York**

# SERVICE OF PROCESS IN CASES WHERE THE FEES HAVE BEEN PAID

This guide is intended to be a summary of basic procedures for serving the summons and complaint. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's Local Civil Rules, or the individual rules of practice and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Service of the Summons

### What is a summons?

- A summons is a document notifying a defendant that she is required to participate in a court proceeding.

### What is service?

- "Service" is the type of process a plaintiff utilizes to notify the defendant that she has been named in a complaint and that she is required to appear in court. *A case cannot proceed until service is complete.*

- The procedures for serving the summons and complaint are described in Rule 4 of the Federal Rules of Civil Procedure.

### How is service completed? Rule 4(e)

- A process server (not the plaintiff) may:

    - deliver a copy of the summons and complaint personally to the defendant;

    - leave copies at the defendant's dwelling with a person over the age of 18 who currently is residing at the defendant's dwelling; or

    - deliver copies to an agent authorized by appointment or by law to receive service of process.

- For information about appropriate process servers, *see* page 3.

- Before attempting in-person service, the plaintiff may consider asking the defendant – whether an individual or a corporation – to accept informal service by mail. This avoids the time and money required of in person service. This is referred to as a "Waiver of Service."

# Waiver of Service – Rule 4(d)

## What is a "Waiver of Service"?

The plaintiff may ask the defendant to accept service of the summons and complaint by mail. This option offers defendants the option of waiving in-person service; in return, the defendant will have 60 days to answer the complaint instead of the 21 days outlined in Rule 12.

## What is the procedure for waiver of service?

- To serve under the waiver of service provision, you must mail to the defendant's address:
  - a copy of the complaint;
  - two (2) copies of the waiver of service form; and
  - a return, self-addressed, postage-paid envelope.
- Service occurs only if the defendant signs and returns the waiver of service form. *The waiver must be filed promptly with the Pro Se Intake Unit.*
- If you have not received this signed form from the defendant within thirty (30) days (sixty (60) days if the defendant is outside of the United States) after the date of mailing to the defendant, then you must have process served by one of the other allowed methods in Rule 4(e).

# Issuance of a summons

## How do I ask for a summons?

- **At the courthouse.** If you pay the fees at the courthouse, you will receive the original summons with the raised seal, and copies of the summons for each defendant. The person who serves each defendant, known as the "process server" (see below for more detailed information), will serve each defendant with the copy of the summons, not the original.
- **By letter.** If you do not pay the fees at the courthouse when you file your complaint, you will need to notify the Clerk of Court that a summons must be issued. To ensure



that a summons is issued immediately upon payment of the fees, a request for the issuance of summons must be filed in your case and addressed to the Clerk of Court.

### If I amend my complaint, do I need a new summons?

- **Maybe.** If you add new defendants, a new summons must be issued. If the Clerk of Court has not issued a summons for a newly named defendant, you must request in writing that a summons be issued

## Extensions of Time – Rule 4(m)

### What is an expired summons?

- If 90 days have passed, from the date on the summons, the summons is "expired." If there is a defendant who has not been served, you will need to ask the assigned judge for an extension of time for service and for an amended summons.

### How do I ask for an extension of time to serve?

- To request an extension of time to serve, you must contact the court by filing a letter, addressed to your assigned judge, with the Pro Se Intake Unit, requesting an extension of time to serve the defendant. In your letter, you should state the reasons why you need more time. The assigned judge has discretion to grant a request for more time if made for "good cause" and can set a new date by which the defendants must be served.

## Process Server

### Who is allowed to be a process server?

- Any person who is 18 or older and not a plaintiff or defendant in the lawsuit, including family members and friends, may serve the summons and complaint. Fed. R. Civ. P. 4(c)(2).

- If you do not have a person to serve on your behalf, you will need to hire a professional process server. This guide refers to the person entrusted with service in your case, whether someone you know or a professional, as a "process server."

### When should I initiate service on the defendant through the process server?

- The process server has 90 days from the date the summons is issued to serve the defendant. Fed. R. Civ. P. 4(m). You should not wait until the end of the 90-day time period to find a process server and serve the defendant; instead, you should start the process as soon as you receive the summons.



## Other Types of Service Permitted: "Nail and Mail"

### What if I cannot serve the defendant in person, at their home, or with an agent?

- New York state law authorizes the "nail and mail" method of service, which authorizes the process server, after attempting service with "due diligence," to (1) tape a copy of the summons and complaint to the door of the defendant's home or office; (2) mail a copy by first class mail to the defendant's home address; and (3) complete a proof of service, which must be filed with the court. N.Y. Civil Practice Law & Rules § 308(4).

  - **Note:** A process server can show due diligence by making three attempts at service at different times of the day.

- If the "nail and mail" method of service is unsuccessful, then you must request permission from the judge, by filing a motion, to effect service by an alternative method of service. N.Y. Civil Practice Law & Rules § 308(5)

## Proof of Service – Rule 4(l)

### What do I do after service has been completed?

- After service has been made, the process server must complete the return of service on the back of the original summons where it says, "declaration of server," affirming under penalties of perjury that service has been made and describing the details of the service.

### What do I do with the original summons?

- Once the original summons with return of service is completed, it must be filed promptly with the Pro Se Intake Unit.

## Serving a Business – Rule 4(h)

### Where do I serve a business, corporation, or partnership?

- An officer or other person authorized by a company to receive process must be served personally. This person can be the president, vice president, or a person specifically designated by the company to receive process. In contrast, a receptionist or secretary may not be authorized by the company to accept service of process, even if that person receives other mail or packages. To determine who is authorized to accept service of process, the process server should call the company to ask who is



authorized or designated to accept service of process for the company. The process server also may contact the New York State Department of State, Division of Corporations, for this information at (518) 473-2492. This information also is available on the New York Department of State's website: dos.ny.gov/instructions-service-process.

- If the process server cannot serve a corporation with the address provided, service may be made on the New York Secretary of State, in Albany, New York, if the corporation is incorporated or licensed to do business in New York State. This is done by delivering, not mailing, the papers to the Secretary of State's office located at 41 State Street in Albany, New York. The process server will still need a working address for the corporation. There is a fee for serving the Secretary of State on behalf of a corporation.

## Serving Unknown Defendants – John and Jane Doe Defendants

### If I do not know the name of the defendant, how do I have that person served?

- You can ask the judge to direct the representation of the defendant to identify the defendant, who is often referred to as a "John Doe" or "Jane Doe" defendant. To make this request, you will need to provide as much identifying information about the Doe defendant, so the representative may identify the individual.

- Once the defendant identifies the John or Jane Does, the Court will issue an Order of Service to serve those new defendants and the USMS will serve those defendants.

## Serving the United States, Federal Agencies, or Federal Employees – Rule 4(i)

When the "United States" is a defendant, the following procedure must be followed:

- Hand-delivery to the United States Attorney for the Southern District of New York, Civil Division (86 Chambers Street, New York, NY); OR

- Hand-delivery to an assistant United States attorney or clerical employee designated by the United States Attorney in a writing filed with the Clerk's Office; OR

- Send a copy of the summons and complaint by registered or certified mail addressed to the Civil Process Clerk at the office of the United States Attorney for the Southern District of New York; AND

- Send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.; AND



- If the complaint challenges the validity of an officer or agency of the United States but that officer or agency is not named as a defendant, send a copy of the summons and complaint by registered or certified mail to the officer or agency.

A federal agency, or federal officer sued in her official capacity, must be served by following this procedure:

- Serve the United States in the manner described above AND

- Send a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

A federal officer sued in his individual capacity – for conduct committed in connection with the performance of duties on behalf of the United States – the following procedure must be followed:

- Serve the United States in the manner described above, AND

- Serve the officer or employee personally

## Serving a State or Local Government – Rule 4(j)

- Hand-delivery to the Chief Executive Officer of the government entity being sued.

- The attorney for the Defendant also may be served. For example, if the City of New York is sued, the New York City Law Department may be served with a summons.

## Serving a Foreign Government or a Defendant in a Foreign Country – Rule 4(j) and Rule 4(f)

- Service on a foreign individual or business may be made pursuant to "any internationally agreed means of service." Fed. R. Civ. P. 4(f)(1),

- If the defendant resides in a country that is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, then service by registered mail may be acceptable.[1]

- If mail service is not successful, service on a designated "Central Authority" in the country where the defendant is located may be required.

## Serving a Minor or Incompetent Defendant

- **Serving a Minor (under 14).** The minor's parent, guardian, custodian, or adult spouse must be served personally.

---

[1] A list of signatory countries is widely available on the internet.

- **Serving a Minor (under 18).** If the minor is at least 14 years old, the minor's parent, guardian, custodian, or adult spouse must be served AND the minor also must be served personally. N.Y. Civil Practice Law & Rules § 309(a).

## Service of All Other Documents

**What type of service is required after the summons has been served? Rule 5**

- If the defendant is represented, no service is required for documents filed electronically on the Court's electronic case filing system. The attorney for the defendant will receive the document on ECF.

- For defendants representing themselves, you may serve documents on a defendant either in person or by regular mail.

- Defendant's counsel must provide you with a hard copy of the defendant's submissions, either by regular mail or email, if you did not consent to electronic service.

**Can I email the defendant's attorney my discovery?**

- Only if you and the defendant's attorney agreed to serve discovery by email.