**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Ari Teman,**
 Plaintiff,

v.

 **Nathaniel Z. Marmur, et al.,**
 Defendants.

Case No. 1:25-cv-08220 (LJL)

## LETTER REQUEST FOR INITIAL PRETRIAL CONFERENCE AND RELATED RELIEF

Hon. Lewis J. Liman
 United States District Judge
 Southern District of New York
 500 Pearl Street
 New York, New York 10007

Dear Judge Liman:

Plaintiff Ari Teman respectfully requests that the Court schedule an initial pretrial conference pursuant to Federal Rule of Civil Procedure 16.

All Defendants who have been served have now appeared in this action, including Nathaniel Z. Marmur, Nathaniel Z. Marmur, PLLC, and Defendants represented by Carter Ledyard & Milburn LLP. See ECF Nos. 18, 23. Defendants have also indicated an intent to move to dismiss. See ECF No. 28.

The Court previously scheduled an initial pretrial conference for February 10, 2026 (ECF No. 9), which was subsequently cancelled without a new date being set. See ECF No. 11. In light of the fact that all Defendants have now appeared and the case is procedurally ready, Plaintiff respectfully submits that the matter is now appropriate for the Court to reset the initial pretrial conference.

## 1. Request for Rule 16 Conference and Schedule

Plaintiff respectfully requests that the Court:

1. Schedule an initial pretrial conference;
2. Set a briefing schedule for Defendants' anticipated motion to dismiss; and
3. Enter a case management schedule, including whether discovery should proceed (in whole or in part) during the pendency of any motion.

## 2. Request for Cost-Shifting Under Rule 4(d)

Plaintiff further requests relief under **Federal Rule of Civil Procedure 4(d)(2)**.

Plaintiff provided Defendants with waivers of service. Defendants declined to waive service without good cause, necessitating formal service and incurring unnecessary costs.

Under Rule 4(d)(2), the Court **must impose the expenses of service** on a defendant who fails, without good cause, to sign and return a waiver.

Accordingly, Plaintiff respectfully requests that the Court:

- Order Defendants to reimburse Plaintiff for the costs of service; and
- Set a short schedule for submission of those costs.

## 3. Targeted Discovery Relating to Waiver Refusal and Notice

To the extent any Defendant— including Alan S. Lewis—contends that he did not receive or was not aware of Plaintiff's waiver of service request, Plaintiff respectfully requests that the Court order limited, targeted disclosures sufficient to resolve the Rule 4(d)(2) issue, including:

- Communications concerning this action and service of process;
- Records reflecting transmission and receipt of waiver requests (including email logs or comparable system records); and
- Non-privileged communications reflecting any decision not to waive service.

These materials are directly relevant to whether Defendants had **actual notice of the action and the waiver request**, and whether any refusal to waive service was made **without good cause** within the meaning of Rule 4(d)(2).

This request is narrowly tailored to the cost-shifting issue and avoids broader merits discovery.

## 4. Preservation of Documents

Plaintiff respectfully requests that the Court remind the parties of their obligation to preserve all documents, communications, and electronically stored information relevant to this action, including but not limited to materials relating to the claims and defenses, service of process, and any waiver of service communications.

Plaintiff further requests that the parties take reasonable steps to preserve such information, including email accounts, messaging platforms, and system logs, in accordance with their obligations under applicable law.

Plaintiff respectfully memorializes that he has requested access to his client file from Defendants and related counsel, and that such materials are relevant to the claims and defenses in this action.

Plaintiff requests that all parties ensure that any such client file materials are preserved in full and, to the extent not already produced, that they be produced in electronic form, including via email or a secure shared repository (e.g., Dropbox or Google Drive), in order to facilitate efficient access and avoid unnecessary disputes.

Plaintiff is prepared to meet and confer promptly regarding the format and scope of such production.

Plaintiff is prepared to proceed promptly with discovery and to meet and confer regarding a proposed case management plan consistent with the Court's Individual Rules.

Given that all parties have appeared and the case is procedurally ready, early Court guidance will promote efficiency and avoid unnecessary delay.

Respectfully submitted,

/s /Ari Teman
 Ari Teman
 Plaintiff, Pro Se
ari@teman.com
781-718-3375