**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARI TEMAN,
*Plaintiff, Pro Se,*
v.
ALAN S. LEWIS, NATHANIEL Z. MARMUR,
CARTER LEDYARD & MILBURN LLP, and
THE LAW OFFICES OF NATHANIEL Z. MARMUR, PLLC,
Defendants.

Case No. 25-cv-08220 (LJL)

**PLAINTIFF'S COVER LETTER TRANSMITTING PROPOSED CIVIL CASE
MANAGEMENT PLAN AND SCHEDULING ORDER**

May 12, 2026

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Liman:

### I. Purpose of This Submission

Plaintiff Ari Teman, proceeding pro se, respectfully submits this cover letter in accordance with the Court's Order dated May 7, 2026, directing the parties to file a proposed Civil Case Management Plan and Scheduling Order by one week prior to the Initial Pretrial Conference scheduled for May 20, 2026 at 2:00 p.m. by telephone. Plaintiff transmits four documents herewith and brings to the Court's attention several disputes the parties were unable to resolve through the meet and confer process.

### II. Attachments

The following documents are submitted with this cover letter:

**Attachment 1 — Defendants' Original Proposed Case Management Plan.** The initial draft circulated by Defendants, which included a request to stay all discovery pending resolution of their motions to dismiss, argumentative allegations concerning Plaintiff's alleged "fugitive status," and blank spaces where Plaintiff's proposed dates and positions were to be filled in.

**Attachment 2 — Plaintiff's Proposed Case Management Plan (with Exhibit A).** Plaintiff's complete response, which fills in all proposed scheduling dates anchored to the Initial Pretrial Conference, sets forth Plaintiff's full Section 18 position, and attaches as Exhibit A a screenshot of Defendant Marmur's public profile on The Hendon Mob poker tournament database, submitted as publicly available evidence relevant to how attorney time and client funds were allocated during the representation.

**Attachment 3 — Defendants' Last-Minute Revised Proposal (Carter Ledyard & Milburn, May 12, 2026).** A revised version circulated by counsel for Defendants Lewis and

Carter Ledyard & Milburn on the morning of the filing deadline, copying counsel for Defendant Marmur. This document is submitted so that the Court may observe in full the changes Defendants made, described in Section III below.

**Attachment 4 — Work Product and Metadata Analysis of Turnover Production (Exhibit D).** A detailed forensic analysis of the file turnover produced by Defendants, summarizing the metadata chronology, composition of the production, absence of collaborative drafting between Defendants Lewis and Marmur, and — critically — anomalous metadata patterns in the three principal appellate brief files that raise substantial questions about the preservation and development history of those documents. This analysis is submitted to provide the Court with the factual context necessary to evaluate Plaintiff's position that a discovery stay is unwarranted and that targeted discovery, including into native files and document management system records, should proceed without delay.

### III. Disputes Requiring the Court's Attention

### A. Defendants Introduced the "Fugitive" Issue — Plaintiff Did Not

Defendants introduced the fugitive disentitlement issue into this scheduling submission — Plaintiff did not. Plaintiff responds only to note that the doctrine is inapplicable here: the claims in this case do not arise from the criminal proceedings and cannot affect or be affected by them. Plaintiff respectfully reserves full briefing on this issue for the conference or any motion practice the Court may authorize, and notes only that Defendants' attempt to import this issue into a scheduling order — rather than raise it through proper motion practice — is itself indicative of the litigation posture Plaintiff has encountered throughout this matter.

Plaintiff submits the metadata analysis in Attachment 4 not to expand the scope of this proceeding, but because Defendants have sought to use Plaintiff's alleged status as a basis to stay discovery and avoid scrutiny of their own conduct. The Court should have before it the full picture of what the evidence already shows about the quality and extent of the work performed.

### B. Defendants' Deletion of Plaintiff's Section 18 Position

The Court's form Case Management Plan expressly contemplates that where parties cannot agree, each party sets forth its position in Section 18. Plaintiff submitted a detailed four-subsection position addressing: the inapplicability of fugitive disentitlement; the metadata and work product findings from Defendants' own production; additional context concerning Defendant Marmur's trustworthiness with client funds, including his documented poker tournament activity during the representation period; and Plaintiff's proposed schedule and request for limited early discovery.

Defendants' last-minute revised submission deleted Plaintiff's entire Section 18 position and replaced it with two sentences. Plaintiff submits both versions — Attachment 2 (Plaintiff's) and Attachment 3 (Defendants') — so the Court may observe the full record of each party's position and the nature of the revision.

### C. Misrepresentation Concerning Settlement Discussions

Defendants' revised submission states the parties "have not engaged in settlement discussions." That is inaccurate. On May 11, 2026, Plaintiff transmitted a formal written settlement demand to all Defense counsel. That demand remains open. The accurate statement — which Plaintiff proposed during the meet and confer — is: Plaintiff has made a formal written settlement demand, and further substantive discussion has not yet occurred. Plaintiff has not signed and will not submit any document representing to this Court that no settlement discussions have taken place.

**D. Defendants' Refusal to Stipulate to Insurance Disclosure and Early Production of Billing Records**

During the meet and confer, Defendants refused to stipulate to: (i) prompt production of insurance disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(iv); and (ii) early production of billing records and time entries. No basis was offered for withholding insurance information expressly required by the Federal Rules. Plaintiff respectfully requests that the Court direct the prompt production of both categories at or following the Initial Pretrial Conference.

**E. Potential Spoliation — Anomalous Metadata in Final Brief Files**

Attachment 4 (Exhibit D) identifies a materially significant finding that bears directly on the urgency of targeted discovery: the three principal appellate brief files produced by Defendants — representing the entirety of their produced merits work product — exhibit a distinctive and anomalous metadata pattern.

Specifically, across all three files:

- Creator, LastModifiedBy, and Company fields are blank/null across all three files;
- TotalTime is zero on documents totaling 140 pages;
- The 56-page Appeal Brief v1 shows a 6-minute creation-to-modification window;
- The 19-page POINT I section shows a 3-minute window; and
- Structural fields (timestamps, page count, word count, application version) are populated, while identity fields are uniformly absent.

This pattern is atypical of organically developed litigation drafts and raises substantial questions regarding the preservation and development history of these files. It is consistent with file reconstruction, export or conversion workflows that strip user identity, manual or automated metadata removal, or assembly from recycled content — all of which are identified and analyzed in Attachment 4.

Plaintiff does not assert at this stage which explanation applies. However, this finding independently and urgently supports Plaintiff's position that a discovery stay would be prejudicial. If these files were reconstructed or their metadata sanitized, the working history of the documents may already be at risk. Native files, version histories, autosave records, and document management system logs are not recoverable from the production as constituted. A stay would allow further degradation of evidence that goes to the heart of this case.

Plaintiff respectfully requests that the Court direct the immediate production of native files with complete metadata as part of any discovery order entered at or following the Initial Pretrial Conference.

**F. Discovery Stay**

Defendants seek a blanket stay of all discovery pending resolution of their motions to dismiss. Plaintiff opposes a stay for the reasons set forth in Attachment 2. In brief: the core evidence is already in Defendants' possession; Defendants' own production demonstrates that targeted discovery will not be burdensome; the metadata analysis confirms that the central questions in this case cannot be answered from the production as currently constituted; and — as set forth above — the anomalous metadata pattern in the final brief files creates an independent basis for immediate discovery to prevent further loss of evidence.

**IV. Plaintiff's Proposed Schedule**

Plaintiff proposes that all benchmarks run from the date of the Initial Pretrial Conference. The full proposed schedule is in Attachment 2. A summary follows:

**Motion to amend or join parties:** June 20, 2026

**Rule 26(a)(1) disclosures:** 14 days following the Initial Pretrial Conference

**Initial requests for production:** 14 days following the Initial Pretrial Conference

**Interrogatories:** 30 days following the Initial Pretrial Conference

**Requests to Admit:** 60 days following the Initial Pretrial Conference

**Depositions completed:** 120 days following the Initial Pretrial Conference

**Fact discovery completed:** 120 days following the Initial Pretrial Conference

**Expert discovery completed:** 45 days following completion of fact discovery

**All discovery completed:** 190 days following the Initial Pretrial Conference

**Summary judgment motions:** 14 days following completion of all discovery

## V. Conclusion

Plaintiff respectfully requests that the Court: (1) accept Plaintiff's proposed Case Management Plan (Attachment 2) as the operative scheduling framework; (2) direct prompt production of insurance disclosures, billing records, and native files with complete metadata; (3) decline to impose a blanket discovery stay; and (4) note for the record that Plaintiff has made a formal written settlement demand and that the settlement discussions characterization in Defendants' revised submission is inaccurate. Plaintiff looks forward to addressing these issues at the Initial Pretrial Conference on May 20, 2026.

Respectfully submitted,


s/ Ari Teman

Ari Teman

Plaintiff, Pro Se

New York, New York

May 12, 2026

cc:   Judith Wallace, Esq., Carter Ledyard & Milburn LLP (via ECF)
    Matthew Flanagan, Esq., Marshall Dennehey P.C. (via ECF)