<span style="float:right">Ari Teman &lt;ari@teman.com&gt;</span>

## Case management plan per Judge Liman's order

**Jacobson, Michael G.** &lt;MGJacobson@mdwcg.com&gt;                    Mon, May 11, 2026 at 7:18 PM
To: "Ari B. Teman" &lt;ari@teman.com&gt;
Cc: "Boxer, Jeffrey" &lt;Boxer@clm.com&gt;, "Wallace, Judith" &lt;wallace@clm.com&gt;, "Flanagan, Matthew K."
&lt;MKFlanagan@mdwcg.com&gt;

Good afternoon,

Please find a proposed Case Management Plan and Scheduling Order for your review. I propose that we meet via video-conference today at 4:00 PM- 6:00PM to discuss or tomorrow at 3:30 PM EST. Please advise of your availability. Nothing herein should be construed as an admission or waiver.

Sincerely,



**Michael G. Jacobson**
*Attorney at Law*
Wall Street Plaza, 88 Pine St. 29th Floor, New York, NY 10005
Direct: (212) 376-6425 | Main: (212) 376-6400 | Fax: (212) 376-6490
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MGJacobson@MDWCG.com, or by telephone at (212) 376-6425 and then delete the message and its attachments from your computer.

---

**From:** Ari B. Teman &lt;ari@teman.com&gt;
**Sent:** Thursday, May 7, 2026 10:40 AM
**To:** Boxer, Jeffrey &lt;Boxer@clm.com&gt;; CourtMail@clm.com; MCDocket@clm.com; malaspina@clm.com; Kluender, Samantha T. &lt;STKluender@MDWCG.com&gt;; Jacobson, Michael G. &lt;MGJacobson@MDWCG.com&gt;; Wallace, Judith &lt;wallace@clm.com&gt;; Flanagan, Matthew K. &lt;MKFlanagan@MDWCG.com&gt;
**Subject:** Case management plan per Judge Liman's order

> **WARNING: This email originated outside Marshall Dennehey. BE CAUTIOUS before clicking any link or attachment.**

[Quoted text hidden]

---

 **2026.05.10 LJL Liman Case Management Plan and Scheduling Order_updated 1.20.25 (5)(300141846.1).docx**
25K

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ARI TEMAN,

25-cv-08220 (LJL)

Plaintiff,

v.

NATHANIEL Z. MARMUR, an individual,          Civil Case Management Plan and
NATHANIEL Z. MARMUR, PLLC,                   Scheduling Order
ALAN S. LEWIS, an individual,
CARTER LEDYARD & MILBURN, LLP,

Defendants,

-------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.      All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf]

2.      The parties [have         / have not        ] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3.      The parties [have         / have not        ] engaged in settlement discussions.

4.      Any motion to amend or to join additional parties shall be filed no later than
        .

        • Defendants Propose: May 25, 2026
        • Plaintiff proposes: _____
*[Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.]* Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in

1

Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

**Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5.      Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than                                      . *[Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]*

- Defendants propose:  fourteen <u>(14) days following a decision on their motions to dismiss.</u>
- Plaintiff proposes: _____.

6.      All fact discovery is to be completed no later than                                  . *[A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

- Defendants propose: <u>one-hundred and twenty (120) days following a decision on their motions to dismiss.</u>
- Plaintiff proposes: _____.

7.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

a.      Initial requests for production of documents shall be served by

- Defendants propose:<u> fourteen (14) days following a decision on their motions to dismiss</u>
- Plaintiff proposes: _____.

b.      Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by                           . *[Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.]* No Rule 33.3(a) interrogatories need to be served with

2

respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

- Defendants propose: <u>fourteen (14)days following a decision on their motions to dismiss.</u>
- Plaintiff proposes: _____.

c.  Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

d.  Depositions shall be completed by _____.

- Defendants propose: <u>one hundred and twenty (120) days  following a decision on their motions to dismiss.</u>
- Plaintiff proposes: _____.

e.  Requests to Admit shall be served no later than: _____.

- Defendants propose: <u>fourteen (14)  days  following a decision on their motions to dismiss.</u>
- Plaintiff proposes: _____.

8.  All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by
*[Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.]*

- Defendants propose: forty-five (45) days following the completion of discovery.
- Plaintiff proposes: _____.

-

9.      All discovery shall be completed no later than

      _____

- Defendants propose: <u>one-hundred and ninety (190) days following a decision on their motion to dismiss.</u>
- Plaintiff proposes_____.

10.     The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than _____.

- Defendants propose: _____.
- Plaintiff propose: _____.

11.     *[To be filled in by the Court]* A post-discovery status conference shall be held on: _____ at_____ . By default, this conference is conducted in-person  in Courtroom 15C, 500 Pearl Street.
      A joint letter updating the Court on the status of the case shall be filed on ECF by one  week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

      (1) all existing deadlines, due dates, and/or cut-off dates;

      (2) a brief description of any outstanding motions;

      (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

      (4) the status of settlement discussions;

      (5) the anticipated length of trial and whether the case is to be tried to a jury;

      (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12.     Any motion for summary judgment must be filed no later than_____.
      *[Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.]*

- Defendants propose: <u>fourteen (14) days from the completion of all discovery.</u>
- Plaintiff proposes: _____.

13.      Privileged Materials and Trial Preparation Materials

4

a.    *[If and as applicable]* The parties shall meet and confer with respect to Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than _____.

*[In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production. In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including as appropriate, the use of document-by-document, categorical, or metadata privilege logs.]*

14.    This case [is      / is not      ] to be tried to a jury.

15.    The parties have conferred and their present best estimate of the length of trial is _____.

16.    [*To be completed by the Court*] The trial date is             at          _____. The deadlines for trial motions are as follows:

a.    Motions in Limine

b.    Proposed Voir Dire

c.    Proposed Jury Instructions

Absent adjustment, responses are due one week after the motion is filed.

17.    Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

a.        Immediate referral to a Magistrate Judge for settlement discussions.

b.        Immediate referral to the Southern District's Mediation Program.

c.        Referral to the assigned Magistrate Judge for a settlement conference [during/after] the close of [fact/expert/all] discovery.

d.        Referral to the District's Mediation Program for a settlement conference [during/after] the close of [fact/expert/all] discovery.

e.        Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

18.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

<u>Defendants maintain there are extenuating circumstances, including Plaintiff's fugitive status and his conduct to date, which requires that the parties refrain from discovery other than production of their  client files from their representation of Plaintiff  until the resolution of their motions to dismiss.</u>

_____

Counsel for the Parties:

/s/ _____          /s/ _____          /s/ _____

Plaintiff, *Pro Se*

**MARSHALL DENNEHEY P.C.**

By: Matthew Flanagan

*Attorneys for Defendants NATHANIEL Z. MARMUR and NATHANIEL Z. MARMUR, PLLC*
88 Pine St. 29th Floor
New York, NY 10005
631-232-6130
mkflanagan@mdwcg.com

**CARTER LEDYARD & MILBURN LLP**

By: Judith Wallace

*Attorneys for Defendants  ALAN S. LEWIS, and CARTER LEDYARD & MILBURN, LLP*
28 Liberty Street
New York, New York 10005
212-238-8743
wallace@clm.com

Dated:_____
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge

6