UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ARI TEMAN,

                              Plaintiff,

                   v.

NATHANIEL Z. MARMUR, an individual,
NATHANIEL Z. MARMUR, PLLC,
ALAN S. LEWIS, an individual,
CARTER LEDYARD & MILBURN, LLP,

                           Defendants,

-----------------------------------------------------------X

25-cv-08220 (LJL)

<u>Civil Case Management Plan and
Scheduling Order</u>

LEWIS J. LIMAN, United States District Judge:

      This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.       All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf]

2.       The parties [have     / have not     ] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3.       The parties [have     / have not     ] engaged in settlement discussions.

4.       Any motion to amend or to join additional parties shall be filed no later than .

- Defendants Propose: <u>May 25, 2026</u>
- Plaintiff proposes: June 20, 2026

*[Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.]* Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in

1

Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

**Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5.  Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than                              . *[Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]*

    - Defendants propose:  fourteen (14) days following a decision on their motions to dismiss.
    - Plaintiff proposes: fourteen (14) days following the Initial Pretrial Conference.

6.  All fact discovery is to be completed no later than                              . *[A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    - Defendants propose: one-hundred and twenty (120) days following a decision on their motions to dismiss.
    - Plaintiff proposes: one hundred and twenty (120) days following the Initial Pretrial Conference.

7.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a.  Initial requests for production of documents shall be served by

        - Defendants propose: fourteen (14) days following a decision on their motions to dismiss
        - Plaintiff proposes: fourteen (14) days following the Initial Pretrial Conference.

    b.  Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by                              . *[Absent exceptional circumstances, a date not more than thirty (30) days following the*

2

*initial pretrial conference.]* No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

- Defendants propose: <u>fourteen (14)days following a decision on their motions to dismiss.</u>
- Plaintiff proposes: thirty (30) days following the Initial Pretrial Conference.

c.    Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

d.    Depositions shall be completed by _____.

- Defendants propose: <u>one hundred and twenty (120) days  following a decision on their motions to dismiss.</u>
- Plaintiff proposes: one hundred and twenty (120) days following the Initial Pretrial Conference.

e.    Requests to Admit shall be served no later than: _____.

- Defendants propose: <u>fourteen (14)  days  following a decision on their motions to dismiss.</u>
- Plaintiff proposes: sixty (60) days following the Initial Pretrial Conference.

8.    All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by
*[Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.]*

- Defendants propose: forty-five (45) days following the completion of discovery.
- Plaintiff proposes: forty-five (45) days following the completion of fact discovery.

-

9.    All discovery shall be completed no later than
      _____

- Defendants propose: <u>one-hundred and ninety (190) days following a decision on their motion to dismiss.</u>
- Plaintiff proposes: one hundred and ninety (190) days following the Initial Pretrial Conference.

10.   The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than _____.

- Defendants propose: _____.
- Plaintiff propose: _____.

11.   *[To be filled in by the Court]* A post-discovery status conference shall be held on: _____ at_____ . By default, this conference is conducted in-person  in Courtroom 15C, 500 Pearl Street.
      A joint letter updating the Court on the status of the case shall be filed on ECF by one  week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

      (1) all existing deadlines, due dates, and/or cut-off dates;

      (2) a brief description of any outstanding motions;

      (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

      (4) the status of settlement discussions;

      (5) the anticipated length of trial and whether the case is to be tried to a jury;

      (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12.   Any motion for summary judgment must be filed no later than_____.
      *[Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.]*

- Defendants propose: <u>fourteen (14) days from the completion of all discovery.</u>
- Plaintiff proposes: fourteen (14) days from the completion of all discovery.

13.    Privileged Materials and Trial Preparation Materials

   a.    *[If and as applicable]* The parties shall meet and confer with respect to Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than _____.

   *[In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production. In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including as appropriate, the use of document-by-document, categorical, or metadata privilege logs.]*

14.    This case [is    / is not    ] to be tried to a jury.

15.    The parties have conferred and their present best estimate of the length of trial is _____.

16.    [*To be completed by the Court*] The trial date is        at      ____. The deadlines for trial motions are as follows:

   a.    Motions in Limine

   b.    Proposed Voir Dire

   c.    Proposed Jury Instructions

Absent adjustment, responses are due one week after the motion is filed.

17.    Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

   a.    Immediate referral to a Magistrate Judge for settlement discussions.

   b.    Immediate referral to the Southern District's Mediation Program.

   c.    Referral to the assigned Magistrate Judge for a settlement conference [during/after] the close of [fact/expert/all] discovery.

   d.    Referral to the District's Mediation Program for a settlement conference [during/after] the close of [fact/expert/all] discovery.

   e.    Retention of a private mediator.

   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

18.        Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

Defendants maintain there are extenuating circumstances, including Plaintiff's fugitive status and his conduct to date, which requires that the parties refrain from discovery other than production of their  client files from their representation of Plaintiff  until the resolution of their motions to dismiss.

**A. The Fugitive Disentitlement Argument Has No Place in a Scheduling Order.**

Plaintiff objects to Defendants' insertion of argumentative allegations concerning purported "fugitive status" into a case management scheduling order. Judge Liman has already ruled that fugitive disentitlement does not apply absent a nexus between the alleged fugitivity and the underlying proceeding. These Defendants had no involvement in the criminal matter whatsoever — they were Plaintiff's retained appellate counsel, not parties to or participants in those proceedings. The claims here concern Defendants' own professional conduct and their handling of fees paid to them. Defendants should not be permitted to weaponize an unrelated status allegation to shield themselves from discovery into their own conduct.

Defendants will likely argue that because the underlying appeal concerned the criminal matter in which Plaintiff is alleged to be a fugitive, the representation is somehow tainted by that status. That argument fails for multiple independent reasons. First, Defendants never filed an appeal. Their engagement consisted exclusively of motions for extensions of the briefing deadline — they did not argue before the Second Circuit, did not file a merits brief, did not file any substantive motion, and were terminated and replaced by other counsel before any appellate work was filed. The claims against them arise entirely from what they did and did not do with Plaintiff's $200,000 during that engagement period — a question that is independent of the underlying criminal proceedings. Second, the relevant nexus inquiry concerns whether the plaintiff's fugitivity is frustrating the court's jurisdiction or the defendant's ability to enforce a judgment — neither of which applies here. Plaintiff is the party seeking discovery, not evading it. Defendants are the ones seeking to delay.

**B. The Produced File Itself Demonstrates Why a Discovery Stay Is Unwarranted.**

Defendants accepted approximately $200,000 from Plaintiff and his family for appellate representation. They have now produced the client file. Plaintiff's review of that production — including extracted metadata and native file histories — establishes the following facts, which are drawn entirely from Defendants' own production and go directly to the core claims in this case:

   (i) Of approximately 90 files produced, the overwhelming majority are passive downloads of pre-existing materials — court transcripts, docket filings, and third-party records — not original attorney work product;

   (ii) The metadata confirms that the first substantive trial-transcript review notes were not created until November 29, 2021 — more than three months after Plaintiff's August 2021 retention;

6

(iii) A "Possible Bases for Appeal" memorandum was not created until January 18, 2022; the first merits brief draft was not created until January 28, 2022 — approximately five months into the engagement;

(iv) The final assembled Appeal Brief (dated February 22, 2022) shows a revision count of one — a single save session, created and closed on the same day. Multiple critical sections, including the Ineffective Assistance of Counsel argument, were still being actively drafted within days of the final deadline; and

(v) The production contains no meaningful research memoranda, no annotated record review, and no organized issue-by-issue legal analysis proportionate to a $200,000 criminal appeal engagement. The metadata further reflects significant drafting by junior personnel, with principal attorney review concentrated in a narrow window before withdrawal — a staffing arrangement Plaintiff was never informed of.

These are not allegations — they are facts established by Defendants' own production. They confirm that targeted discovery will not be burdensome because the core evidence is already in Defendants' possession. A stay would be prejudicial: Plaintiff requires access to billing records, time entries, internal communications regarding staffing and work allocation, and complete metadata to fully establish the scope of the deficiencies this production documents.

**C. Additional Context Concerning Defendant Marmur's Trustworthiness with Client Funds.**

Upon information and belief, Plaintiff has not reviewed the relevant proceedings, but understands that Defendant Marmur's former spouse has raised allegations in family court proceedings concerning his handling of funds and his conduct more broadly. Upon information and belief, Defendant Marmur has a known gambling habit and a pattern of conduct reflecting untrustworthiness with money entrusted to him by others. These matters, if substantiated through discovery, would be directly relevant to whether the substantial fees paid by Plaintiff and his family were properly applied to the representation or diverted for personal use — particularly given that the file turnover, as described above, documents little substantive work product generated over many months. Plaintiff does not ask the Court to resolve these questions now. Plaintiff asks only that discovery not be stayed so that the answers can be developed through the ordinary tools the Federal Rules provide.

The Hendon Mob, the largest publicly available live poker tournament database (pokerdb.thehendonmob.com), maintains a profile for Nathaniel Marmur of New York, NY reflecting documented participation in live poker tournaments and total recorded live earnings. That profile is publicly accessible and identifies Defendant Marmur by name and residence. The existence of an active competitive poker profile — maintained on a database tracking nearly one million players across more than 700,000 events — is relevant to understanding how Defendant Marmur was allocating his time and attention during the period of Plaintiff's retention, and whether the fees paid by Plaintiff were being applied to legal work. Plaintiff intends to explore these issues through targeted discovery, including billing records, time entries, trust account records, calendar and travel records, and communications concerning the application of fees received during the engagement period.

As to Defendant Lewis, the record reflects that he sought at least one extension of the appellate briefing deadline citing family travel obligations, including a trip to Disney, as reflected in his written submissions to the Court in the related proceedings. That admission — made to a court — considered alongside the metadata record showing a compressed and inadequate work timeline, raises legitimate questions about whether the representation was being prioritized appropriately during the engagement period for which Plaintiff paid. These are precisely the kinds of questions that targeted discovery into billing records, time entries, and internal communications is designed to answer. They are not resolved by a stay — they are obscured by one.

**D. Plaintiff's Proposed Schedule and Requested Limited Discovery.**

Plaintiff proposes that all scheduling benchmarks run from the date of the Initial Pretrial Conference, not from the resolution of motions to dismiss. Plaintiff respectfully requests that at minimum the following limited categories of discovery proceed immediately, regardless of any pending motion practice: complete client files in native format with metadata; billing records and time entries; communications concerning work performed or not performed; communications concerning staffing, extensions, and withdrawal; and insurance disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv).

8

# EXHIBIT A

## Hendon Mob Public Poker Database — Profile of Nathaniel Marmur

Source: pokerdb.thehendonmob.com/player.php?a=r&n=54123 (last accessed May 11, 2026)



*Defendant Nathaniel Marmur, New York, NY. Total live poker earnings: $42,931. Ranked 2,289th on New York All Time Money List. Profile reflects documented participation in live competitive poker tournaments during and surrounding the period of his retention by Plaintiff (August 2021 – February 2022).*

Counsel for the Parties:

/s/ _____    /s/ _____    /s/ _____

Plaintiff, *Pro Se*

**MARSHALL DENNEHEY P.C.**

By: Matthew Flanagan
*Attorneys for Defendants*
*NATHANIEL Z. MARMUR and*
*NATHANIEL Z. MARMUR, PLLC*
88 Pine St. 29th Floor
New York, NY 10005
631-232-6130
mkflanagan@mdwcg.com

**CARTER LEDYARD & MILBURN LLP**

By: Judith Wallace
*Attorneys for Defendants  ALAN S. LEWIS,*
*and CARTER LEDYARD & MILBURN,*
*LLP*
28 Liberty Street
New York, New York 10005
212-238-8743
wallace@clm.com

Dated:_____
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge