**M** Gmail

Ari Teman <ari@teman.com>

## Teman v. Marmur et al - 25-CV-08220 (LJL)

2 messages

**Wallace, Judith** <Wallace@clm.com>                                    Tue, May 12, 2026 at 6:02 PM
To: "Ari B. Teman" <ari@teman.com>
Cc: "Flanagan, Matthew K." <mkflanagan@mdwcg.com>, "Boxer, Jeffrey" <boxer@clm.com>

Dear Mr. Teman:

Attached is a revised case management plan for your review. We agree on 1-17 and do not agree on 18.

Your proposed additional material to be included in the draft order is not remotely the type of information that the <u>court</u> would ever include in an order, and therefore should not be included in a proposed order.

However, you can include a shortened version of it in the cover letter. Per the court's individual rules at 4.B, we are required to identify our differences and the reasons for them by cover letter submitted simultaneously with the order.

Thus our proposed updated draft (attached) now proposes "The Parties anticipate discussing the legal and factual basis for upcoming motion practice," along with the statement that we could not otherwise reach agreement on this provision.

If you agree, please sign it. If you refuse, let us know.

For the cover letter, the court's rules have a three-page limit, inclusive of all headers, address block, signature. Your proposed addition to #18 is about four pages. Please send a one-page version/section and we can include it in the joint letter.

For this letter, Defendants can share one page, and can take responsibility for submitting both the joint cover letter and joint case management plan.  We would include a statement that all parties reserve all objections to the accuracy and relevance of the other party's submission.

Thanks,



**Judith Wallace, Esq.**
Partner
wallace@clm.com

28 Liberty Street, New York, NY 10005
T: 212.238.8743 / Fax: 212.732.3232 / M: 917.776.6542


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

📄 **Teman v. Marmur and CLM - Case Management Plan - 5.12.26 revision (4922-4048-5802.v2).docx**
34K

---

**Ari B. Teman** <ari@teman.com>                                        Tue, May 12, 2026 at 6:24 PM
To: "Wallace, Judith" <Wallace@clm.com>
Cc: "Flanagan, Matthew K." <mkflanagan@mdwcg.com>, "Boxer, Jeffrey" <boxer@clm.com>

Counsel,

I do not believe that document to be an accurate representation of what we agreed.

This email memorializes the outcome of yesterday's meet and confer.

1. Insurance Disclosure. Defendants refused to stipulate to the prompt production of insurance disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(iv). No reason was provided for withholding information that is expressly mandated by the Federal Rules and directly relevant to the evaluation and potential resolution of this case. Plaintiff intends to raise this refusal with the Court at the Initial Pretrial Conference.

2. Billing Records and Time Entries. Defendants similarly refused to stipulate to early production of billing records and time entries. Given that Defendants' own file production already reflects a pattern of minimal substantive work over an extended engagement period, there is no legitimate basis to delay production of records that go directly to the core claims in this case.

3. Case Management Plan — Settlement Discussions. During the meet and confer, Defendants asked how to characterize the settlement history. Plaintiff's position is that Section 3 should state: Plaintiff has made a formal written settlement demand, and further discussion has not yet occurred. That is an accurate statement of the record. Plaintiff will not sign a document stating that "no" settlement discussions have taken place.

4. Case Management Plan — Defendants' Unauthorized Revisions. Carter Ledyard & Milburn, on behalf of Defendant Lewis and copying Marmur's counsel, transmitted a revised Case Management Plan that (a) deleted Plaintiff's entire substantive Section 18 position, including *the metadata analysis drawn from Defendants' own production*, Plaintiff's response to the fugitive disentitlement argument, and Exhibit A; and (b) left the ADR section unresolved.

Plaintiff will be filing his version of the Case Management Plan. That version retains Plaintiff's full Section 18 position as submitted. It also retains Carter Ledyard's revised submission in full so that Judge Liman may observe the tactic employed — specifically, the attempt to strip Plaintiff's positions from a joint court submission and replace them with a two-sentence placeholder — and draw whatever conclusions the Court deems appropriate.

Plaintiff intends to file his version of the Case Management Plan by 5:00 p.m. Eastern today. If Defendants wish to submit a corrected joint version incorporating the settlement characterization set forth in paragraph 3 above, please respond by 4:30 p.m. Eastern. Absent a timely response, Plaintiff will proceed with his version and note the remaining disputes in the cover letter to the Court.

Ari Teman
Plaintiff, Pro Se


**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence

212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.

Terms apply to each service. Each service is a different entity.

Terms cannot be changed via email or oral agreement.

Statements herein about other companies and individuals

should be taken as opinion and not fact.

[Quoted text hidden]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARI TEMAN,

                                                                        25-cv-08220 (LJL)

                              Plaintiff,

           v.
                                                                        Civil Case Management Plan and
                                                                        Scheduling Order
NATHANIEL Z. MARMUR, an individual,
NATHANIEL Z. MARMUR, PLLC,
ALAN S. LEWIS, an individual,
CARTER LEDYARD & MILBURN, LLP,


                              Defendants,

-----------------------------------------------------------------X



LEWIS J. LIMAN, United States District Judge:

        This Civil Case Management Plan and Scheduling Order is submitted by the parties in
accordance with Federal Rule of Civil Procedure 26(f)(3):

1.      All parties **do not consent** to conducting all further proceedings
        before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).
        The parties are free to withhold consent without adverse substantive consequences. *[If all
        parties consent, the remaining paragraphs need not be completed. Instead, within three
        (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the
        parties shall submit to the Court a fully executed Notice, Consent, and Reference of a
        Civil Action to a Magistrate Judge, available at*
        https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf]

2.      The parties have conferred pursuant to Federal Rule of Civil
        Procedure 26(f).

3.      The parties have not engaged in settlement discussions.

4.      Any motion to amend or to join additional parties shall be filed no later than:
                .

        • Defendants Propose: May 25, 2026
        • Plaintiff proposes: June 20, 2026


1

4922-4048-5802.v2

*[Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.]* Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

**Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5.      Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than                                      . *[Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]*

- Defendants propose:  fourteen (14) days following a decision on their motions to dismiss.
- Plaintiff proposes: fourteen (14) days following the Initial Pretrial Conference.

6.      All fact discovery is to be completed no later than                                      . *[A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

- Defendants propose: one-hundred and twenty (120) days following a decision on their motions to dismiss.
- Plaintiff proposes: one hundred and twenty (120) days following the Initial Pretrial Conference.

7.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

a.      Initial requests for production of documents shall be served by

- Defendants propose: fourteen (14) days following a decision on their motions to dismiss
- Plaintiff proposes: fourteen (14) days following the Initial Pretrial Conference.

2

b.        Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by _____. *[Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.]* No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

- Defendants propose: <u>fourteen (14)days following a decision on their motions to dismiss.</u>
- Plaintiff proposes: thirty (30) days following the Initial Pretrial Conference.

c.        Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

d.        Depositions shall be completed by _____.

- Defendants propose: <u>one hundred and twenty (120) days  following a decision on their motions to dismiss.</u>
- Plaintiff proposes: one hundred and twenty (120) days following the Initial Pretrial Conference.

e.        Requests to Admit shall be served no later than: _____.

- Defendants propose: <u>fourteen (14)  days  following a decision on their motions to dismiss.</u>
- Plaintiff proposes: sixty (60) days following the Initial Pretrial Conference.

8.        All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by _____ *[Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.]*

- Defendants propose: forty-five (45) days following the completion of discovery.
- Plaintiff proposes: forty-five (45) days following the completion of fact discovery.

- 

3

9.      All discovery shall be completed no later than

                              _____

- Defendants propose: <u>one-hundred and ninety (190) days following a decision on their motion to dismiss.</u>
- Plaintiff proposes: one hundred and ninety (190) days following the Initial Pretrial Conference.

10.     The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than _____.

- Defendants propose: _____.
- Plaintiff propose: _____.

11.     *[To be filled in by the Court]* A post-discovery status conference shall be held on: _____ at_____ . By default, this conference is conducted in-person  in Courtroom 15C, 500 Pearl Street.
        A joint letter updating the Court on the status of the case shall be filed on ECF by one  week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

        (1) all existing deadlines, due dates, and/or cut-off dates;

        (2) a brief description of any outstanding motions;

        (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

        (4) the status of settlement discussions;

        (5) the anticipated length of trial and whether the case is to be tried to a jury;

        (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12.     Any motion for summary judgment must be filed no later than_____.
        *[Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.]*

- Defendants propose: <u>fourteen (14) days from the completion of all discovery.</u>
- Plaintiff proposes: fourteen (14) days from the completion of all discovery.

4

13.      Privileged Materials and Trial Preparation Materials

      a.   *[If and as applicable]* The parties shall meet and confer with respect to Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than _____.

      *[In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production. In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including as appropriate, the use of document-by-document, categorical, or metadata privilege logs.]*

14.    This case [is     / is not    ] to be tried to a jury.

15.    The parties have conferred and their present best estimate of the length of trial is _____.

16.    [*To be completed by the Court*] The trial date is      at     ____. The deadlines for trial motions are as follows:

      a.   Motions in Limine

      b.   Proposed Voir Dire

      c.   Proposed Jury Instructions

Absent adjustment, responses are due one week after the motion is filed.

17.    Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

      a.   Immediate referral to a Magistrate Judge for settlement discussions.

      b.   Immediate referral to the Southern District's Mediation Program.

      c.   Referral to the assigned Magistrate Judge for a settlement conference [during/after] the close of [fact/expert/all] discovery.

      d.   Referral to the District's Mediation Program for a settlement conference [during/after] the close of [fact/expert/all] discovery.

      e.   Retention of a private mediator.

5

4922-4048-5802.v2

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

The Parties anticipate discussing the legal and factual basis for upcoming motion practice.

Otherwise, the Parties are not able to reach agreement on this section and will submit alternative proposals in the joint cover letter, as authorized by the Court's Individual Practices in Civil Cases at 4.B.

Counsel for the Parties:


/s/ _____     /s/ _____

Plaintiff, *Pro Se*                    **MARSHALL DENNEHEY P.C.**

                                       By: Matthew Flanagan
                                       *Attorneys for Defendants*
                                       *NATHANIEL Z. MARMUR and*
                                       *NATHANIEL Z. MARMUR, PLLC*
                                       88 Pine St. 29th Floor
                                       New York, NY 10005
                                       631-232-6130
                                       mkflanagan@mdwcg.com


                                       /s/

                                       _____

                                       **CARTER LEDYARD &**
                                       **MILBURN LLP**
                                       By: Judith Wallace

                                       *Attorneys for Defendants  ALAN S.*
                                       *LEWIS, and CARTER LEDYARD &*
                                       *MILBURN, LLP*
                                       28 Liberty Street
                                       New York, New York 10005
                                       212-238-8743
                                       wallace@clm.com


Dated:_____
New York, New York

                                       _____
                                       LEWIS J. LIMAN
                                       United States District Judge


6

4922-4048-5802.v2

7

4922-4048-5802.v2