# CARTER LEDYARD MILBURN

**Judith Wallace**
Partner
wallace@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8743

May 13, 2026

The Court will hear from the parties regarding the timing of the proposed motion to dismiss and the request for a stay of discovery at the initial pretrial conference. No further submissions with respect to the stay of discovery will be entertained absent good cause.

May 13, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**VIA ECF**
Hon. Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY  10007

Re:   *Ari Teman v. Marmur et al.,* Case No.:  25-CV-08220 (LJL)

Dear Judge Liman:

This firm represents defendants Carter Ledyard & Milburn LLP and Alan Lewis. Marshall Dennehey P.C. represents defendants Nathaniel Z. Marmur PLLC and Nathaniel Z. Marmur (collectively, "Defendants").

In response to Plaintiff's unilateral filing of a Civil Case Management Plan and Scheduling Order ("Plan"), Defendants jointly submit this letter, pursuant to the Court's Individual Practice 4.B, to explain the issues on which the Parties could not reach agreement in a meet and confer held by Teams at 4 pm on May 11, or email exchanges before and afterward.

## Proposed Draft Order and Differences Between the Parties

The principal dispute with Plaintiff is whether a discovery stay is warranted during the pendency of Defendants' motions to dismiss.

Defendants agreed to the statement of our respective positions other than ¶18 (other issues to be addressed at the conference) in all three versions of the Plan submitted by Plaintiff on May 12 via the *pro se* office. Defendants objected to Plaintiff's proposed inclusion of four pages of factual and legal arguments in ¶18 of the Plan, plus attachments, multiple versions, and correspondence.

## Proposed Motion to Stay Discovery

There is good cause for a stay of discovery because:

- Defendants' motions to dismiss will set forth multiple strong grounds for dismissal of all claims as a matter of law, rendering fact discovery unnecessary.

- There is no prejudice to Plaintiff, who waited more than three years to file his action, He has received CLM's client file and he will soon have the Marmur PLLC client file.

4901-0035-6266.v3

# CARTER LEDYARD MILBURN

-2-

- It is prejudicial to Defendants, the courts and third parties to bear the burden of interactions with Plaintiff that will soon be rendered moot, and multiplying frivolous claims by Plaintiff. For example, Plaintiff noted while demanding insurance information that he had filed a RICO complaint against carriers in another of his malpractice actions. *See Teman v. MedPro Group Inc.* Case No. 1:26-cv-03517 (S.D.N.Y. 2026) [Dkt. No. 1].

## **Proposed Motion to Dismiss**

Defendants plan to file motions to dismiss including, but not limited to, the following grounds, to fully resolve the complaint without the need for discovery:

- Plaintiff cannot state a claim for malpractice due to the intervening act of another firm's representation of him on his appeal, and the substitution is a matter of public record. It is black letter law that this severs the chain of causation. *See, e.g., Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP,* 2013 WL 3357921, at *6 (S.D.N.Y. July 2, 2013), *aff'd*, 552 F. App'x 79 (2d Cir. 2014) (collecting authority).

- Pursuant to CPLR 214(6), the three-year statute of limitations for his legal malpractice claim expired on February 22, 2025, three years after Plaintiff terminated and replaced CLM and Marmur PLLC. His claims for conversion, intentional infliction of emotional distress and breach of fiduciary duty are also time-barred and his incarceration, confinement and illness do not toll the statute of limitations.

- Plaintiff's fraud claims lack particularity; his non-malpractice claims are redundant of negligence and thus duplicative of malpractice claims, and the engagement letter does not promise a specific result. *See Teman v. Zeldes Needle Cooper LLP*, 2025 U.S. Dist. LEXIS 269005 (S.D.N.Y. Dec. 31, 2025).

- Plaintiff does not allege malpractice or recoverable damages.  That is because in February 2022, CLM and Marmur PLLC provided him with a 53-page near-complete brief.  Plaintiff and new counsel kept most of what CLM and Marmur PLLC drafted, and mainly added unsuccessful misconduct claims against the judge and prosecutors.

- Plaintiff's claims should also be dismissed under the fugitive entitlement doctrine, and because he failed to effect timely service on CLM and Mr. Lewis under FRCP 4(m).

This summary in view of space limitations is nonexclusive and without prejudice.

## **Form and Timing of Motions**

For the stay motion, Defendants are agreeable to letter briefs or full briefing on the motion to stay, either staggered or aligned with the motion to dismiss.

Since Plaintiff has stated his intent to amend his Complaint, motion to dismiss briefing should follow any permitted amendment.

Respectfully submitted,

Judith Wallace

4901-0035-6266.v3