UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

Ari Teman,                               :

                    Plaintiff,       :       Case No. 25-cv-08220 (LJL)

                                 :

        - against –             : **DECLARATION OF ALAN S.**

                                 : **LEWIS IN SUPPORT OF**

Nathaniel Z. Marmur, Nathaniel Z. Marmur,   : **DEFENDANTS ALAN S. LEWIS**

PLLC, Alan S. Lewis, Carter Ledyard &      : **AND CARTER LEDYARD &**

Milburn LLP, Alexandra Shapiro and Shapiro  : **MILBURN LLP'S MOTION TO**

Arato Bach LLP,                             : **DISMISS THE AMENDED**

                    Defendants.    : **COMPLAINT**

                                 :

--------------------------------------------------------------- x

        **Alan S. Lewis**, an attorney admitted to practice in the United States District Court for the Southern District of New York, hereby declare as follows:

        1.       I am a partner at Carter Ledyard & Milburn LLP ("CLM") and a named Defendant in the above-captioned action (the "Action"). I submit this declaration in support of Defendants Alan Lewis and Carter Ledyard & Milburn LLP's Motion to Dismiss the Amended Complaint.

        2.       I make this declaration based on my personal knowledge, including my prior representation, together with co-Defendant Nathaniel Z. Marmur ("Mr. Marmur"), of Plaintiff Ari Teman ("Teman") in the matter of *United States v. Teman*, No. 21-1920 (2d Cir.) (the "Second Circuit Appeal"), which forms the basis of Teman's claims in this Action.

        3.       On August 30, 2021, Mr. Marmur and I were jointly retained by Teman to represent him in connection with his appeal of his criminal conviction to the United States Court of Appeals for the Second Circuit. The engagement letter provided for a flat fee of $200,000, to be shared equally between CLM and Mr. Marmur's firm, and stated that we may involve other attorneys or support staff with relevant expertise as needed. The engagement letter was countersigned by Teman and disclaimed any promise or guarantee of the outcome of the appeal. A true and correct

4910-9468-3776.v6

of the engagement letter is attached hereto as **Exhibit A**.

4.      During the course of the engagement, we worked with Teman on the preparation of his appellate brief.  On February 16, 2022—more than a week before the filing deadline—we provided Teman with a substantially complete 53-page draft of the appellate brief, and we invited his feedback.  A true and correct copy of that draft brief sent to Teman is annexed as **Exhibit B**.

5.      On February 19, 2022, five days before the Second Circuit's filing deadline, Teman sent an email to me, terminating our representation and directing us to move to withdraw as his counsel.  A true and correct copy of the email is attached hereto as **Exhibit C**.

6.      On February 22, 2022, the Second Circuit granted the unopposed motion of CLM and Marmur to be relieved as counsel and terminated Alan Lewis and Nathaniel Z. Marmur as counsel to Teman.  *See* Case No. 21-1920, Dkt. 52, 53, Feb. 22, 2022.  A true and correct copy of the motion and order are attached hereto as **Exhibit D and E**.

7.      Also on February 22, 2022, Teman sought an extension of time to file his appellate brief to allow him to retain new counsel (*Id.*, at Dkt. 54, 56), which motion was granted on February 24, 2022 (*Id.*, at Dkt. 61).  New counsel for Teman appeared on April 14, 2022 (Dkt. 62-69).  A true and correct copy of all the relevant docket entries is attached hereto as **Exhibit F**.

8.      Teman subsequently sent a letter dated March 1, 2022 demanding the return of the $200,000 retainer and demanded an additional $200,000 "compensation".  A true and correct copy is attached hereto as **Exhibit G**.

9.      I responded to Teman's demand letter on March 3, 2022, rejecting his demands.  A true and correct copy of the response is attached hereto as **Exhibit H**.

10.     On May 25, 2022, Teman, through his new counsel, filed a brief in the Second Circuit Court of Appeals.  A true and correct copy of the brief is annexed as **Exhibit I**.

2

4910-9468-3776.v6

11.     According to the UPS web site, 1521 Alton Road is a United Parcel Service location in Blockbuster Plaza in Miami, Florida. *See* https://locations.theupsstore.com/fl/miami-beach/1521-alton-rd. A true and correct copy of the web page is at **Exhibit J**. According to Google Maps, 1521 Alton Road is a strip mall. *See* **Exhibit K**.

12.     CLM has not been served with the Complaint. While the Proof of Service filed by Teman on February 15, 2026 states that Ingrid Lopez accepted service for CLM on the 41st Floor, there is no Ingrid Lopez employed by CLM. Ingrid Lopez appears to be an employee of CT Corporation, which is located on the 42nd Floor of 28 Liberty Street. A true and correct copy of a proof of service filed in another matter, annexed hereto as **Exhibit L**, states that Ingrid Lopez is an Intake Specialist at CT Corporation. CT Corporation is not an authorized agent for service of process for CLM or for me.

13.     Teman's February 27, 2026 letter clarifying the record regarding service [Dkt. 27] states that Angelo Brown accepted service for CLM on the 41st Floor of 28 Liberty Street. There is no Angelo Brown employed by CLM. The proof of service filed in another matter, annexed hereto as **Exhibit M**, shows that Angelo Brown is an Intake Specialist at CT Corporation. As stated above, CT Corporation is located on the 42nd Floor of 28 Liberty Street and is not an authorized agent for service of process for CLM or for me.

14.     The Parties agreed to page limits of 30 pages for moving and opposing briefs and 10 pages for reply.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 29, 2026

_____
Alan S. Lewis

3

4910-9468-3776.v6