UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

Ari Teman, :

:     Case No. 25-cv-08220

           Plaintiff, :

:

     - against – :     **<u>ORAL ARGUMENT REQUESTED</u>**

:

Nathaniel Z. Marmur, Nathaniel Z. Marmur, :
PLLC, Alan S. Lewis, Carter Ledyard & :
Milburn LLP, Alexandra Shapiro and Shapiro :
Arato Bach LLP, :

:

           Defendants.

------------------------------------------------------------ x

---

## MEMORANDUM OF LAW IN SUPPORT OF NATHANIEL Z MARMUR'S AND NATHANIEL Z. MARMUR PLLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

**MARSHALL DENNEHEY**
Matthew K. Flanagan
Michael G. Jacobson
Attorneys for Defendants
***Nathaniel Z. Marmur and Marmur Law
PLLC***
Wall Street Plaza, 88 Pine Street, 29th Floor
New York, New York 10005
Telephone: (212) 376-6400
Fax: (212) 376-6490

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ................................................................................................ 1

**PRELIMINARY STATEMENT** ............................................................................................ 4

**STATEMENT OF FACTS** .................................................................................................... 5

**LEGAL STANDARD** ........................................................................................................... 7

**ARGUMENT** ...................................................................................................................... 10

I.    BECAUSE PLAINTIFF'S ALLEGATIONS RELATE TO THE ADEQUACY OF REPRESENTATION IN A CRIMINAL PROCEEDING AND HE DOES NOT ALLEGE ACTUAL INNOCENCE, HIS CLAIMS AGAINST HIS FORMER ATTORNEYS SHOULD BE DISMISSED. ................................................................................... 10

II.    BECAUSE PLAINTIFF'S FIRST CLAIM FOR FRAUDULENT INDUCEMENT IS DUPLICATIVE OF LEGAL MALPRACTICE AND BASED ON FUTURE ACTIONS OR CONDUCT, IT MUST BE DISMISSED. ..................................................... 12

    *A.    Plaintiff's claim for fraudulent inducement is duplicative of legal malpractice, as it is premised on the same facts and does not allege distinct damages from his legal malpractice claim.* ........................................................................................... 12

    *B.    Mere non-performance of a contract and promissory statements do not give rise to a cause of action for fraud.* .................................................................................... 13

III.    PLAINTIFF'S SECOND CLAIM, WHICH ALLEGES FRAUD DURING THE REPRESENTATION, IS DUPLICATIVE OF HIS LEGAL MALPRACTICE CLAIM AND ALSO FAILS TO STATE A CAUSE OF ACTION. ................................................... 15

    *A.    Plaintiff's fraud claim is premised on the same actions and damages giving rise to his malpractice claim and fails to state a claim.* ................................................. 15

IV.    PLAINTIFF'S THIRD CLAIM FOR POST-TERMINATION FRAUD IS DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM AND FAILS TO STATE A CLAIM ............................................................................................................... 17

V.    PLAINTIFF'S FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT IS DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM AND FAILS TO STATE A CAUSE OF ACTION. ............................................................................................ 17

VI.    PLAINTIFF'S SIXTH CLAIM, FOR UNJUST ENRICHMENT, SHOULD ALSO BE DISMISSED AS DUPLICATIVE OF HIS LEGAL MALPRACTICE CLAIM. ........ 17

i

**VII.    PLAINTIFF'S EIGHTH CLAIM — ALLEGING A VIOLATION OF JUDICIARY LAW § 487— MUST ALSO BE DISMISSED, AS THE STATUTE DOES NOT APPLY TO ACTIONS OUTSIDE OF NEW YORK STATE COURT, AND FAILS TO ALLEGE FACTS WITH THE REQUISITE PARTICULARITY** ............................... 18

**VIII.    PLAINTIFF'S NINTH CAUSE OF ACTION, FOR "FRAUD AND FRAUDULENT CONCEALMENT- UNDISCLOSED FINANCIAL CONFLICT," FAILS TO STATE A CLAIM.**.................................................................................... 19

**IX.    BECAUSE PLAINTIFF HAS A REMEDY AT LAW, HIS CLAIM FOR EQUITABLE ACCOUNTING SHOULD BE DISMISSED.** ............................................... 21

**X.    PLAINTIFF'S TWELFTH CAUSE OF ACTION, FOR CONVERSION, IS TIME BARRED AND FAILS TO STATE A CLAIM.** .................................................................... 22

**XI.    PLAINTIFF'S CAUSES OF ACTION RELATING TO THE PRODUCTION OF A CLIENT FILE ARE PREMISED ON THE RULES OF PROFESSIONAL CONDUCT, WHICH DO NOT GIVE RISE TO A PRIVATE TORT ACTION,  AND  IMPROPERLY SEEK TO CIRCUMVENT A COURT ORDER STAYING DISCOVERY BY REPACKAGING DISCOVERY MATTERS AS TORT CLAIMS.** .................................... 23

    *A.    Because a violation of the Rules of Professional Conduct does not give rise to a private cause of action in court, plaintiff's fourth cause of action for breach of fiduciary duty should  be dismissed.*.................................................................................... 23

    *B.    Plaintiff may not circumvent the Court's stay of discovery by asserting additional claims  to obtain a client file in specified formats.* ............................................. 24

**XII.    PLAINTIFF'S CLAIM OF LEGAL MALPRACTICE IS TIME BARRED.**........ 25

**XIII.    PLAINTIFF'S ACTION SHOULD BE DISMISSED PURSUANT TO THE FUGITIVE DISENTITLEMENT DOCTRINE**.................................................................. 25

CONCLUSION................................................................................................................ 27

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Abujudeh v. Smith* , U.S. Dist. LEXIS 183323, at *17, 2025 WL 2675877 (S.D.N.Y. Sep. 18, 2025) .......................................................................................................................... 7, 10

*Acker v. Wilger*, 2014 U.S. Dist. LEXIS 3322, at *16-17 (S.D.N.Y. Jan. 10, 2014) ................... 13

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 582 (2d Cir. 2005)...................... 17

*Ahmad Mohammad Ajaj v. Mackechnie*, 2008 U.S. Dist. LEXIS 60975, at *16 (S.D.N.Y. Aug. 4, 2008) ........................................................................................................................................... 7

*Amusement Indus. v. Buchanan Ingersoll & Rooney, P.C.*, 2012 U.S. Dist. LEXIS 50527, at *19 (S.D.N.Y. Apr. 10, 2012) ........................................................................................................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...................................................................................... 5

*Baliga v. Link Motion Inc.*, No. 18-CV-11642 (VM) (VF), 2023 U.S. Dist. LEXIS 107637, at *8 (S.D.N.Y. June 21, 2023) ...................................................................................................... 17

*Bell A. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ......................................................................... 5

*Blanton v. Educ. Affiliates, Inc.*, No. 21-1221-cv, 2022 U.S. App. LEXIS 12817, at *11 (2d Cir. May 12, 2022) .........................................................................................................................11

*Bottone v. Roche*, 2024 WL 869552, at *6 (S.D.N.Y. Feb. 28, 2024)............................................... 15

*Brake v. Slochowsky & Slochowsky, LLP*, 504 F. Supp. 3d 103, 116 (E.D.N.Y. 2020)............... 16

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)........ 12

*Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 449, (2000) ................................................................ 7

*Brown v. Lockwood*, 76 A.D.2d 721 (2d Dept. 1980) .......................................................................11

*Bryant v. Silverman*, 284 F. Supp. 3d 458, 469 (S.D.N.Y. 2018)................................................... 16

*Carmel v. Lunney*, 70 N.Y.2d 169, 173 (1987) ................................................................................ 7

*CBI Capital LLC v. Mullen*, 2020 U.S. Dist. LEXIS 125943, at *18 (S.D.N.Y. July 16, 2020) .. 19

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987) ....................................... 15

*Conklin v. Owen*,  72 A.D.3d 1006, 1007 (2d Dept. 2010) ............................................................. 13

*Degen v. United States,* 517 U.S. 820, 823 (1996)).......................................................................... 22

*Delaney v. HC2, Inc.*, 761 F. Supp. 3d 641, 663  (S.D.N.Y. 2025)................................................. 16

*Doscher v. Meyer*, 112 N.Y.S.3d 237, 240 (2d Dep't 2019)............................................................ 20

*Farage v. Ehrenberg*, 124 A.D.3d 159, 169 (2d Dept.  2014).......................................................... 9

*Fromowitz v. W. Park Assocs., Inc.*, 106 A.D.3d 950, 951 (2d Dept. 2013) ............................... 12

*Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc.*, 333 F. Supp. 3d 307, 315 (S.D.N.&. 2018) ....................................................................................................................................... 19

*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ... 5

*Hiciano ex rel. M.O.G.H. v. Comm'r of the SSA.*, No. 24-CV-6693 (HJR), 2025 LX 250072, at *3 (S.D.N.Y. Mar. 20, 2025) ................................................................................................. 6

*Hunt v. Enzo Biochem, Inc.,* 530 F. Supp. 2d 580, 592 (S.D.N.Y. 2008)................................ 13, 17

*International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc* ................................. 5

*Jacobson v. Seddio*, 208 N.Y.S.3d 36, 38 (2d Dept. 2024) .......................................................... 20

*Jang Ho Choi v. Beautri Realty Corp.*, 135 A.D.3d 451 (1st Dep't 2016).................................. 22

*Jean v. Chinitz*,  163 A.D.3d 497 (1st Dept. 2018)........................................................................ 16

*Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59, 68 (1st Dept. 2015) ........................................ 9

*Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at \*2 (E.D.N.Y. June 18, 2013).............. 5

*Kallman v. Krupnick*, 891 N.Y.S.2d 490, 493 (3d Dept. 2009) ...................................................... 20

*Koziar v. Blammo*, Ltd., 759 F. Supp. 3d 543, 552 (S.D.N.Y. 2024) (citing *Hunt,* 530 F. Supp. 2d at 592) .............................................................................................................................. 13

*Koziar*, 759 F. Supp. 3d 543, 552 (S.D.N.Y. 2024)...................................................................... 17

*Lane v. McCallion*, 166 A.D.2d 688, 690 (2d Dept. 1990) ...........................................................11

*Lemon v. Hollinger*, 2017 U.S. Dist. LEXIS 208859, at \*5 (S.D.N.Y. Dec. 19, 2017) .............. 10

*Lewis v. Synchrony*, No. 21-cv-9131 (NSR), 2025 U.S. Dist. LEXIS 213992, at \*13-14 (S.D.N.Y. Oct. 28, 2025) ................................................................................................... 17

*MacCartney v. O'Dell,*  2016 U.S. Dist. LEXIS 24608, 2016 WL 815279, at \*7 (S.D.N.Y. 2016) ......................................................................................................................................... 14

*McCoy v. Feinman*, 99 N.Y.2d 295 (2002)................................................................................... 21

Memorandum and Order, dated June 9, 2026, of Hon. Lewis J. Liman....................................... 23

*Meskunas v. Auerbach*, No. 17 CV 9129 (VB), 2019 U.S. Dist. LEXIS 26531, at \*9 (S.D.N.Y. Feb. 19, 2019) ................................................................................................................... 9

*Meskunas*, 2019 U.S. Dist. LEXIS 26531, at \*9......................................................................... 9, 19

*Metro. Bank & Tr. Co. v. Lopez*, 189 A.D.3d 443, 446 (1st Dept.  2020) ...................................... 18

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 43 F. Supp. 3d 309, 317 (S.D.N.Y. 2014) ................................................................................................................................... 15

*Michael Davis Constr. v. 129 Parsonage Lane*, 194 A.D.3d 805, 807 (2d Dept. 2021).........11, 12

*Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 516 (S.D.N.Y. 2016) ............................................. 6

*Mushahada Int'l USA, Inc. v. Access Point, Inc.*, No. 04 CV 5270 (ARR), 2005 U.S. Dist. LEXIS 49608, at \*13 (E.D.N.Y. June 15, 2005).....................................................................11

*Ofman v. Richland*, 234 A.D.3d 865, 867 (2d Dept. 2025) ......................................................... 18

*Ortega-Rodriguez v. United States,* 507 U.S. 234, 239, 113 S. Ct. 1199, 122 L. Ed. 2d 581 (1993) ......................................................................................................................................... 22

*Pacesetter Commc'ns v. Solin & Breindel, P.C.* , 150 A.D.2d 232, (1st Dept.  1989) .................. 14

*Park v. Newman*, No. 24-CV-4770 (PKC) (CHK), 2026 U.S. Dist. LEXIS 68210, at \*11 (E.D.N.Y. Mar. 30, 2026)................................................................................................... 20

*Perkins v. Am. Transit Ins. Co.*, 2013 U.S. Dist. LEXIS 6703, at \*31 (S.D.N.Y. Jan. 14, 2013) 22

*Poppington, LLC v. Brooks*, No. 20-cv-8616 (JSR), 2021 U.S. Dist. LEXIS 181131, at \*4 (S.D.N.Y. Sep. 22, 2021) ................................................................................................... 19

*Ray v. Watnick*, 182 F. Supp. 3d 23, 28 (S.D.N.Y. 2016) .............................................................. 15

*Rhee-Karn v. Lask*, 2018 LX 96413, at \*37-38 (S.D.N.Y. Sep. 30, 2018) .................................. 14

*Roy v. Law Offices of B. Alan Seidler, P.C.*, 284 F. Supp. 3d 454, 457 (S.D.N.Y. 2018).............. 14

*Sandoz Inc. v. Medwiz Sols., LLC*, No. 20-CV-6943 (NSR), 2022 U.S. Dist. LEXIS 7211, at \*14 (S.D.N.Y. Jan. 12, 2022).................................................................................................... 10

*Shad v. Zachter PLLC*, 2024 WL 2020794, at \*6 (S.D.N.Y. Mar. 7, 2024) ............................... 15

*Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009); *Tracy v. Freshwater*, 623 F.3d 90, 92-93 (2d Cir. 2010)........................................................................................................................ 6

*Smith v. Morgenthau*, 2001 U.S. Dist. LEXIS 15690, at \*9 (S.D.N.Y. June 8, 2001).................... 7

*Sorokin v. New York Cnty. Dist. Atty.'s Off.*, 535 F. App'x 3, 7 (2d Cir. 2013)........................... 23

*South Cherry St., LLC v. Hennesse Grp. LLC*, 573 3d 98, 110 (2d Cir. 2009) ............................. 5

*Swiatkowski v. Citibank*, 745 F.Supp.2d 150, 162 (E.D.N.Y. 2010)............................................. 5

*Teman v. MedPro Group Inc.*, No. 1:26-cv-03517(S.D.N.Y. April 27, 2026)........................ 6, 23

*Teman v. Quainton*, No. 1:26-cv-03083 (S.D.N.Y. April 15, 2026) ........................................... 6

*Teman v. United States*, No. 21-1920 .............................................................................................. 1

*Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-09830 (LJL), 2025 U.S. Dist. LEXIS 269005 at
     *9 (S.D.N.Y. Dec. 31, 2025)..................................................................................... 6, 23

*Thompson v. Metro. Transp. Auth.,* 112 A.D.3d 912, 914 (2013) ............................................... 22

*Towne v. Kingsley*, 163 A.D.3d 1309, 1311 (3d Dept.. 2018) ..................................................... 17

*Travelex Currency Servs., Inc. v. Puente Enterprises*, *Inc.* , 449 F. Supp. 3d 385, 395 (S.D.N.Y.
     2020) ........................................................................................................................... 6

*Twelve Sixty LLC v. Extreme Music Library Ltd.,* No. 17-cv-1479 (PAC), 2018 U.S. Dist. LEXIS
     7026, at *18 (S.D.N.Y. Jan. 9, 2018) ...................................................................... 19

*United States v. Awadalla,* 357 F.3d 243, 246 (2d Cir. 2004) ................................................... 23

*Untied States v. Teman*, No. 24-345-cr, 2025 U.S. App. LEXIS 34998 (2d Cir., Oct. 30, 2025) 22

*Vekaria v. Mthree Corp. Consulting,* Ltd., 2024 U.S. Dist. LEXIS 175416, at *29-30 (S.D.N.Y.
     Sep. 27, 2024) ...........................................................................................................11

*Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 43, (1995) .... 19

*Vinci Brands LLC v. Coach Servs.*, 2025 U.S. Dist. LEXIS 191512, at *32 (S.D.N.Y. Sep. 29,
     2025) ......................................................................................................................... 17

*Wahid v. New York City Dep't of Fin.*, 204 A.D.3d 559 (2022) ................................................. 22

*White of Lake George Inc. v. Bell*, 251 A.D.2d 777 (3d Dept. 1998)........................................... 13

*Wynder v. Goltzer*, No. 1:24-cv-7925-GHW, 2025 U.S. Dist. LEXIS 149640, at  *10-11, n. 6
     (S.D.N.Y. Aug. 3, 2025) ............................................................................................ 8

*Yoomi Babytech, Inc. v. Anvyl, Inc.*, 2021 U.S. Dist. LEXIS 181125, at *35 (S.D.N.Y. Sep. 22,
     2021) ......................................................................................................................... 6

*Zappin v. Supple*, 2021 U.S. Dist. LEXIS 262828, at *10 (S.D.N.Y. Oct. 7, 2021) ..................... 14

## Statutes

18 U.S.C. § 1343.......................................................................................................................... 1
18 U.S.C. § 1344.......................................................................................................................... 1

## Rules

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 1,4,5
CPLR 208…………………………………………………………………………………….22
CPLR  214(6)……………………………………………………………………………...9,22

## PRELIMINARY STATEMENT

Defendants Nathaniel Z. Marmur and Nathaniel Z. Marmur, PLLC (hereinafter, collectively, "Marmur") submit this Memorandum of Law in support of their motion to dismiss the Amended Complaint (hereinafter "First Amended Complaint" or "FAC") [Dkt. No. 36] of Plaintiff Ari Teman ("Plaintiff" or "Teman") pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure, based upon the expiration of the statute of limitations and for failure to state a claim upon which relief can be granted. The instant action arises in connection with Teman's appeal of a judgment entered July 21, 2021, following his conviction on two counts of bank fraud (18 U.S.C. § 1344) and wire fraud (18 U.S.C. § 1343). *See Teman v. United States*, No. 21-1920, Dkt. No. 150-1.

As a threshold issue, New York prohibits a criminal defendant from maintaining a cause of action against his or her former attorney in actions involving the adequacy of representation while a determination of guilt remains undisturbed. Here, Plaintiff's claims against Marmur are rooted in Plaintiff's alleged dissatisfaction with the appellate brief authored by Marmur and Lewis. Plaintiff's conviction remains undisturbed, and he does not allege actual innocence. Accordingly, Plaintiff's First Amended Complaint should be dismissed on this basis alone. Even assuming that Plaintiff's instant claims could survive New York's actual innocence standard (which they cannot), his claims are duplicative of his legal malpractice claim or otherwise fail to state a claim. *See* FAC, Count I, Fraudulent Inducement (¶¶ 74-78); Count II, Fraud During the Representation (¶¶79-82); Count V, Breach of Contract (¶¶ 99-101); Count VI, Unjust Enrichment (¶¶ 102-103); Count VII, Breach of Fiduciary Duty (¶¶ 104-108); Count VII, Judiciary Law § 487 (¶¶ 109-115); Count XIV, Legal Malpractice (¶ 138).

Plaintiff's remaining claims relating to his client file should also be dismissed. First, Plaintiff's cause of action sounding in conversion (Count XIII) is time barred. Second, Plaintiff's remaining claims for Fraud and Breach of Fiduciary Duty-2026 Turnover Production (FAC, Count IV, ¶¶ 95-98); Breach of Fiduciary Duty  (FAC, Count VII, Breach of Fiduciary Duty- Client File and Transition); Count X (Incomplete and Anomalous Client File Production (2026)) are merely an improper attempt to circumvent the stay of discovery in the instant case and fail to state a claim upon which relief can be granted

Plaintiff's claims for an equitable accounting and forensic discovery should similarly be rejected, as they fail to state a cause of action and operate only as an improper attempt to circumvent the Court's stay of discovery.

Finally, none of Plaintiff's other causes of action state a claim on which relief can be granted.

**STATEMENT OF FACTS[1]**

Plaintiff alleges that he consulted with Alexandra Shapiro of Shaprio Arato Bach LLP (hereinafter, collectively, "Shapiro") for appellate representation; however, she declined to represent him. *See* FAC, ¶ 32. Instead, she recommended Marmur. *Id.* At some point thereafter, Marmur recommended that Alan Lewis and Carter Ledyard & Milburn LLP (hereinafter, collectively, "Lewis") assist in representing Plaintiff. *Id.*, "Preliminary Statement", p.1, ¶ 2.

On or about August 30, 2021, Plaintiff signed an engagement letter with Lewis and Marmur for $200,000 for an appeal from his conviction to the United States Court of Appeals for the Second Circuit (hereinafter the "Engagement Letter").  *Id,* ¶ 14. According to Plaintiff, there were at least four provisions in the Engagement Letter: (1) Lewis and Marmur would be the primarily

---

[1] The facts set forth are assumed true solely for the purpose of this motion.

responsible attorneys for the representation; (2) "the fixed fee was $200,000 for the Second Circuit Appeal"; (3) the engagement would conclude upon receipt of a decision from the Second Circuit; and (4) Defendants would make a request to the District Court for modification of Plaintiff's release on bail pending appeal relating to an ankle monitor at no additional charge *Id.*, ¶ 15.

On September 16, 2021, Marmur filed his notice of appearance on behalf of Teman in *United States v. Teman*, Case No. (21-1920) (2d Cir. 2021) (hereinafter the "Appeal"), Dkt. No. 27. After they filed their appearances, Marmur and Lewis filed two requests for extensions of time to file an appellate brief and appendix. FAC, ¶ 18-19; *see also*, Appeal, Dkt. Nos. 37 (requesting an extension until February 3, 2022), 42 (requesting an extension until February 24, 2022). Each motion was granted. *See* Appeal, Dkt. Nos. 41, 46.

On September 17, 2021, Plaintiff alleges that he was required to write to the District Court himself to seek removal of his electronic monitoring device for medical purposes. FAC, ¶ 17.[2] Judge Engelmayer subsequently granted Plaintiff's request "ordering removal of location monitoring and curfew conditions specifically to facilitate Plaintiff's medical treatment." *Id.*, ¶ 26.

During the course of their representation of Plaintiff, Defendants allegedly "knowingly overstated substantive progress while concealing the true state of readiness from Plaintiff." *Id*, ¶ 27.

On February 20, 2022, Marmur and Lewis moved in the Second Circuit to be relieved as counsel. *See* Appeal, Dkt. Nos. 47, 48. The Court granted the motions on February 22, 2022. Appeal, Dkt. No. 52.

---

[2] The Court may take judicial notice of the fact that Judge Engelmayer directed Teman's recently withdrawn trial attorneys, who are not Defendants in this action, counsel to assist with Teman's bail modification request. *United States v. Teman*, No. 19-cr-696-1 (PAE), Dkt. No. 278 (S.D.N.Y. Sept. 17, 2021)

On or about February 21, 2022, Plaintiff filed a request with the Second Circuit for, *inter alia*, a sixty-day extension to perfect his appeal. *See* Appeal, Dkt. No. 54.

On February 24, 2022, the Second Circuit granted Plaintiff's request for a sixty-day extension. *See* Appeal, Dkt. No. 61. On or about April 14, 2022, Eden Quainton (hereinafter "Quainton") appeared as counsel for Plaintiff. *See* Appeal, Dkt. Nos. 62-68. Five days later, Quainton requested an extension of time to file a brief from April 25, 2022, to May 25, 2022. Appeal, Dkt. No. 69. On April 21, 2022, the Second Circuit granted Plaintiff's request for an extension until May 25, 2022. *See* Appeal, Dkt. No. 70.

On June 8, 2023, the Second Circuit issued a Summary Order affirming the District Court's judgment in all respects. Appeal, Dkt. No. 150. Plaintiff thereafter filed a petition for a panel rehearing or, in the alternative, a rehearing *en banc*. *See* Appeal, Dkt. No. 171. The petition was denied in an order dated August 11, 2023. Appeal, Dkt. No. 175.

In *United States v. Teman*, No. 24-345-cr, the Court granted the government's motion to dismiss Plaintiff's motion for a new trial based on newly discovered evidence pursuant to the fugitive disentitlement doctrine . *See United States v. Teman,* No. 24-345-cr, Dkt. No. 84.

On April 3, 2026, Judge Paul Engelmayer denied Plaintiff's motion to vacate his conviction or relief from judgment as "frivolous and vexatious" and "based on the fugitive disentitlement doctrine." *See United States v. Teman*, No. 1:19-cr-00696-PAE, Dkt. No. 588 (S.D.N.Y April 3, 2026).

## LEGAL STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may assert that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter,

7

accepted as true, to state a claim that relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *South Cherry St., LLC v. Hennesse Grp. LLC*, 573 3d 98, 110 (2d Cir. 2009) (holding that courts are to "assume all well-pleaded factual allegations to be true, and determin[e] whether they plausibly give rise to an entitlement of relief'") (internal citations and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell A. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). These allegations must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679 (internal citations omitted). Instead, they must "show" that the pleader is entitled to relief. *Id*.

In adjudicating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "is entitled to consider: (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Swiatkowski v. Citibank*, 745 F.Supp.2d 150, 162 (E.D.N.Y. 2010); *see also*, *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Communications, Inc. v. City of*

8

*New York*, 458 F.3d 150, 157 (2d Cir. 2006) (citing *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

"To bring actions sounding in fraud, '[t]he Complaint must . . . state with particularity the circumstances of the fraud under Rule 9(b) and contain sufficient facts, accepted as true, to state claims for relief for common-law fraud that are facially plausible under Rule 8(a)(2).'" *Yoomi Babytech, Inc. v. Anvyl, Inc.*, 2021 U.S. Dist. LEXIS 181125, at \*35 (S.D.N.Y. Sep. 22, 2021) (quoting *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 516 (S.D.N.Y. 2016)). In addition, a plaintiff "must not only allege that the content is false, but they must demonstrate with specificity why and how that is so." *Id.* (internal quotation marks omitted) (quoting *Travelex Currency Servs., Inc. v. Puente Enterprises, Inc.*, 449 F. Supp. 3d 385, 395 (S.D.N.Y. 2020)).

"While pro se complaints are read liberally to raise the strongest arguments they suggest . . . [,]they still must state a plausible claim for relief." *Hiciano ex rel. M.O.G.H. v. Comm'r of the SSA.*, No. 24-CV-6693 (HJR), 2025 LX 250072, at \*3 (S.D.N.Y. Mar. 20, 2025) (internal quotation marks omitted); *see also Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-09830 (LJL), 2025 U.S. Dist. LEXIS 269005 at \*9 (S.D.N.Y. Dec. 31, 2025). Moreover, as this Court recently noted in considering another of Teman's complaints, a pro se plaintiff with frequent experience in the law (such as Teman) is entitled to lesser solicitude. *See Id.*, at \*10 (citing *Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009); *Tracy v. Freshwater*, 623 F.3d 90, 92-93 (2d Cir. 2010). Indeed, this Court took notice of eleven cases involving Teman (*id.* at n.5), which only underscores the vexatious nature of the instant litigation. Since the Court's previous decision, Teman has also filed *Teman v. Quainton*, No. 1:26-cv-03083 (S.D.N.Y. April 15, 2026) and *Teman v. MedPro Group Inc.*, No. 1:26-cv-03517(S.D.N.Y. April 27, 2026).

## ARGUMENT

### I.    BECAUSE PLAINTIFF'S ALLEGATIONS RELATE TO THE ADEQUACY OF REPRESENTATION IN A CRIMINAL PROCEEDING AND HE DOES NOT ALLEGE ACTUAL INNOCENCE, HIS CLAIMS AGAINST HIS FORMER ATTORNEYS SHOULD BE DISMISSED.

New York maintains a "bright-line rule applicable to claims against an attorney arising from a representation of a plaintiff in a criminal proceeding" that a "'plaintiff must allege his [or her] innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his [or her] guilt of that offense remains undisturbed, no cause of action will lie.'" *Ahmad Mohammad Ajaj v. Mackechnie*, 2008 U.S. Dist. LEXIS 60975, at *16 (S.D.N.Y. Aug. 4, 2008) (quoting *Carmel v. Lunney*, 70 N.Y.2d 169, 173 (1987)). In other words, "a criminal defendant cannot even state a claim for legal malpractice until his [or her] conviction is overturned or vacated." *Smith v. Morgenthau*, 2001 U.S. Dist. LEXIS 15690, at *9 (S.D.N.Y. June 8, 2001). This rule is rooted in public policy considerations of judicial economy militating "'against a rule where litigious criminal defendants can occupy the time of their incarceration by pursuing actions against their former attorneys.'" *Abujudeh v. Smith*, U.S. Dist. LEXIS 183323, at *17, 2025 WL 2675877 (S.D.N.Y. Sep. 18, 2025) (quoting *Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 449, (2000)). "Plainly stated, this rule applies to 'all claims, regardless of the label attached to them, where the gravamen of the complaint is an attorney's failure to adequately and competently represent a defendant.'" *Abujudeh*, U.S. Dist. LEXIS 183323, at *17 (quoting *Ajaj*, 2008 U.S. Dist. LEXIS 60975, at *6)).

As a threshold matter, Plaintiff's instant claims relate to the adequacy of his representation in a criminal proceeding. *See e.g.* FAC, ¶¶ 29; 31 (alleging that Plaintiff would have retained "competent" counsel); ¶ 80 (alleging that "[t]hroughout the engagement, Defendants maintained

10

the appearance of active progress while concealing from Plaintiff the true state of readiness."); ¶ 138 (alleging legal malpractice based on conduct that "fell below the standard of care applicable to attorneys handling federal criminal appeals."). Nevertheless, Plaintiff does not allege that he was actually innocent, nor can he. His conviction was affirmed on direct appeal and has survived collateral review. On June 8, 2023, the Second Circuit issued a Summary Order affirming the District Court's judgment in all respects. Appeal, Dkt. No. 150. Plaintiff thereafter filed a petition for a panel rehearing or, in the alternative, a rehearing en banc. See Appeal, Dkt. No. 171. The petition was denied in an order dated August 11, 2023. Appeal, Dkt. No. 175.

On October 6, 2025, the Second Circuit granted the government's motion to dismiss Plaintiff's appeal from an order denying Plaintiff's motion for a new trial based on the fugitive disentitlement doctrine. *See Teman v. United States*, No. 24-345, Dkt. No. 77.

Because Plaintiff's conviction remains undisturbed, he has failed to establish his actual innocence, and thus his instant action must be dismissed on this ground alone. *See Wynder v. Goltzer*, No. 1:24-cv-7925-GHW, 2025 U.S. Dist. LEXIS 149640, at *10-11, n. 6 (S.D.N.Y. Aug. 3, 2025) (dismissing cause of action for legal malpractice where plaintiff did not respond to order to show cause showing criminal conviction did not stand and after taking "judicial notice that, as of the date of [the Court's] opinion, [p]laintiff's appeal from his conviction and sentence remains unresolved.").

However, even if Plaintiff could overcome his conviction, his Amended Complaint should still be dismissed for the reasons discussed in the following points.

11

## II.     BECAUSE PLAINTIFF'S FIRST CLAIM FOR FRAUDULENT INDUCEMENT IS DUPLICATIVE OF LEGAL MALPRACTICE AND BASED ON FUTURE ACTIONS OR CONDUCT, IT MUST BE DISMISSED.

### A.  *Plaintiff's claim for fraudulent inducement is duplicative of legal malpractice, as it is premised on the same facts and does not allege distinct damages from his legal malpractice claim.*

Even if Plaintiff could overcome the fact that he his criminal conviction still stands, CPLR 214(6) establishes a statute of limitations of three years for claims of professional malpractice whether they sound in contract or tort.  Thus, "legal malpractice actions that also allege breach of contract, fraud, and other causes of action governed by their statute of limitations are dismissed as time-barred if not brought within three years of accrual, if the additional claims involve facts duplicating the legal malpractice claims and do not allege distinct damages." *Farage v. Ehrenberg,* 124 A.D.3d 159, 169 (2d Dept.  2014).

 In addition, there is a "longstanding body of New York case law that bars other claims for relief relying on the same facts and seeking the same relief as the malpractice claim." *Amusement Indus. v. Buchanan Ingersoll & Rooney, P.C.*, 2012 U.S. Dist. LEXIS 50527, at \*19 (S.D.N.Y. Apr. 10, 2012). "Under New  York Law, '[t]he key to determining whether a claim is duplicative of one for legal malpractice is discerning the essence of each claim,' without regard for each claim's label." *Meskunas v. Auerbach*, No. 17 CV 9129 (VB), 2019 U.S. Dist. LEXIS 26531, at \*9 (S.D.N.Y. Feb. 19, 2019) (alteration provided in original) (quoting *Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59, 68 (1st Dept. 2015)).  "[A] fraud claim asserted in connection with charges of professional malpractice is non-duplicative only to the extent it arises from one or more affirmative, intentional misrepresentations that caused damages separate and distinct from those generated by the alleged malpractice." *Meskunas*, 2019 U.S. Dist. LEXIS 26531, at \*9 (internal quotation marks omitted) (quoting *Lemon v. Hollinger*, 2017 U.S. Dist. LEXIS 208859, at \*5

(S.D.N.Y. Dec. 19, 2017)).  Thus, allegations that a defendant "promised to provide competent legal representation but failed to do so" do not give rise to a claim sounding in fraud. *Id*.

In *Abujudeh*, the plaintiff abandoned his claims of legal malpractice and asserted claims of fraud and fraudulent inducement "[u]pon learning that defendants opposed . . . on statute of limitations grounds. *Abujudeh*, 2025 U.S. Dist. LEXIS 183323 at *10.  "In his amended complaint, [the] plaintiff struck the references to 'negligence' and 'malpractice,' but sought the same amount of damages for the same underlying conduct." *Id.*  The Court further determined that the plaintiff's causes of action sounding in fraud were based on the defendant's failure "'to carry out the agreed upon defense strategy.'" *Id.*

Here, Plaintiff's allegations of fraudulent inducement are premised on the representation that "Lewis and Marmur would personally serve as the attorneys primarily responsible for [Plaintiff's] Second Circuit appeal, that the engagement would continue through receipt of a final decision and that the ankle monitor modification would be filed without additional charge." FAC, ¶ 76.  By Plaintiff's own words, his claims are supported by an alleged "pattern of non-performance from the earliest days of the engagement". FAC, ¶77. Thus, Plaintiff's allegations of legal malpractice and fraudulent inducement are premised on conduct that would allege a legal malpractice claim. *See* FAC, ¶ ¶ 138.

### B. *Mere non-performance of a contract and promissory statements do not give rise to a cause of action for fraud.*

In order to state a claim for fraudulent inducement under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact, (2) made by defendant with knowledge of its falsity[,] (3) and an intent to defraud[,] (4) reasonable reliance on the part of the plaintiff[,] and (5) resulting damage to the plaintiff. *Sandoz Inc. v. Medwiz Sols., LLC*, No. 20-CV-6943 (NSR), 2022 U.S. Dist. LEXIS 7211, at *14 (S.D.N.Y. Jan. 12, 2022)* (internal quotation marks

omitted) (brackets supplied in original).  In addition, "[w]here the fraud claim is premised upon an alleged breach of contractual duties and does not concern representations which are collateral or extraneous to the terms of the contract between the parties, a fraud claim does not lie." *Michael Davis Constr. v. 129 Parsonage Lane*, 194 A.D.3d 805, 807 (2d Dept. 2021). "'Fraud cannot be predicated upon statements which are promissory in nature at the time they are made and which relate to future actions or conduct.'" *Blanton v. Educ. Affiliates, Inc.*, No. 21-1221-cv, 2022 U.S. App. LEXIS 12817, at *11 (2d Cir. May 12, 2022) (quoting *Brown v. Lockwood*, 76 A.D.2d 721 (2d Dept. 1980)).

"Absent a present intent to deceive, a statement of future intentions, promises or expectations is not actionable as fraud." *Lane v. McCallion*, 166 A.D.2d 688, 690 (2d Dept. 1990). "Fraudulent intent not to perform a promise cannot be inferred merely from the fact of non performance . . . and additional proof is required." *Brown*, 76 A.D.2d at 733.

A breach of contract claim "may not be converted into one for fraud merely by alleging that the contracting party never intended to meet his contractual obligation, for this would allow a plaintiff to plead two independent claims, and recover twice, for the same conduct." *Mushahada Int'l USA, Inc. v. Access Point, Inc.*, No. 04 CV 5270 (ARR), 2005 U.S. Dist. LEXIS 49608, at *13 (E.D.N.Y. June 15, 2005).  "[W]here a tort claim for misrepresentation appears to duplicate a breach of contract claim, courts have held that 'a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.'" *Vekaria v. Mthree Corp. Consulting,* Ltd., 2024 U.S. Dist. LEXIS 175416, at *29-30 (S.D.N.Y. Sep. 27, 2024)

14

(quoting *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)).

Here, Plaintiff's allegations of fraudulent inducement are based on the alleged nonperformance of the Engagement Letter. *Compare* FAC, ¶ 77 (alleging that "[t]he inference of fraudulent intent at inducement is supported by the pattern of non-performance from the earliest days of the engagement—Plaintiff was required to file the promised ankle monitor motion himself, pro se, eighteen days after paying $200,000 to retain Defendants for that very purpose.") *with* FAC ¶100 (setting forth the alleged provisions of the Engagement Letter). Accordingly, this claim should be dismissed. *See, e.g., Michael Davis Constr.* 194 A.D.3d at 807 (finding that allegation that party "fraudulently represented that it would install thermal insulation on the project amounted to only to a misrepresentation of the intent or ability to perform under the contract) (internal quotation marks omitted); *Fromowitz v. W. Park Assocs., Inc.*, 106 A.D.3d 950, 951 (2d Dept. 2013) (finding allegation that party to contract represented that it would use specific roof shingles amounted to "nothing more than allegations of a misrepresentation to perform under the contract" (internal quotation marks omitted).

### III. PLAINTIFF'S SECOND CLAIM, WHICH ALLEGES FRAUD DURING THE REPRESENTATION, IS DUPLICATIVE OF HIS LEGAL MALPRACTICE CLAIM AND ALSO FAILS TO STATE A CAUSE OF ACTION.

#### A. *Plaintiff's fraud claim is premised on the same actions and damages giving rise to his malpractice claim and fails to state a claim.*

Plaintiff further alleges that "Defendants maintained the appearance of active progress while concealing from Plaintiff the true state of readiness." *See* FAC, ¶ 80. However, in addition to the principles addressed in Section II, above, a fraud claim is duplicative of legal malpractice where, as here, it merely alleges that defendants concealed malpractice. *See Acker v. Wilger*, 2014

15

U.S. Dist. LEXIS 3322, at *16-17 (S.D.N.Y. Jan. 10, 2014) ("Under New York law, claims for fraud are duplicative of malpractice claims if they constitute mere concealment or failure to disclose one's own malpractice." (internal quotation marks omitted) (quoting *White of Lake George Inc. v. Bell*, 251 A.D.2d 777 (3d Dept. 1998)).  As legal malpractice may be based on the failure to perform required tasks, *see e.g. Conklin v. Owen, 72 A.D.3d 1006, 1007 (2d Dept. 2010)*, it is evident  that Plaintiff's fraud claim is a disguised—and insufficient—malpractice claim.

Plaintiff further claims that he was damaged by "the loss of time during which competent substitute counsel could have been retained." FAC, ¶ 82.  However, Teman does not suggest how he was damaged by this supposed delay, and even the most cursory review of the docket establishes beyond peradventure that delay was the hallmark of Teman's strategy.  And again, any alleged damage would arise from his claim that Defendants did not prepare an adequate brief, a cause of action that sounds in malpractice thus must be dismissed as duplicative.

In addition to being duplicative of legal malpractice, Plaintiff's cause of action for "fraud during the representation" fails to allege proximate cause. On February 24, 2022, the Second Circuit granted Plaintiff's request for a sixty-day extension. *See* Appeal, Dkt. No.  61. On or about April 14, 2022, Quainton appeared as counsel for Plaintiff. *See* Appeal, Dkt. Nos. 62-68. Five days later, Quainton requested an extension of time to file his  brief from April 25, 2022 to May 25, 2022. Appeal,  Dkt. No.  69. On April 21, 2022, the Second Circuit granted the request.  Dkt. No. 70.   Because Plaintiff's subsequent counsel was granted an extension, Plaintiff's claim may also be dismissed for lack of proximate cause. *See e.g., Hunt v. Enzo Biochem, Inc.,* 530 F. Supp. 2d 580, 592 (S.D.N.Y. 2008); *Koziar v. Blammo*, Ltd., 759 F. Supp. 3d 543, 552 (S.D.N.Y. 2024) (citing *Hunt,* 530 F. Supp. 2d at 592).

16

**IV.    PLAINTIFF'S THIRD CLAIM FOR POST-TERMINATION FRAUD IS DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM AND FAILS TO STATE A CLAIM**

Plaintiff's third cause of action is asserted against Lewis in connection with a March 3, 2022 letter. *See* FAC, ¶¶ 84-94. Because Plaintiff does not allege any misrepresentation made by Marmur, this cause of action should be dismissed as against Marmur.

**V.    PLAINTIFF'S FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT IS DUPLICATIVE OF THE LEGAL MALPRACTICE CLAIM AND FAILS TO STATE A CAUSE OF ACTION.**

Under New York Law, "'[a] breach of contract claim against an attorney based on a retainer agreement may only be sustained where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so." *Zappin v. Supple*, 2021 U.S. Dist. LEXIS 262828, at *10 (S.D.N.Y. Oct. 7, 2021) (quoting *Pacesetter Commc'ns v. Solin & Breindel, P.C.* , 150 A.D.2d 232, (1st Dept.  1989)); *see* also *Roy v. Law Offices of B. Alan Seidler, P.C.*, 284 F. Supp. 3d 454, 457 (S.D.N.Y. 2018) (internal quotation marks omitted).

Here, Plaintiff's Amended Complaint does not identify a promised result. Indeed, Plaintiff's allegations relate to the manner in which the work was performed, which is duplicative of his legal malpractice claim. *See* FAC, ¶ 138 (incorporating "all factual allegations above.").

**VI.    PLAINTIFF'S SIXTH CLAIM, FOR UNJUST ENRICHMENT, SHOULD ALSO BE DISMISSED AS DUPLICATIVE OF HIS LEGAL MALPRACTICE CLAIM.**

To state a claim for unjust enrichment, a "plaintiff must allege: '(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered.'" *Rhee-Karn v. Lask*, 2018 LX 96413, at *37-38 (S.D.N.Y. Sep. 30, 2018) (quoting *MacCartney v. O'Dell*,  2016 U.S. Dist. LEXIS 24608, 2016 WL 815279, at *7 (S.D.N.Y. 2016)). When a claim for unjust enrichment arises from the

17

same facts and seeks the same damages as a legal malpractice claim, the claim for unjust enrichment will be dismissed as duplicative. *Id.* at 38. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 43 F. Supp. 3d 309, 317 (S.D.N.Y. 2014) (internal quotation marks omitted) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987)).

Plaintiff alleges that there was an Engagement Letter, but he does not allege that the Engagement Letter was unenforceable or invalid. Accordingly, he cannot assert claims for unjust enrichment as against Marmur. His claim is also duplicative of his other claims in that it asserts that non-attorneys performed work and that Lewis and Marmur "fail[ed] to perform the contracted work" but rather operated "through a referral structure whose financial relationships were concealed from the client who paid those fees." FAC, 103.

## VII.    PLAINTIFF'S EIGHTH CLAIM — ALLEGING A VIOLATION OF JUDICIARY LAW § 487— MUST ALSO BE DISMISSED, AS THE STATUTE DOES NOT APPLY TO ACTIONS OUTSIDE OF NEW YORK STATE COURT, AND FAILS TO ALLEGE FACTS WITH THE REQUISITE PARTICULARITY.

In order to state a claim for a violation of Judiciary Law § 487, a "[p]laintiff must allege his [or her] claim with particularity and 'must show, at a bare minimum, that defendants: (1) are guilty of deceit or collusion, or consent to any deceit or collusion; and (2) had an intent to deceive the court or any party.'" *Bottone v. Roche*, 2024 WL 869552, at *6 (S.D.N.Y. Feb. 28, 2024) (quoting *Ray v. Watnick*, 182 F. Supp. 3d 23, 28 (S.D.N.Y. 2016)). Moreover, a Judiciary Law § 487 claim is subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *See, e.g., Shad v. Zachter PLLC*, 2024 WL 2020794, at *6 (S.D.N.Y. Mar. 7, 2024), *report and recommendation adopted*, 2024 WL 1955448 (S.D.N.Y. May 3, 2024); *Bryant v. Silverman*, 284

18

F. Supp. 3d 458, 469 (S.D.N.Y. 2018) (applying Rule 9(b) to Judiciary Law § 487 claims); *Brake v. Slochowsky & Slochowsky, LLP*, 504 F. Supp. 3d 103, 116 (E.D.N.Y. 2020) (citing *Jean v. Chinitz*, 163 A.D.3d 497 (1st Dept. 2018)).

In addition, Judiciary Law § 487 "covers not all attorney conduct, but specifically conduct that occurs in the context of an action pending in a court, with the intent to mislead the court or a party." *Delaney v. HC2, Inc.*, 761 F. Supp. 3d 641, 663 (S.D.N.Y. 2025) ((internal quotation marks omitted). More specifically, it applies only to conduct occurring *in state court*. *See id.* at 667. Here, of course, Plaintiff's allegations are premised on alleged statements occurring after the termination of an attorney-client relationship in a federal proceeding. *See* FAC, ¶ 112 (alleging "post-termination representations" made by Lewis); ¶ 113 (alleging fraud by implication contained in the "Turnover Production").

Moreover, the only alleged deceit is that "Defendants filed extension motions representing additional time was needed to prepare the brief." FAC, ¶ 114. Plaintiff fails to allege how seeking additional time to file a brief—a commonplace occurrence—was was "materially misleading by omission." *Id.* Even assuming that it was true that Lewis needed additional time to read the trial transcript, it is entirely unclear how a request for extension would deceive the Court.

In addition, Plaintiff essentially admits that his Judiciary Law § 487 claim is duplicative of his other claims**.** *See* FAC, ¶ 114.

## VIII.  PLAINTIFF'S NINTH CAUSE OF ACTION, FOR "FRAUD AND FRAUDULENT CONCEALMENT- UNDISCLOSED FINANCIAL CONFLICT," FAILS TO STATE A CLAIM.

"Under New York law, a plaintiff sounding a claim in fraud must allege: (1) a material misrepresentation or omission of fact (2) made with knowledge of its falsity, (3) with an intent to

defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes the damage to the plaintiff." *Lewis v. Synchrony*, No. 21-cv-9131 (NSR), 2025 U.S. Dist. LEXIS 213992, at *13-14 (S.D.N.Y. Oct. 28, 2025) (internal quotation marks omitted). In addition, " a common law fraud claim 'requires a showing of proximate causation.'" *Koziar*, 759 F. Supp. 3d 543, 552 (S.D.N.Y. 2024) (quoting *Hunt*, 530 F. Supp. 2d at 592).

When a claim of fraud is premised "on an omission or concealment rather than an affirmative misrepresentation, the plaintiff must also prove that the 'defendant owed a duty to disclose the material facts alleged to be omitted or concealed.'" *Baliga v. Link Motion Inc.*, No. 18-CV-11642 (VM) (VF), 2023 U.S. Dist. LEXIS 107637, at *8 (S.D.N.Y. June 21, 2023) (quoting *Towne v. Kingsley*, 163 A.D.3d 1309, 1311 (3d Dept.. 2018)). There are three scenarios that impose a duty to disclose: "[1] where the parties are in a fiduciary relationship; [2] under the special facts doctrine, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge; or [3] where a party has made a partial or ambiguous statement, whose full meaning will only be made clear after complete disclosure. *Vinci Brands LLC v. Coach Servs.*, 2025 U.S. Dist. LEXIS 191512, at *32 (S.D.N.Y. Sep. 29, 2025) (internal quotation marks omitted) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 582 (2d Cir. 2005))

Here, Plaintiff alleges that Marmur "accepted the referral from Shapiro and the joint engagement knowing he had not disclosed his financial arrangement with the attorney who referred the client." FAC, ¶ 120. The "financial arrangement" is merely that Marmur is a subtenant of the Shapiro firm. As the Shapiro brief indicates, no referral fee was paid in connection with this matter. Plaintiff alleges that this failure to disclose the alleged financial relationship "deprived Plaintiff of the ability to evaluate the full referral chain before committing to the joint

engagement." *Id.*, ¶ 121.  It is unclear which of the three scenarios Plaintiff alleges a duty to disclose arose.  Plaintiff has not alleged that Marmur made a partial or ambiguous statement. Plaintiff also does not allege a duty to disclose arose under the special facts doctrine, as there are no allegations that Marmur possessed superior information or knew that Plaintiff was entering into the agreement without knowing of the alleged "referral chain" or "financial relationship".

Plaintiff's claims are also too vague and conclusory to withstand scrutiny. *See Ofman v. Richland*, 234 A.D.3d 865, 867 (2d Dept. 2025) ("Here, the plaintiff failed to allege that the defendants made a material misrepresentation of fact or intentionally concealed a material fact, and the plaintiff's allegations that Richland's relationship with the plaintiff's former counsel created a conflict of interest which the defendants had a duty to disclose were conclusory.").  In any event, Plaintiff does not allege he would not have retained Marmur, a seasoned appellate litigator who has enjoyed substantial success in the Second Circuit. Rather, he alleges he was "deprived . . . of the ability to evaluate the full referral chain before committing to the joint engagement." FAC, ¶ 120. Because Plaintiff fails to allege proximate cause, this claim for fraud and fraudulent concealment should also be dismissed.

## IX.  BECAUSE PLAINTIFF HAS A REMEDY AT LAW, HIS CLAIM FOR EQUITABLE ACCOUNTING SHOULD BE DISMISSED.

An equitable accounting is "a remedy designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession." *Metro. Bank & Tr. Co. v. Lopez*, 189 A.D.3d 443, 446 (1st Dept. 2020). In order to sustain an equitable accounting claim, a plaintiff must allege (1) a fiduciary relationship; (2) entrustment of money or property; (3) the lack of another remedy; and (4) a demand and refusal for an accounting.  *CBI Capital LLC v. Mullen*, 2020 U.S. Dist. LEXIS 125943,

at *18 (S.D.N.Y. July 16, 2020) (quoting *Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc.,* 333 F. Supp. 3d 307, 315 (S.D.N.&. 2018)).  If a claim for equitable accounting concerns the same subject matter as a breach of contract, then the equitable accounting claim must be dismissed. *See e.g.* *CBI Capital LLC,* 2020 U.S. Dist. LEXIS 125943, at *19 ; *Twelve Sixty LLC v. Extreme Music Library Ltd.,* No. 17-cv-1479 (PAC), 2018 U.S. Dist. LEXIS 7026, at *18 (S.D.N.Y. Jan. 9, 2018).

Plaintiff's allegations for an equitable accounting are essentially a list of facts he wants to learn to support his other claims. *See* FAC, ¶ 133. This is not the purpose of an equitable accounting. In addition, Plaintiff is seeking monetary damages in connection with his representation, which provides him a legal remedy.

## X.    PLAINTIFF'S TWELFTH CAUSE OF ACTION, FOR CONVERSION, IS TIME BARRED AND FAILS TO STATE A CLAIM.

A claim for conversion is subject to a three-year statute of limitations. *See Meskunas*, 2019 U.S. Dist. LEXIS 26531, at *15. "A cause of action for conversion accrues 'when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court.'" *Poppington, LLC v. Brooks*, No. 20-cv-8616 (JSR), 2021 U.S. Dist. LEXIS 181131, at *4 (S.D.N.Y. Sep. 22, 2021) (quoting *Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 43, (1995)).  Here, Plaintiff alleges that he "demanded return of his complete client file in native electronic format on multiple occasions beginning in February 2022." Accordingly, his cause of action accrued at latest by February 28, 2025. Because Plaintiff filed this action on October 3, 2025, his conversion claim is untimely. *See* Dkt. No. 1.

22

**XI.  PLAINTIFF'S CAUSES OF ACTION RELATING TO THE PRODUCTION OF A CLIENT FILE ARE PREMISED ON THE RULES OF PROFESSIONAL CONDUCT, WHICH DO NOT GIVE RISE TO A PRIVATE TORT ACTION,  AND IMPROPERLY SEEK TO CIRCUMVENT A COURT ORDER STAYING DISCOVERY BY REPACKAGING DISCOVERY MATTERS AS TORT CLAIMS.**

**A.  *Because a violation of the Rules of Professional Conduct does not give rise to a private cause of action in court, plaintiff's fourth cause of action for breach of fiduciary duty should  be dismissed.***

Plaintiff alleges that "Defendants had an independent legal and fiduciary obligation under New York Rules of Professional Conduct Rule 1.16(e) to produce a complete and accurate file upon demand." FAC, ¶ 96. Under New York Law, however, "a violation of the Rules of Professional Conduct, in itself, does not give rise to a private cause of action against an attorney or law firm." *Park v. Newman*, No. 24-CV-4770 (PKC) (CHK), 2026 U.S. Dist. LEXIS 68210, at *11 (E.D.N.Y. Mar. 30, 2026) (internal quotation marks omitted) (citing *Doscher v. Meyer*, 112 N.Y.S.3d 237, 240 (2d Dep't 2019); *Jacobson v. Seddio*, 208 N.Y.S.3d 36, 38 (2d Dept. 2024) ; *Kallman v. Krupnick*, 891 N.Y.S.2d 490, 493 (3d Dept. 2009)).Because this claim is based on a violation of the Rules of Professional Conduct, Plaintiff may not maintain this cause of action.

Plaintiff proposes that that the file is incomplete because of "the omission of the January 31, 2022 communication" and anomalous metadata patterns inconsistent with CLM's document management practice as reflected throughout the remainder of the production." *Id.*, ¶ 97. These are conclusory allegations that do not support an inference that his client file was incomplete, and in any event, even if true, any omission would amount to nothing more than a violation of the Rules of Professional Conduct, which, as noted above, is not actionable. Moreover, it is unclear whether Plaintiff even alleges that his client file from Marmur is implicated in this cause of action.

23

### B. *Plaintiff may not circumvent the Court's stay of discovery by asserting additional claims to obtain a client file in specified formats.*

Plaintiff takes issue with the format of his file and attempts to assert several causes of action based on it. *See* ¶¶ 95-98 (alleging fraud and breach of fiduciary duty in connection with "2026 Turnover Production"); ¶¶ 124-129 (alleging "incomplete and anomalous client file production (2026)")[3]; ¶¶ 134-137 (Conversion and Wrongful Retention of Electronic Client Property). Plaintiff, however, requested production of his file "a reasonably usable electronic format," FAC ¶ 48; 51; 58, and that is precisely what he received. What he is looking for is extensive electronic discovery of native metadata and other high-level technical information related to the creation and retention of the file, material that, at best, would be the subject of discovery. But this Court sensibly stayed discovery, and Plaintiff does not—nor could he plausibly—assert that he is not in possession of any information related to the appeal necessary to file his Complaint. Put simply, Plaintiff seeks to sow confusion over the format of the production of his client file. Plaintiff's claims relating to the format of the production of his file should be dismissed, as it is more properly considered a discovery dispute and implicated by the Court's stay of discovery rather than a cause of action.[4] Plaintiff's claims relating to the format of the production of his client file also fail to plausibly allege damages in excess of $75,000.

---

[3] Plaintiff's allegations in this claim appear to be directed at CLM and should be dismissed as against Marmur.

[4] Indeed, producing files in PDF or TIFF format with a load file, searchable text, and meta data is a widely-accepted format for the production of documents. *See Sexton v. Lecavalier*, 11 F. Supp. 3d 439, 442 (S.D.N.Y. 2014). If Plaintiff has questions regarding how to view the format of the production and/or requests native files instead, he is welcome to email Defendants to discuss further technical instruction or the costs of obtaining native files.

### XII.  PLAINTIFF'S CLAIM OF LEGAL MALPRACTICE IS TIME BARRED.

A claim of legal malpractice must be commenced within three years of accrual of the claim. CPLR 214(6). Legal malpractice accrues when the injury is alleged to have occurred even if the injured party is ignorant of the injury. *McCoy v. Feinman*, 99 N.Y.2d 295 (2002).

Assuming Plaintiff can overcome the "bright-line" rule prohibiting claims against an attorney arising from a representation in a criminal proceeding, his claim would be time barred. Plaintiff does not allege when the malpractice occurred, but the alleged malpractice would necessarily have occurred before February 22, 2022, the date on which Marmur and Lewis[5] were replaced by Plaintiff's new attorneys, and therefore, the malpractice claim is untimely. *See Perkins v. Am. Transit Ins. Co.*, 2013 U.S. Dist. LEXIS 6703, at *31 (S.D.N.Y. Jan. 14, 2013).

Plaintiff's conclusory grounds for tolling the statute of limitations (FAC, ¶¶63-72) have no basis in law to toll the instant action. *See Jang Ho Choi v. Beautri Realty Corp.*, 135 A.D.3d 451 (1st Dep't 2016). CPLR 208 does not apply to incarceration. *Wahid v. New York City Dep't of Fin.*, 204 A.D.3d 559 (2022). In addition, there is no toll for sickness that does not constitute an inability to protect legal rights. *Thompson v. Metro. Transp. Auth.*, 112 A.D.3d 912, 914 (2013).   In addition, Plaintiff has made no showing that discovery or his client file were material to his instant claims.

### XIII.  PLAINTIFF'S ACTION SHOULD BE DISMISSED PURSUANT TO THE FUGITIVE DISENTITLEMENT DOCTRINE.

In dismissing Plaintiff's appeal from his criminal conviction, the Second Circuit noted that "pursuant to the fugitive disentitlement doctrine, we may 'dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal.'" *Untied States v. Teman*, No. 24-345-

---

[5] Appeal,  Dkt. No. 52.

cr, 2025 U.S. App. LEXIS 34998 (2d Cir., Oct. 30, 2025) [quoting *Ortega-Rodriguez v. United States,* 507 U.S. 234, 239, 113 S. Ct. 1199, 122 L. Ed. 2d 581 (1993)].

The fugitive disentitlement doctrine can also be applied in civil cases, albeit with some limitations in accordance with *Degen v. United States,* 517 U.S. 820, 823 (1996)). *See Sorokin v. New York Cnty. Dist. Atty.'s Off.*, 535 F. App'x 3, 7 (2d Cir. 2013). The Second Circuit stated: "*Post-Degen,* we have stated that, 'in civil cases, the most persuasive justifications for disentitlement are now (1) the inability to enforce a decision rendered by the [district] court, and (2) the need to avoid prejudice to the other party resulting from the [party's] fugitive status.'" *See id.* at 8 [quoting *United States v. Awadalla,* 357 F.3d 243, 246 (2d Cir. 2004)].

Plaintiff has made something of a sport of bringing lawsuits in the Southern District. After bringing another, unrelated malpractice action in this District, *see Teman v. Zeldes Needle Cooper, LLP, et al.*, No. 1:24-cv-09830-LJL, he proceeded to bring a separate action against the attorneys representing the defendants in the first malpractice action, *see* Teman v. MedPro Group, Inc., et al., No. 1:26-cv-03517-LJL, and then filed a motion to disqualify those attorneys from representing the defendants in the first action. The Court recently concluded the motion was frivolous and denied it. *See* Memorandum and Order, dated June 9, 2026, of Hon. Lewis J. Liman.

In the present action, Plaintiff has made thinly-veiled threats to sue the defendants' attorneys. *See* Plaintiff's Amended Complaint at ¶¶ 6-8 (identifying by name each of the attorneys for the defendants and stating that plaintiff does not "at this stage" assert claims against them).

There is little recourse under Rule 11 to address the frivolous conduct of a fugitive. The dismissal of an action because of frivolous conduct will not act as a deterrent if the action is frivolous to begin with. And while monetary penalties are an option under Rule 11, enforcement

26

or collection will be impossible, or if possible, the cost would likely far exceed the amount of the penalty.

*Degen* was decided before the prevalence of electronic filing and artificial intelligence. The prejudice suffered by adversaries of serial filers is real and greater than ever before. As is evident in the case at bar, Plaintiff's lawsuits give rise to more lawsuits by him against a growing number of new parties.  Under the circumstances, the application of the fugitive disentitlement doctrine to dismiss Plaintiff's action is warranted.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request the Court dismiss with prejudice all claims stated in Plaintiff's Amended Complaint and grant all other relief the Court deems proper.

Dated:  June 29, 2026
      New York, New York

                        Respectfully Submitted,

                        MARSHALL DENNEHEY, P.C.

By: _____
                        Matthew K. Flanagan
                        Michael G. Jacobson
                        ***Attorney for Defendants***
                        ***Nathaniel Marmur and Marmur Law***
                        ***PLLC***
                        Wall Street Plaza, 88 Pine Street, 29th Floor
                        New York, New York 10005
                        Telephone: (212) 376-6400
                        Fax: (212) 376-6490

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Local Rule 7.1 that the foregoing Memorandum of Law accompanying this Motion to Dismiss, filed on June 29, 2026 , contains 7,239 words, exclusive of the caption, table of contents, table of authorities, and signature block. In determining the total word count of the foregoing document, I relied on the word count provided by Microsoft Word, the word-processing system used to prepare the document.

Dated: June 29 2026
        New York, New York

                              Respectfully Submitted,

                              MARSHALL DENNEHEY, P.C.


                              By: _____
                                  Matthew K. Flanagan
                                  Michael G. Jacobson
                                  *Attorney for Defendants*
                                  *Nathaniel Marmur and Marmur Law*
                                  *PLLC*
                                  Wall Street Plaza, 88 Pine Street, 29th Floor
                                  New York, New York 10005
                                  Telephone: (212) 376-6400
                                  Fax: (212) 376-6490