UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

Ari Teman,

         Plaintiff,

     – against –

Nathaniel Z. Marmur, Nathaniel Z. Marmur,
PLLC, Alan S. Lewis, Carter Ledyard &
Milburn LLP, Alexandra Shapiro and Shapiro
Arato Bach LLP,

         Defendants.

------------------------------------------------------------- X

| |
|---|---|
| : | Case No. 25-cv-08220 (LJL) |
| : | |
| : | |
| : | **<u>ORAL ARGUMENT REQUESTED</u>** |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |

### **<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF</u>**
### **<u>THEIR MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

CARTER LEDYARD & MILBURN LLP
  Jeffrey S. Boxer
  Judith M. Wallace

28 Liberty Street – 41st Floor
New York, NY  10005
Tel:  (212) 732-3200
Fax:  (212) 732-3232
Email: <u>boxer@clm.com</u>
    <u>wallace@clm.com</u>

*Attorneys for Defendants*
 *Alan S. Lewis and*
 *Carter Ledyard & Milburn LLP*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iv

PRELIMINARY STATEMENT .........................................................................................1

FACTUAL BACKGROUND ..............................................................................................2

LEGAL STANDARD .........................................................................................................5

    Plausibility Requirement ...............................................................................................5

    Judicial Notice ...............................................................................................................5

    Documents Incorporated by Reference in the Complaint ..............................................5

    Particularity Requirement..............................................................................................6

ARGUMENT.......................................................................................................................6

POINT I
TEMAN'S CLAIMS FOR LEGAL MALPRACTICE AND BREACH OF  FIDUCIARY
DUTY ARE TIME-BARRED ..............................................................................................6

    A.  Legal Malpractice Claim Expired February 22, 2025 ........................................ 6

    B.  Teman's Breach of Fiduciary Duty Claim in Connection with the Representation
        Expired February 21, 2025 ................................................................................. 7

    C.  Teman's Incarceration, Confinement, and/or Illness Do Not Toll the Statute of
        Limitations.......................................................................................................... 9

POINT II
TEMAN FAILS TO STATE A CLAIM FOR MALPRACTICE.................................................10

    A.  Teman Does Not Plausibly Allege Negligence.................................................. 10

    B.  Teman Does Not and Cannot Allege Proximate Causation Because of the
        Intervening Act of Another Firm's Representation of Teman.............................11

    C.  Teman Alleges No Recoverable Damages........................................................ 12

POINT III
TEMAN FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT  BECAUSE
HE DOES NOT ALLEGE A PROMISE TO OBTAIN A SPECIFIC RESULT.........................12

    A.  Teman Fails to Allege a Promise to Obtain a Specific Result .......................... 12

4910-6467-1865.v16

B. Teman's Claim that Defendants Failed to Complete the Representation Is Contradicted by Teman's Admission that He Fired Defendants ........................................ 13

C. Teman's Breach of Contract Claim Based on Work by a Legal Assistant Fails Because the Engagement Letter He Signed Expressly Authorizes Delegation of Work to Associates and Non-Legal Staff ........................................................................... 13

D. Teman's Breach of Contract Claim Based on the Ankle Monitor Modification Fails Because He Does Not Allege the Required Element of Damages .......................... 14

POINT IV
TEMAN'S CLAIMS SOUNDING IN FRAUD LACK PARTICULARITY, ARE IMPLAUSIBLE, ARE DUPLICATIVE OF HIS MALPRACTICE CLAIM, AND FAIL TO STATE CLAIMS ......................................................................................................... 15

A. Teman's Fraud Claims Are Duplicative of the Malpractice and Breach of Contract Claims ........................................................................................................................... 15

B. Teman's Group Pleading Is Defective ........................................................................... 16

C. Conclusory Allegations of Scienter Are Not Sufficient .................................................. 16

D. CLM Engagement Letter Authorizes Use of Associates and Non-Legal Staff ................ 17

E. Judge Englemayer Ordered Outgoing SDNY Counsel to Assist Teman with Ankle Monitor Removal Request ............................................................................................... 17

F. Teman's Claim of Fraud During the Representation Fails to Allege Misrepresentation or Cognizable Injury ........................................................................... 18

G. Teman "Post-Termination" Fraud Claims Fail Because the Required Element of Reliance is Contradicted by Allegations in the Complaint ............................................... 19

H. Teman's Claim Concerning Marmur's Business Relationship with Shapiro is Not Actionable Against CLM Defendants ............................................................................... 20

POINT V
TEMAN'S REMAINING EQUITABLE CLAIMS ARE NOT VIABLE BECAUSE THEY ARE DUPLICATIVE OF HIS LEGAL MALPRACTICE AND  BREACH OF CONTRACT CLAIMS ......................................................................................................... 21

A. Unjust Enrichment Claim Is Duplicative of Malpractice and Contract Claim ................ 21

B. Equitable Accounting Is Duplicative of Contract Claim ................................................. 21

POINT VI
TEMAN'S JUDICIARY LAW SECTION 487 CLAIMS ARE DEFECTIVE ......................... 22

4910-6467-1865.v16

POINT VII
TEMAN'S CLAIMS BASED ON THE FILE TURNOVER BY CLM DEFENDANTS
ARE DEFECTIVE AND TIME-BARRED..................................................................24

    A.  Teman's Conversion Claims Are Time Barred ................................................. 24

    B.  Teman's Group Pleading Is Defective Because CLM Defendants Are Not Liable
       for Marmur's File Return................................................................................... 24

    C.  Teman Fails to State a Claim Against CLM Defendants for File Turnover ..................... 24

POINT VIII
TEMAN FAILED TO IMELY EFFECT SERVICE UNDER FRCP 4(M) .................................25

POINT IX
THE FUGITIVE DISENTITLEMENT DOCTRINE WARRANTS DISMISSAL....................26

POINT X
FORENSIC DISCOVERY AND LEAVE TO AMEND ARE FUTILE ......................................27

CONCLUSION............................................................................................................27

4910-6467-1865.v16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexim Holdings, LLC v. McAuliffe,*
  221 A.D.3d 641 (2d Dep't 2023)................................................................16

*All Vision LLC v. Paduano & Weintraub LLP,*
  No. 653605/2021, 2022 WL 406648 (Sup. Ct. N.Y. County Feb. 09, 2022)..........................11

*Anderson v. Greene,*
  14 Civ. 10249 (KPF), 2016 WL 4367960 (S.D.N.Y. Aug. 10, 2016)........................................6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..................................................................................5, 17

*Baker v. Dorfman,*
  239 F.3d 415 (2d Cir. 2000) ...............................................................................10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)..........................................................................................5

*Benjamin v. Allstate Ins. Co.,*
  127 A.D. 3d 1120 (2d Dep't 2015)....................................................................23

*Beth Isr. Med. Ctr. v Horizon Blue Cross & Blue Shield of New Jersey, Inc.,*
  448 F.3d 573 (2d Cir 2006) ...............................................................................21

*Bill Birds, Inc. v. Stein L. Firm, P.C.,*
  35 N.Y.3d 173 (N.Y. 2020) ...............................................................................23

*Blue Tree Hotels Investment v. Starwood Hotels & Resorts Worldwide, Inc.,*
  369 F.3d 212 (2d Cir. 2004) ...............................................................................8

*Calcutti v. SBU, Inc.,*
  224 F. Supp. 2d 691 (S.D.N.Y. 2002) .........................................................12, 16

*Catsiapis v. Pardalis & Nohavicka, LLP,*
  219 A.D. 3d 563 (2d Dep't. 2023)....................................................................23

*CBI Cap. LLC v. Mullen,*
  19 Civ. 5219 (AT), 2020 WL 4016018 (S.D.N.Y. July 16, 2020) .........................................22

*Ciocca v. Neff,*
  No. 02 Civ. 5067 (LTS)(HBP), 2005 WL 1473819 (S.D.N.Y. June 22, 2005) .....................16

*Cooper v. Parsky,*
  140 F.3d 433 (2d Cir.1998) ........................................................................................7

*Corsello v. Verizon N.Y., Inc.,*
  18 N.Y.3d 777 (2012)................................................................................................21

*Curtis v. Berutti,*
  77 Misc. 3d 327 (Sup. Ct. Orange County 2022) ...............................................21, 22

*Delay v. HC2, Inc.,*
  25-73-cv, 2026 WL 366443 (S.D.N.Y. Feb. 10, 2026) ...........................................22

*Demopoulos v. Anchor Tank Lines,*
  LLC, 117 F. Supp. 3d 499 (S.D.N.Y. 2015)..............................................................5

*Diamond v. Sokol,*
  468 F. Supp. 2d 626 (S.D.N.Y. 2006) ......................................................................13

*DiMuro v. Clinique Lab'ys, LLC,*
  572 F. App'x 27 (2d Cir. 2014) .................................................................................6

*Dombrowski v. Bulson,*
  19 N.Y.3d 347 (2012)................................................................................................12

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,*
  282 F.3d 83 (2d Cir. 2002) .......................................................................................27

*ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.,*
  553 F.3d 187 (2d Cir. 2009) .......................................................................................6

*Glamm v. Allen,*
  57 N.Y.2d 87 (1982)....................................................................................................7

*Grosso v. Radice,*
  No. 07-cv-3620 (JS)(WDW), 2009 WL 749906 (E.D.N.Y. Mar. 16, 2009)..............7

*Guaranty Trust Co. v. York,*
  326 U.S. 99 (1945).......................................................................................................6

*Guggenheim v. Lubell,*
  77 N.Y.2d 311 (1991).................................................................................................24

*Hirsch v. Arthur Andersen & Co.,*
  72 F.3d 1085 (2d Cir. 1995) .......................................................................................8

*Jang Ho Choi v. Beautri Realty Corp.,*
  135 A.D.3d 451 (1st Dep't 2016) ...............................................................................9

*United States ex rel. Kester v. Novartis Pharms. Corp.,*
   23 F. Supp. 3d 242 (S.D.N.Y. 2014) ..................................................................................6

*Koehler v. Metro. Transportation Auth.,*
   214 F. Supp. 3d 171 (E.D.N.Y. 2016) ...............................................................................5

*Kogan v. Facebook, Inc.,*
   334 F.R.D. 393 (S.D.N.Y. 2020) .....................................................................................25

*Kozmol v. Law Firm of Allen L. Rothenberg,*
   241 A.D.2d 484 (2d Dep't 1997) ......................................................................................11

*Lambro Indus., Inc. v. Gilbert,*
   233 A.D.3d 765 (2d Dep't 2024) ........................................................................................7

*Law Debenture Trust Co. of New York v. Maverick Tube Corp.,*
   595 F.3d 458 (2d Cir. 2010) .............................................................................................14

*In re Livent, Inc. Noteholders Sec. Litig.,*
   151 F. Supp. 2d 371 (S.D.N.Y. 2001) ..............................................................................19

*Makhnevich v. MTGLQ Invs., L.P.,*
   19 Civ. 72 (AT) (SN), 2021 WL 3406484 (S.D.N.Y. Aug. 4, 2021) ...............................22

*Mentus v. Gallina Dev. Corp.,*
   No. 6:25-CV-06122 EAW CDH, 2025 WL 2778114 (W.D.N.Y.
   Sept. 30, 2025) ...................................................................................................................3

*Michelo v. Nat'l Collegiate Student Loan Tr.,*
   419 F. Supp. 3d 668 (S.D.N.Y. 2019) ..............................................................................23

*Perry v. NYSARC, Inc.,*
   424 F. App'x 23 (2d Cir. 2011) ..........................................................................................5

*Press v. Primavera,*
   685 F. Supp. 3d 216 (S.D.N.Y. 2023) ................................................................................5

*Prout v. Vladeck,*
   316 F. Supp. 3d 784 (S.D.N.Y. 2018) .........................................................................10, 11

*Prysm Grp., LLC v. Emeritus Inst. of Mgmt. PTE LTD,*
   No. 24 CIV. 9305 (VM), 2025 WL 1827274 (S.D.N.Y. July 2, 2025) ...........................20, 21

*Rosado v. Legal Aid Soc.,*
   12 A.D.3d 356 (2d Dep't 2004) ........................................................................................12

*Ross v. Mashkanta, LLC,*
   No. 508310/2019, 2022 WL 72764 (Sup. Ct. N.Y. County Jan. 06, 2022) ......................19

*Sec. and Exch. Comm'n v. Berger*,
    322 F.3d 187 (2d Cir. 2003) ...................................................................................26

*Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP*,
    No. 12 CIV. 9459 (PAE), 2013 WL 3357921 (S.D.N.Y. July 2, 2013), aff'd,
    552 F. App'x 79 (2d Cir. 2014) ..............................................................................11

*Shumsky v. Eisenstein*,
    96 N.Y.2d 164 (2001) ...............................................................................................7

*SmartStream Techs., Inc. v. Chambadal*,
    17-cv-2459 (VSB), 2018 WL 1870488 (S.D.N.Y. Apr. 16, 2018) ........................22

*Sulieman v. Igbara*,
    599 F. Supp. 3d 113 (E.D.N.Y. 2022) ...................................................................16

*Teman v. United States Prob. Serv.*,
    25-civ-4699 (PAE), 2025 WL 1883841 (S.D.N.Y. July 8, 2025) ....................2, 26

*Teman v. United States Probation Services*,
    No. 25-1895 (2d Cir.), ECF No. 33.1 .....................................................................26

*Teman v. Zeldes Needle Cooper LLP*,
    No. 24-CV-09830 (LJL), 2025 WL 3778680 (S.D.N.Y. Dec. 31, 2025).........*passim*

*Thompson v. Metro. Transp. Auth.*,
    112 A.D.3d 912 (2d Dep't 2013).............................................................................9

*Tortura v. Sullivan Papain Block McGrath & Cannavo*,
    P.C., 21 A.D.3d 1082 (2d Dep't 2005)...................................................................13

*Treasure Lake Assocs. v. Oppenheim*,
    No. 98-7329, 1998 WL 777447 (2d Cir. Oct. 29,1998) ........................................23

*United States v. Awadalla*,
    357 F.3d 243 (2d Cir. 2004) ...................................................................................26

*United States v. Stewart*,
    433 F.3d 273 (2d Cir. 2006) .....................................................................................4

*United States v. Teman*,
    19-cr-696 (PAE), ECF Nos. 253, 278, 296, 299, 383, 394, 396, 402, 581
    (S.D.N.Y. Sept. 17, 2021)........................................................................................17

*United States v. Teman*,
    2025 WL 1766738 (S.D.N.Y. June 26, 2025) .................................................4, 9, 10

*United States v. Teman,*
    21-1920-cr, 2023 WL 3882974 (2d Cir. June 8, 2023) ...........................................1, 3

*United States v. Teman,*
    No. 19-cr-696 (PAE), 2025 WL 296330 (S.D.N.Y. Jan. 24, 2025) .................................*passim*

*United States v. Teman,*
    No. 19-cr-696-1 (PAE), ECF Nos. 373, 375, 376, 379, 382, 400, 406, 414,
    450, 453, 454, 471, 474, 475, 478, 480, 495-497, 531, 534, 536 (S.D.N.Y.) ...........................9

*United States v. Teman,*
    No. 21-1920, ECF Nos. 47, 53, 56, 66, 68, 69, 75, 90, 133, 169 (2d Cir. Feb.
    22, 2022) ...............................................................................................3, 7, 9, 18

*United States v. Teman,*
    No. 21-1920-cr, 2022 WL 1748135 (S.D.N.Y. filed May 25, 2022) ...................................3, 18

*United States v. Teman,*
    No. 24-345 (2d Cir.), ECF No. 84 (Oct. 30, 2025)...............................................2, 26

*Wade Park Land Holdings, LLC v. Kalikow,*
    No. 21-cv-1657 (LJL), 2023 WL 2614243 (S.D.N.Y. Mar. 23, 2023), *aff'd sub*
    *nom. In re Wade Park Land Holdings, LLC,* No. 23-591-BK, 2024 WL
    3024648 (2d Cir. June 17, 2024) ...........................................................................6

*Wahid v. New York City Dep't of Fin.,*
    204 A.D.3d 559 (1st Dep't 2022) ...........................................................................9

*Williams v. Regus Mgmt. Grp., LLC,*
    No. 10 CIV. 8987, 2012 WL 1890384 (S.D.N.Y. May 15, 2012) ...........................................3

*Xie v. Lin,*
    No. 06 Civ. 142 (DAB), 2007 WL 423806 (S.D.N.Y. Feb. 7, 2007)...........................................7

**Statutes**

CPLR 208 ...........................................................................................................9

CPLR 214(3).........................................................................................................24

CPLR 214(4).........................................................................................................7

CPLR 214(6).........................................................................................................1, 6

**Other Authorities**

FRCP 4(m)...........................................................................................................1, 4, 25

FRCP 12(b)(6) .......................................................................................................1, 5

Defendants Alan S. Lewis ("Lewis") and Carter Ledyard & Milburn LLP ("CLM," collectively, "CLM Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the amended complaint ("Complaint") of Plaintiff Ari Teman ("Teman") for failure to state a claim under FRCP 12(b)(6), failure to timely serve under FRCP 4(m), and based on the fugitive disentitlement doctrine.[1]

## PRELIMINARY STATEMENT

Teman brings this case in an attempt to blame CLM and its co-counsel for the outcome of a criminal appeal that CLM and its co-counsel *did not handle*. That is, after CLM provided Teman with a draft appellate brief, Teman abruptly fired CLM (and its co-counsel) and instead hired Eden Quainton, Esq.—who then handled Teman's appeal through its unsuccessful conclusion. Teman's amended complaint, which demotes his malpractice claim to count fourteen and attempts to recast his grievances in thirteen other causes of action, cannot disguise that his claims all sound in malpractice, that they are foundationally defective—and time-barred.

Since Quainton, and not CLM, represented Teman in his appeal (and in his subsequent collateral challenges to his conviction)[2] Teman cannot show that his *previous* representation by CLM was a proximate cause of the affirmance of his conviction. Further, since, as evidenced by docket entries, Teman terminated CLM as his counsel more than three years before filing the initial complaint on October 3, 2025. Teman's malpractice claims are time-barred under CPLR 214(6).

As Teman should know,[3] because the CLM engagement letter did not promise a specific result, his other claims are duplicative of the time-barred malpractice claim. They are also

---

[1]  This Memorandum of Law assumes familiarity with Teman's conviction and campaign of vexatious litigation. *See* n.3–4, *infra.*

[2]  *See, e.g., United States v. Teman*, 21-1920-cr, 2023 WL 3882974 (2d Cir. June 8, 2023); *United States v. Teman*, No. 19-cr-696 (PAE), 2025 WL 296330 (S.D.N.Y. Jan. 24, 2025).

[3]  *See Teman v. Zeldes Needle Cooper LLP*, 24-cv-09830, 2025 WL 3778680 (S.D.N.Y. Dec. 31, 2025).

defective, conclusory, implausible, and inconsistent with the engagement letter terms and with allegations in the Complaint. For example, Teman asserts a breach of contract claim against CLM for failing to represent him through the decision on his appeal, even though Teman indisputably and demonstrably fired CLM before his appeal brief was filed.

Finally, Teman is a fugitive[4] whose claimed Florida address is a strip-mall United Parcel Service store, which will frustrate efforts to enforce orders and remedies in this proceeding. For these reasons, and because amendment and forensic discovery would be futile, the Complaint should be dismissed with prejudice and his request for discovery denied.

## FACTUAL BACKGROUND

On August 30, 2021, Teman retained CLM and Nathaniel Z. Marmur, PLLC ("NMP") to represent him in connection with his appeal to the Second Circuit from his criminal conviction in the S.D.N.Y. Compl. ¶¶ 14–5. The engagement letter (incorporated by reference in the Complaint) provided for a flat fee of $200,000 and expressly disclaimed any guarantee of a particular result. It stated that CLM and NMP could involve other attorneys and support staff in addition to Messrs. Lewis and Marmur. *See* Compl. ¶ 16; Ex. A to Lewis Decl.

In February 2022, more than a week before the filing deadline, after months of work on Teman's appeal and the exchange of earlier drafts, CLM and NMP delivered to Teman a 53-page near-final draft appellate brief. *See* Compl. ¶¶ 18–23, 89; Ex. B to Lewis Decl. (draft brief, incorporated by reference in Complaint). Rather than provide comments, Teman fired CLM and NMP. *See* Compl. ¶ 20; Ex. C to Lewis Decl.

Because Teman abruptly fired CLM and NMP and instructed them not to file the appellate brief, CLM and NMP filed an unopposed motion to withdraw from the Second Circuit appeal,

---

[4]   *See, e.g., United States v. Teman*, No. 24-345 (2d Cir.), ECF No. 84 (Oct. 30, 2025); *Teman v. United States Prob. Serv.*, 25-civ-4699 (PAE), 2025 WL 1883841 (S.D.N.Y. July 8, 2025).

which the Court granted on February 22, 2022. *See* Exs. D, E to Lewis Decl., *United States v. Teman*, No. 21-1920, ECF Nos. 47, 53 (2d Cir. Feb. 22, 2022).

On March 1, 2022, Teman demanded that CLM and Marmur return the entire $200,000 flat fee plus pay another $200,000 to Teman. Compl. ¶¶ 37, 38, 85; Exs. G, H to Lewis Decl. (demand letter and response, incorporated by reference in Complaint).[5]

After hiring new counsel, Teman sought and obtained adjournments of the deadline to file the Second Circuit appellate brief. *United States v. Teman*, No. 21-1920, ECF Nos. 56, 69, 75. Teman's new counsel, Quainton Law, appeared in the case on April 14, 2022, and timely filed Teman's appellate brief on May 25, 2022. *United States v. Teman*, No. 21-1920, ECF Nos. 66, 68 (notice of appearance), 90 (brief and special appendix) (2d Cir.); *United States v. Teman*, No. 21-1920-cr, 2022 WL 1748135 (S.D.N.Y. filed May 25, 2022) (brief). Quainton Law also filed a reply and argued on Teman's behalf. *See id* at ECF No. 133 (reply); ECF No. 114 (oral argument). CLM and NMP's engagement thus ended months before any brief was filed (by Quainton) in the Second Circuit and more than three years before Teman commenced this action.

In June 2023, the Second Circuit affirmed Teman's conviction. *See United States v. Teman*, 21-1920-cr, 2023 WL 3882974 (2d Cir. June 8, 2023). Teman also had the opportunity to make additional arguments in his unsuccessful petition for rehearing or rehearing *en banc*. *United States v. Teman*, No. 21-1920, ECF. 169, (2d Cir. July 14, 2023. Teman's subsequent post-conviction motions under Rule 33 and 28 U.S.C. § 2255 were also denied. *See United States v. Teman*, 2025

---

[5] Teman waived any objection to the filing of his 3/1/22 letter by incorporating it by reference in the Complaint and by alleging that the response to his letter is actionable as fraud. *See Williams v. Regus Mgmt. Grp., LLC,* No. 10 CIV. 8987, 2012 WL 1890384 at *3 (S.D.N.Y. May 15, 2012) ("Rule 408 only bars the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim"); *Mentus v. Gallina Dev. Corp.,* No. 6:25-CV-06122 EAW CDH, 2025 WL 2778114, at *3 (W.D.N.Y. Sept. 30, 2025) (declining to strike demand letter when plaintiff submitted the response to that demand).

WL 296330 (S.D.N.Y. Jan. 24, 2025); *United States v. Teman*, 2025 WL 1766738 (S.D.N.Y. June 26, 2025). No deadlines were missed.

During this time, a period in which Teman now invokes tolling based on alleged incapacity and related personal circumstances, Teman was able to travel internationally. On January 28, 2022, he requested and was granted permission to travel to Australia to perform at the Melbourne Comedy Festival. *United States v. Teman,* No. 19-cr-696 (PAE), ECF No. 296 (S.D.N.Y. Jan. 28, 2022); *id.*, ECF No. 299 (S.D.N.Y. Feb. 10, 2022). Teman could have started serving his sentence before exhausting his appeals but chose not to and instead sought release on bail pending appeal; even after his appeal was denied he sought further extensions of the surrender date. *See id.*, ECF No. 253, 383, 394, 402. *Compare United States v. Stewart*, 433 F.3d 273, 280–81 (2d Cir. 2006) (noting that the stays of sentence were vacated and that the defendants served custodial terms before appellate proceedings concluded), with *United States v. Teman*, No. 19-cr-696 (PAE), ECF Nos. 253, 383, 394, 402. Any delay therefore was not a result of CLM Defendants' representation; it resulted from relief Teman himself requested and obtained.

Teman filed this action on October 3, 2025. He tried to avoid paying the filing fee (ECF #7), then hired a process server who delivered the Complaint to a different company in the same building as CLM, CT Corporation, which was not authorized to accept service for CLM or Lewis; the process server then filed an erroneous affidavit of service.[6] The Court need not address these facts because this purported service occurred more than 90 days after filing of the Complaint. The Court should dismiss on that basis under FRCP 4(m).

---

[6]  Lewis Declaration, ¶¶ 13–4. Pursuant to the Court's Individual Practice 2.J, additional docket items not reported in Westlaw and not included with the Lewis Declaration are annexed to the Declaration of Judith Wallace

## LEGAL STANDARD

### Plausibility Requirement

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must be dismissed if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679.

While the Court construes *pro se* pleadings liberally, *pro se* plaintiffs are not relieved of the requirement to plead enough facts that their claims are plausible. *Teman v. Zeldes Needle Cooper LLP*, 24-cv-09830, 2025 WL 3778680 at *4 (S.D.N.Y. Dec. 31, 2025). Here, Teman deserves "somewhat lesser solicitude because of his extensive experience with and schooling in the law." *Id*.

### Judicial Notice

While a court must generally accept as true all of the factual allegations asserted in the complaint, "there is a narrow exception to this rule for factual assertions that are contradicted . . . by facts of which the court may take judicial notice." *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011). District courts routinely take judicial notice, on a motion to dismiss, of public filings and entries on court dockets. *Press v. Primavera*, 685 F. Supp. 3d 216, 224 (S.D.N.Y. 2023); *Demopoulos v. Anchor Tank Lines*, LLC, 117 F. Supp. 3d 499, 507 (S.D.N.Y. 2015).

### Documents Incorporated by Reference in the Complaint

A court may consider the documents that a plaintiff refers to or relies on in the complaint under Rule 12(b)(6), even if the pleading fails to attach them. *See Koehler v. Metro. Transportation Auth.*, 214 F. Supp. 3d 171, 174 (E.D.N.Y. 2016). A defendant, in support of a motion to dismiss,

may also introduce a document that is referred to in the complaint but not attached to it. *Wade Park Land Holdings, LLC v. Kalikow*, 21-cv-1657 (LJL), 2023 WL 2614243, at *10 (S.D.N.Y. Mar. 23, 2023), *aff'd sub nom. In re Wade Park Land Holdings, LLC*, No. 23-591-BK, 2024 WL 3024648 (2d Cir. June 17, 2024).

### Particularity Requirement

Rule 9(b) requires that a complaint alleging fraud state the circumstances constituting fraud with particularity. *See, e.g., ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). A complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 30 (2d Cir. 2014) (citation omitted). Rule 9(b) "requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Kester v. Novartis Pharms. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y. 2014) (citation omitted).

### ARGUMENT

### POINT I
### TEMAN'S CLAIMS FOR LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY ARE TIME-BARRED

#### A.    Legal Malpractice Claim Expired February 22, 2025

CPLR 214(6)[7] provides a three-year limitations period for actions asserting legal malpractice (Count XIV). This time limit applies regardless of whether the claim is framed in tort or in contract. *Anderson v. Greene*, 14 Civ. 10249 (KPF), 2016 WL 4367960, at *26 (S.D.N.Y. Aug. 10, 2016).

---

[7]   Under the *Erie* doctrine, federal courts sitting in diversity jurisdiction must apply the substantive law of the forum state (here, New York), including its statutes of limitation. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 109–110 (1945).

A legal malpractice claim accrues at the time the alleged malpractice is committed—not when the plaintiff discovers the harm or when the consequences are fully realized. *See Glamm v. Allen*, 57 N.Y.2d 87, 95 (1982); *Xie v. Lin,* No. 06 Civ. 142 (DAB), 2007 WL 423806, at *3 (S.D.N.Y. Feb. 7, 2007).

New York's continuous representation doctrine tolls the running of the statute of limitations only until the end of the representation. *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 167–168, 71 (2001). Court records show that CLM Defendants' representation of Teman terminated on or about February 22, 2022. *United States v. Teman*, No. 21-1920, ECF Nos. 47, 53 (2d Cir. Feb. 22, 2022). Teman's malpractice claim is therefore time-barred.

**B.    Teman's Breach of Fiduciary Duty Claim in Connection with the Representation Expired February 21, 2025**

Teman's breach of fiduciary duty claim (Count VII) is also governed by a three-year statute of limitations because it seeks monetary relief. *See* CPLR 214(4); *Grosso v. Radice*, No. 07-cv-3620 (JS)(WDW), 2009 WL 749906, at *7 (E.D.N.Y. Mar. 16, 2009) (*citing Cooper v. Parsky*, 140 F.3d 433, 441 (2d Cir.1998)) ("under New York law, a claim for breach of fiduciary duty would be governed by a three-year limitations period if the action sought monetary relief but by a six-year period if the action sought equitable relief."). The statute of limitations begins to run when a plaintiff knew or should have known of the facts underlying the breach of fiduciary duty claim. *Id*. Teman admits that the representation had terminated by March 1, 2022, and the Second Circuit docket confirms that CLM Defendants' withdrawal was granted on February 22, 2022. *See* Compl. ¶¶ 37, 84; *United States v. Teman*, No. 21-1920, ECF Nos. 47, 53 (2d Cir. Feb. 22, 2022). That is when the three-year statute of limitations began to run. *Lambro Indus., Inc. v. Gilbert*, 233 A.D.3d 765, 768 (2d Dep't 2024).

-7-

Teman attempts to plead around this statute of limitations by alleging that his claims pertain only to post-termination statements about the representation, but the gravamen of those claims is the performance of the legal services during the representation, such as the alleged failure to keep Teman updated about progress on drafting, and who specifically was working on the brief. Compl. ¶ 106. These are claims about the representation and therefore are time-barred.

Further, Teman's claim that the response to his demand letter prevented him from knowing he had a claim is contradicted by the demand letter itself, which is incorporated by reference in his Complaint. It asserts most if not all of the false allegations set forth in the Complaint. *See* Ex. G to Lewis Decl., at 1–3. In that letter, Teman accused CLM and Marmur of having "failed on all counts," not having "read the transcripts for months," being "not prepared for months to begin an initial draft," delivering a draft "rife with material and very harmful errors," cutting off direct contact with him, and forcing him to "terminate [them] immediately"; he then threatened proceedings for "fraud . . . and violation of Judiciary Law Section 487." Ex. G to Lewis Decl. at 1–3. *Blue Tree Hotels Investment v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 222 (2d Cir. 2004) (affirming a Rule 12(b)(6) dismissal because an inference necessary to plaintiff's claim was "belied by the letters attached to the . . . complaint"); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint.").

And even if the breach of fiduciary duty claim were timely, it still must be dismissed because it is duplicative of Teman's defective malpractice claim for the reasons set forth in Point IV.A., *infra*.

-8-

C.     **Teman's Incarceration, Confinement, and/or Illness Do Not Toll the Statute of Limitations**

Teman alleges that the statutes of limitation should be tolled based on his home confinement and health conditions. Compl. ¶¶ 67–69. Generally, New York does not recognize equitable tolling of statutes of limitations for state-law causes of action. *Jang Ho Choi v. Beautri Realty Corp.*, 135 A.D.3d 451 (1st Dep't 2016). CPLR 208, the only statutory provision applicable here, provides for tolling only in cases of infancy or insanity.  That statute does not extend to incarceration. *Wahid v. New York City Dep't of Fin.*, 204 A.D.3d 559 (1st Dep't 2022) ("Although one of the petitioners was incarcerated for a portion of the period when the repairs were made, incarceration is not a disability that tolls the statute of limitations."). Nor does it apply to physical illness. *See Thompson v. Metro. Transp. Auth.*, 112 A.D.3d 912, 914 (2d Dep't 2013) (rejecting attempts to invoke the "insanity toll" for hospital stay that includes temporary physical or medically induced conditions that do not amount to an overall inability to function in society and to protect legal rights).

Moreover, Teman remained active and engaged with the legal system throughout the relevant period.  Teman submitted scores of motions and letters—including motions to modify conditions of release, requests to travel abroad, and challenges to rulings between February 22, 2022 and the date he filed the Complaint.[8] Teman retained the capacity to pursue legal remedies and defend his rights, and he admits he made a tactical choice not to sue earlier. *See* Compl.¶ 71.

---

[8]    *See, e.g., United States v. Teman*, No. 21-1920, ECF Nos. 68, 90, 133, 169 (2d Cir.); *United States v. Teman*, No. 19-cr-696-1 (PAE), ECF Nos. 373, 375, 376, 379, 382, 400, 406, 414, 450, 453, 454, 471, 474, 475, 478, 480, 495–497, 531, 534, 536 (S.D.N.Y.); *United States v. Teman*, 2025 WL 296330 (S.D.N.Y. Jan. 24, 2025); *United States v. Teman*, 2025 WL 1766738 (S.D.N.Y. June 26, 2025).

## POINT II
## TEMAN FAILS TO STATE A CLAIM FOR MALPRACTICE

Under New York law, a legal-malpractice claim fails unless the plaintiff plausibly alleges three elements: (i) attorney negligence, (ii) but-for proximate causation, and (iii) actual, ascertainable damages. *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000). Teman cannot sufficiently allege these elements here because he fined CLM and NMP and another law firm represented Teman on his appeal.

### A.    Teman Does Not Plausibly Allege Negligence

To plead negligence in a legal malpractice context, a plaintiff must allege that the attorney's conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession. *Prout v. Vladeck*, 316 F. Supp. 3d 784, 798 (S.D.N.Y. 2018). "[A] complaint that essentially alleges either an error in judgment or a selection of one among several reasonable courses of action fails to state a claim for malpractice." *Id.*

Teman's allegations do not meet this standard. Teman does not identify what specific errors or omissions CLM's and NMP's draft brief contained, or how they materially deviated from professional norms. Even if he had, CLM Defendants provided Teman with a 53-page page draft brief more than a week before the filing deadline, giving ample time for feedback and revisions. *See* Ex. B to Lewis Decl. at 1. Replacement counsel also had ample time to revise the appellate brief, and their main additions were unsuccessful attacks on prosecutors and judges. *See* Lewis Decl. ¶¶ 4, 10; *compare* Ex. B *with* Ex. I to Lewis Decl. Teman failed to identify any persuasive grounds to vacate his conviction after CLM was replaced, either in the appeal itself or in multiple post-conviction remedies, including motions under Rule 33 and 28 U.S.C. § 2255, all of which were denied. *United States v. Teman*, 2025 WL 296330 (S.D.N.Y. Jan. 24, 2025); *United States v. Teman*, 2025 WL 1766738 (S.D.N.Y. June 26, 2025).

-10-

**B.    Teman Does Not and Cannot Allege Proximate Causation Because of the Intervening Act of Another Firm's Representation of Teman**

Under New York law, to establish proximate or "but for" causation, the plaintiff must show that, but for the attorney's conduct, he would have prevailed in the underlying action or achieved a more favorable result. *Prout*, 316 F. Supp. 3d at 799.

Teman cannot meet this standard because, as set forth at p. 3–4, *supra*, he terminated CLM and NMP and hired another law firm, which ultimately filed Teman's appeal.  It is "well-settled" that a client's retention of replacement counsel with sufficient opportunity to represent the client is an intervening act "severing the chain of causation" such that the original attorney's alleged negligence cannot be the proximate cause of any alleged injury. *Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP,* No. 12 CIV. 9459 (PAE), 2013 WL 3357921, at *6 (S.D.N.Y. July 2, 2013), aff'd, 552 F. App'x 79 (2d Cir. 2014) (collecting authority) (dismissing malpractice claim for lack of proximate cause against lawyers who were replaced five months before settlement agreement concluded); *see Kozmol v. Law Firm of Allen L. Rothenberg,* 241 A.D.2d 484 (2d Dep't 1997) (dismissing case on summary judgment for lack of proximate cause, because plaintiff had replaced counsel and had 120 days to remedy issue caused by law firm negligence); *All Vision LLC v. Paduano & Weintraub LLP*, No. 653605/2021, 2022 WL 406648, at *2 (Sup. Ct. N.Y. County Feb. 09, 2022) (dismissing the malpractice claim because of the intervening independent representation of the replacement lawyers and their decision, which makes the causal nexus too tenuous).

-11-

Quainton Law filed Teman's appellate brief months after Defendants withdrew. The replacement counsel had ample opportunity to address the case, breaking the chain of causation between any alleged negligent act of CLM Defendants and any alleged injury to Teman.[9]

### C.    Teman Alleges No Recoverable Damages

The Complaint also fails to allege any recoverable damages for Teman's malpractice claim. Compl. ¶ 138. This is fatal because in *Dombrowski v. Bulson,* 19 N.Y.3d 347 (2012), the New York Court of Appeals held that nonpecuniary losses, including loss of liberty, are not compensable in legal malpractice claims, even when they arise from criminal proceedings.  Even if Teman had been in prison longer than necessary, that would not sustain a malpractice action where the Plaintiff does not attempt to and cannot assert his innocence. *See, e.g., Rosado v. Legal Aid Soc.,* 12 A.D.3d 356, 357, (2d Dep't 2004). Here, Teman did not serve additional prison time; rather, adjournments allowed Teman to delay serving his prison sentence. Accordingly, Teman's legal malpractice claim must be dismissed in its entirety.

### POINT III
### TEMAN FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT BECAUSE HE DOES NOT ALLEGE A PROMISE TO OBTAIN A SPECIFIC RESULT

Teman's fifth cause of action asserts a breach of contract claim for the same grievances.

### A.    Teman Fails to Allege a Promise to Obtain a Specific Result

As this Court held in Teman v. Zeldes Needle Cooper LLP,

Under New York law, "a breach of contract claim against an attorney based on a retainer agreement may be sustained only where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so." *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 701 (S.D.N.Y. 2002) (*quoting Pacesetter Commc'ns v. Solin & Breindel*, 150 A.D.2d 232, 541 N.Y.S.2d 404, 406 (1st Dep't 1989)). If the Plaintiff does not allege facts to support that Defendants breached a specific promise in the contract, the breach of contract claim is a "redundant

---

[9]   Even before the termination of Defendants, Teman's failure to provide comments and refusal to permit CLM to revise the draft also would preclude any recovery.

pleading of a malpractice claim and should be dismissed." *Senise v. Mackasek*, 227
A.D.2d 184, 642 N.Y.S. 2d 241, 242 (1st Dep't 1996).

24-cv-09830, 2025 WL 3778680 at *8 (S.D.N.Y. Dec. 31, 2025); *see also Tortura v. Sullivan Papain Block McGrath & Cannavo*, P.C., 21 A.D.3d 1082, 1083 (2d Dep't 2005) (breach of contract claim properly dismissed as duplicative of legal malpractice where it arose from the same facts as the malpractice claim); *Diamond v. Sokol*, 468 F. Supp. 2d 626, 640 (S.D.N.Y. 2006) (dismissing breach of contract claim as duplicative of legal malpractice claim where the alleged breach was only a failure to meet general professional standards, not a specific promise of result).

Teman alleges no express promise by CLM Defendants to obtain a particular result. The alleged promises on which he relies concern the scope, staffing, and the manner of the representation, not a promise of success on appeal. *See* Compl. ¶¶ 15–16, 100.

**B.    Teman's Claim that Defendants Failed to Complete the Representation Is Contradicted by Teman's Admission that He Fired Defendants**

Teman alleges that Defendants breached the engagement letter by failing to complete the representation through a Second Circuit decision and by "abandoning" the representation at the filing deadline. Compl. ¶ 100(b), (e). But the Complaint and documents incorporated by reference unambiguously demonstrate that Teman fired the CLM Defendants. *See* Compl. ¶¶ 20, 37; Ex. C to Lewis Decl.  CLM Defendants could not continue to represent Teman after they were fired by Teman and discharged from the matter by court order.  *See* Compl. ¶¶ 20, 37; Ex. E to Lewis Decl.

**C.    Teman's Breach of Contract Claim Based on Work by a Legal Assistant Fails Because the Engagement Letter He Signed Expressly Authorizes Delegation of Work to Associates and Non-Legal Staff**

Teman also argues that the CLM Defendants breached the terms of the engagement letter by delegating work to associates and a legal assistant. Compl. ¶¶ 23–24, 100(a).

Even if it were true that a paralegal performed substantial work on the Teman brief, which it is not, Teman's own pleading acknowledges that the engagement letter permitted support staff,

"including paralegals, who are not attorneys," to be involved in document preparation. Compl. ¶ 16; *see also* Ex. A to Lewis Decl. Teman countersigned this engagement letter, confirming his agreement. *See id.* Lewis is identified in the engagement letter as the responsible attorney. *See id.* The engagement letter must be read as a whole, to harmonize the two provisions, and the only possible construction is that Lewis will supervise other attorneys and staff. *See Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 468 (2d Cir. 2010).

Even if the issue were not dispositively resolved by express agreement, industry custom and practice would dictate the same result. Under the New York Rules of Professional Conduct, the means by which the objectives of the representation are to be achieved are typically the lawyer's responsibility. *See* NYRPC 1.2(A) and Comments 1 & 2.

### D.    Teman's Breach of Contract Claim Based on the Ankle Monitor Modification Fails Because He Does Not Allege the Required Element of Damages

Teman also alleges that Defendants breached the engagement letter by failing to file a request to modify his bail conditions relating to his ankle monitor. Compl. ¶ 100(c). But even accepting Teman's allegations, this does not state a contract claim against CLM Defendants because Teman alleges no damages from that alleged breach. The engagement letter allegedly required Defendants "without additional charge" to make the request; Teman alleges that he filed the request himself, *pro se*; and he further alleges that Judge Engelmayer granted the requested modification. Compl. ¶¶ 15, 17. Thus, no damage was caused by CLM Defendants' alleged failure to file the request.

The claim is also implausible because the docket shows that, shortly after the engagement letter was signed, the district court directed Teman's recently withdrawn trial counsel—not CLM Defendants—to assist him with completing the bail-modification process. *See United States v.*

*Teman*, No. 19-cr-696 (PAE), ECF No. 278 (S.D.N.Y. Sept. 17, 2021) ("[T]he Court directs Mr. Teman's recently withdrawn counsel to assist him forthwith with completing this process.").

**POINT IV**
**TEMAN'S CLAIMS SOUNDING IN FRAUD LACK PARTICULARITY,**
**ARE IMPLAUSIBLE, ARE DUPLICATIVE OF HIS MALPRACTICE CLAIM,**
**AND FAIL TO STATE CLAIMS**

Teman's allegations of fraud in Counts I (fraud in the inducement), II (fraud during the representation), and III (post-termination fraud) all arise out of the attorney-client relationship and thus sound in malpractice, not fraud, and fail to state claims for fraud.

**A.     Teman's Fraud Claims Are Duplicative of the Malpractice and Breach of Contract Claims**

Even if Teman had adequately pled the elements of fraud, his fraud claims against the CLM Defendants must be dismissed because they are duplicative of his malpractice and breach of contract claims.

Here, Teman asserts fraud based on representations about the legal work, who performed the legal work, the sufficiency of the legal work on the ankle monitor modification, adjournments of deadlines, and whether the agreed flat fee exceeded what Teman would have paid at an hourly rate. Compl. ¶¶ 38, 73, 76–82, 87–91. Those issues are "not collateral to an attorney engagement" but are "central to it". They do not allege "a duty independent of [Defendants'] duty to perform under the engagement letter." *Teman v. Zeldes Needle Cooper LLP*, 24-CV-09830, 2025 WL 3778680 at *9 (S.D.N.Y. Dec. 31, 2025).

As this Court held in *Teman v. Zeldes Needle Cooper LLP*, since the claims arise out of the attorney-client relationship set forth in the engagement letter, Teman must allege "(1) a legal duty separate and apart from the contractual duty to perform; (2) a fraudulent representation collateral or extraneous to the contract; or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages." *Teman v. Zeldes*

-15-

*Needle Cooper LLP*, 24-CV-09830, 2025 WL 3778680 at \*8 (S.D.N.Y. Dec. 31, 2025), *quoting Calcutti*, 224 F. Supp. 2d at 698. A fraud claim that is premised on the same acts of alleged nondisclosure and misrepresentations as a legal malpractice claim should be dismissed as duplicative. *Id.*

Under New York law, a breach of fiduciary duty claim against an attorney will be dismissed as duplicative of a legal malpractice claim if the essence of the claim is that the attorney failed to exercise the degree of skill commonly exercised by an ordinary member of the legal community. *See Ciocca v. Neff*, No. 02 Civ. 5067 (LTS)(HBP), 2005 WL 1473819, at \*5 (S.D.N.Y. June 22, 2005); *see also Alexim Holdings, LLC v. McAuliffe*, 221 A.D.3d 641, 644 (2d Dep't 2023) ("since the causes of action alleging breach of fiduciary duty and breach of contract … arose from the same operative facts as the legal malpractice cause of action and did not allege distinct damages, they were duplicative of the legal malpractice cause of action and thus, also subject to dismissal"). Teman does not allege any damages that are distinct from those asserted in the malpractice and breach of contract claims.

### B.    Teman's Group Pleading Is Defective

The Complaint attributes alleged misrepresentations collectively to all "Defendants" without distinguishing among the four. *See e.g.*, Compl. ¶ 21. Group pleading like this does not satisfy the particularity demands of Rule 9(b). *See Sulieman v. Igbara*, 599 F. Supp. 3d 113, 123 (E.D.N.Y. 2022) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").

### C.    Conclusory Allegations of Scienter Are Not Sufficient

The Complaint includes only a conclusory omnibus allegation of scienter, asserting that "the objective chronology … supports the inference" of misstatements of fact. Compl. ¶ 26. Courts routinely dismiss fraud claims pled with conclusory recitation of the intent requirement. *See, e.g.,*

-16-

*Teman v. Zeldes Needle Cooper LLP*, 24-CV-09830, 2025 WL 3778680 at \*9 (S.D.N.Y. Dec. 31, 2025).

### D.   CLM Engagement Letter Authorizes Use of Associates and Non-Legal Staff

The first ground for Teman's claim for fraud in the inducement concerns work by other lawyers and non-legal staff. As set forth above at Point III.C, this assertion, even if true, is not fraud. Teman's allegation that a paralegal did substantial work on the brief is speculative, based on his generative artificial intelligence review of his client file. ECF No. 31-4 (5/12/26 Teman ltr.), Ex. D at n.1). If metadata show a paralegal was the first and last person in a brief, that is consistent with setting up brief formatting in the beginning, and checking citations to cases and the record at the end, and is not plausible evidence that the paralegal did all intervening legal work.[10] *See Iqbal*, 556 U.S. at 678.

### E.   Judge Englemayer Ordered Outgoing SDNY Counsel to Assist Teman with Ankle Monitor Removal Request

The second assertion in Teman's claim for fraud in the inducement is that Defendants did not file Teman's request to temporarily remove his ankle monitor. However, that conclusory allegation of intent to defraud is contradicted by the docket entries. Two weeks after the engagement letter, the district court ordered outgoing counsel for Teman to assist him with this task. *United States v. Teman,* 19-cr-696 (PAE), ECF No. 278 (S.D.N.Y. Sept. 17, 2021) ("[T]he Court directs Mr. Teman's recently withdrawn counsel to assist him forthwith with completing this process."). Finally, Teman cannot allege any monetary damages since CLM did not charge for this task, Teman did not pay anyone else, and the request was granted. *See* Compl. ¶ 17.

---

[10] *See supra*, at Point III/C.

**F.      Teman's Claim of Fraud During the Representation Fails to Allege Misrepresentation or Cognizable Injury**

For his claim of fraud *during* the representation, Teman alleges that the Defendants failed to disclose "the true state of readiness" of the brief in an adjournment request to the Court.  Compl. ¶ 80.  Teman alleges that Defendants' statement to the Court that Defendants "needed more time to become familiar with the record," did not include details in an email Teman received from Alan Lewis five days earlier stating that review of the trial transcript was still underway.  *See* Comp. ¶ 81.  There are two problems with this fraud theory: the two statements are consistent,  and at best they show detail omitted from the public filing, not withheld from Teman.

Teman's claims that he was damaged because he "lost the window" to retain and prepare substitute counsel is contradicted by the fact that Teman obtained substitute counsel on April 14, 2022, sought and was granted further extensions, and his appellate brief was filed on May 25, 2022. *See United States v. Teman*, No. 21-1920, ECF Nos. 66, 68 (Quainton notice of appearance), 90 (brief and special appendix) (2d Cir.); *United States v. Teman*, 2022 WL 1748135 (S.D.N.Y. filed May 25, 2022) (brief).

Finally, Teman claims that alleged misrepresentations during the representation about the status of the brief caused him to delay filing this action. That is contradicted by Teman's March 1, 2022 letter, incorporated by reference in the Complaint, which shows that Teman knew the status of the brief at that time because he had received the near-final brief. In that letter, Teman accused CLM and Marmur of not having "read the transcripts for months," being "not prepared for months to begin an initial draft," delivering a draft "with little time before the filing deadline" that was "rife with material and very harmful errors," and causing him "extreme urgency and desperation for new counsel." Ex. G to Lewis Decl. at 1–3. He further threatened proceedings for "fraud . . . and violation of Judiciary Law Section 487." *Id.* at 3.

-18-

### G.    Teman "Post-Termination" Fraud Claims Fail Because the Required Element of Reliance is Contradicted by Allegations in the Complaint

Finally, Teman argues that CLM's March 3, 2022 response to his demand letter, rejecting the accusations and demands in Teman's March 1, 2022 letter, are independently actionable as fraud. *See* Compl. ¶¶ 83–94.

Teman claims that he relied on the rebuttal of his March 1, 2022 allegations, and was thereby harmed because he delayed investigation and pursuit of his claims against Defendants (Compl. 93). Teman cannot toll the statute of limitations for malpractice indefinitely by not asking for his file. *See Ross v. Mashkanta, LLC,* No. 508310/2019, 2022 WL 72764, at *4 (Sup. Ct. N.Y. County Jan. 06, 2022) ("the limitations period could become incalculable" if based on a continuing omission).

This allegation of concealment is contradicted by the Complaint. Courts need not accept pleadings that are "contradicted … by statements in the complaint itself." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001). Teman admits in the Complaint that he was in "continuous pursuit" and sent follow up demands on March 30, 2022 (Compl. ¶ 94) and June 2023 (Compl. ¶ 65), but that for tactical reasons he chose not to commence an action against Defendants until after the appeal was decided. (Compl. ¶ 71).

In Paragraph 87 (representation one), Teman describes a dispute over performance, not a concealment of facts. Teman admits he received an email from CLM concerning status of preparation, and by then he also had the near-final brief, so could judge the status for himself. In Paragraph 88 (representation two), Teman objects to a statement about the amount of time spent by CLM attorneys, but that is not a material or actionable issue because Teman agreed to a flat fee. In Paragraph 89 (representation three) Teman alleges that the representation that the brief was prepared by "the Firm" misleadingly suggested to Teman that it was prepared by Mr. Lewis and

-19-

not, as the engagement letter authorizes, a team supervised by Mr. Lewis. However, the quote and letter show that CLM simply did not say what Teman claims. In Paragraph 90 (representation four), Teman alleges that CLM mischaracterized earlier communications with Teman about prior drafts of the brief. But that is a dispute about past conduct, not deception of Teman, since Teman was a party to the conversations at issue. Finally, in Paragraph 91 (representation five), Teman disputes CLM's statement that it drafted the letters to the Court about bail conditions and did other out of scope work at no charge, but Teman does not allege that he was deceived, which is a required element of a fraud claim. The March 1 and March 3, 2022 letters, which are incorporated by reference, show the statements in context and confirm this. *See* Lewis Decl., at 8–9, Exs. G, H.

### H.    Teman's Claim Concerning Marmur's Business Relationship with Shapiro is Not Actionable Against CLM Defendants

Finally, Teman fails to state a fraud claim against the CLM Defendants based on the alleged nondisclosure of an alleged landlord-tenant (or similar) relationship between Shapiro Arato Bach LLP and Marmur. (Compl. 116–123). The complaint does not allege two of the required elements: first, that CLM knew or had any duty to disclose or made any false statement of fact to Teman about this issue. *See Prysm Grp., LLC v. Emeritus Inst. of Mgmt. PTE LTD,* No. 24 CIV. 9305 (VM), 2025 WL 1827274, at *7 (S.D.N.Y. July 2, 2025).

Second, the Complaint does not plead material misrepresentation or omission attributable to Lewis or CLM. The complaint concedes the CLM Defendants' lack of actual knowledge. Without knowledge there is no duty to disclose and therefore no omission. Paragraph 121 alleges that Teman relied on Shapiro's referral and Shapiro's March 2 statement. It does not allege that he relied on any statement by Lewis or CLM. There is no particularity pleaded—when multiple defendants are sued, Teman is required to allege particular allegations pertaining to what each

defendant did and when. Accordingly, the claim fails under Rule 12(b)(6) and Rule 9(b). *See id.* at *10–11. It is also duplicative of the legal malpractice claim.

Finally, the claim is defective for the reason set forth in Point I of the memorandum of law of Shapiro Arato Bach LLP and Alexandra Shapiro.

## POINT V
## TEMAN'S REMAINING EQUITABLE CLAIMS ARE NOT VIABLE BECAUSE THEY ARE DUPLICATIVE OF HIS LEGAL MALPRACTICE AND BREACH OF CONTRACT CLAIMS

Teman's remaining claims are equally defective and should be dismissed with prejudice.

### A.      Unjust Enrichment Claim Is Duplicative of Malpractice and Contract Claim

Teman's unjust enrichment claim (Count VI) should be dismissed as a matter of law because it arises from a relationship governed by an express written engagement agreement and simply duplicates the legal malpractice claim and seeks the same damages. *See Teman v. Zeldes Needle Cooper LLP*, 24-CV-09830, 2025 WL 3778680 at *10 (S.D.N.Y. Dec. 31, 2025) (collecting authority). New York precludes recovery on an unjust enrichment claim when there is an enforceable contract between the parties. *Beth Isr. Med. Ctr. v Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587–88 (2d Cir 2006); *see also Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790–791 (2012) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.").

### B.      Equitable Accounting Is Duplicative of Contract Claim

Teman's equitable accounting claim (Count XII) is also defective because it is duplicative of his contract claim, and because the CLM defendants were not entrusted with any client property, but were merely paid a flat fee for services.

In *Curtis v. Berutti*, 77 Misc. 3d 327, 340 (Sup. Ct. Orange County 2022), the court dismissed the former client's accounting claim against former law firm because the claim "arose

-21-

from the same operative facts as each of the other causes of action did"; and that "there was an express contract governing the legal services provided." *Citing, e.g., CBI Cap. LLC v. Mullen*, 19 Civ. 5219 (AT), 2020 WL 4016018, at *7 (S.D.N.Y. July 16, 2020) ("an equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter.") (collecting authority); *SmartStream Techs., Inc. v. Chambadal*, 17-cv-2459 (VSB), 2018 WL 1870488, at *7 (S.D.N.Y. Apr. 16, 2018) (same, collecting authority).

The attorney-client relationship between CLM and Teman does not alone not entitle Teman to an accounting. Specifically, the *Curtis* court held that the plaintiff was not entitled to an accounting for legal work relating to a Brooklyn property because the law firm did not hold that property as escrow agent, trustee or manger. *Curtis,* 777 Misc. 3d at 340–41. Similarly, the CLM Defendants did not hold any property for Teman as trustee or escrow agent; CLM was paid a flat fee, pursuant to a contract.

## POINT VI
### TEMAN'S JUDICIARY LAW SECTION 487 CLAIMS ARE DEFECTIVE

Finally, Teman attempts to repackage his defective malpractice, breach of contract and fraud claims as Judiciary Law violations. (Compl., Count VII). This claim, too, is duplicative of the malpractice, contract and tort claims because it arises from the underlying legal work and communications (during and after the representation) about that legal work, along with claims about the form of NMP's file turnover.

The Second Circuit sets a "high bar" for Judiciary Law claims, requiring allegations of egregious, intentional deceit. *Delay v. HC2, Inc.,* 25-73-cv, 2026 WL 366443, at *3 (S.D.N.Y. Feb. 10, 2026) (affirming dismissal on motion to dismiss). If the Judiciary Law claim is brought in a proceeding separate from the one in which the alleged deceit occurred (as is the case here) the plaintiff's pleading burden is further heightened. *Makhnevich v. MTGLQ Invs., L.P.*, 19 Civ. 72

(AT) (SN), 2021 WL 3406484, at *9 (S.D.N.Y. Aug. 4, 2021) ("[I]f the NYJL § 487 claim is brought in a lawsuit separate from the one in which the deceit allegedly occurred, the deceit [must] be 'merely a means to the accomplishment of a larger fraudulent scheme.'" (*quoting Michelo v. Nat'l Collegiate Student Loan Tr.*, 419 F. Supp. 3d 668, 710 (S.D.N.Y. 2019)).

Because Teman's Section 487 allegations relate to CLM's work during the representation and do not allege damages distinct from his time-barred malpractice claim, it is likewise time-barred. *Benjamin v. Allstate Ins. Co.*, 127 A.D. 3d 1120, 1121 (2d Dep't 2015) ("[S]ince her cause of action alleging a violation of Judiciary Law § 487 is premised on the same facts and does not allege distinct damages, it too is barred by the three-year statute of limitations."); *Catsiapis v. Pardalis & Nohavicka, LLP*, 219 A.D. 3d 563, 563–64 (2d Dep't. 2023) (affirming dismissal of a § 487 claim because a malpractice action "that also alleges" a § 487 claim must be dismissed as time-barred when the § 487 claim is "premised on the same facts" and alleges no "distinct damages").

To the extent that Teman's Section 487 claim relates to conduct by CLM *after* termination of the CLM attorney-client relationship, the claim is legally defective as "based on acts occurring after the attorney-client relationship has ended." *Treasure Lake Assocs. v. Oppenheim*, No. 98-7329, 1998 WL 777447, at *2 (2d Cir. Oct. 29,1998) (affirming dismissal of a malpractice claim against plaintiff's former attorneys pursuant to § 487 as plaintiff could only "demonstrate that he was harmed as a result of conduct that occurred subsequent to the date he fired the defendants as his attorneys"). As such, any communications an attorney makes to their former client after termination of the representation falls outside the scope of § 487. *Bill Birds, Inc. v. Stein L. Firm, P.C.*, 35 N.Y.3d 173, 180 (N.Y. 2020) ("[E]ven assuming [inducement to file a nonmeritorious claim] constituted deceit or collusion, defendants' alleged months-long delay in

informing plaintiffs that their federal lawsuit had been dismissed occurred after the litigation had ended and therefore falls outside the scope of Judiciary Law § 487 (1).").

**POINT VII**
**TEMAN'S CLAIMS BASED ON THE FILE TURNOVER BY CLM DEFENDANTS**
**ARE DEFECTIVE AND TIME-BARRED**

Teman asserts vague and speculative claims about the file turnover throughout the Complaint, but principally in Counts X (incomplete file turnover) and XIII (conversion).

### C.    Teman's Conversion Claims Are Time Barred

Teman's complaint asserts that "Plaintiff demanded return of his complete client file in native electronic format on multiple occasions beginning in February 2022." Compl. ¶ 136). While CLM Defendants dispute that assertion, Teman's allegation is an admission that his claim is time-barred under the three-year statute of limitations for conversion, which runs from demand and refusal. *See* CPLR 214(3); *Guggenheim v. Lubell,* 77 N.Y.2d 311, 317–18 (1991).

### D.    Teman's Group Pleading Is Defective Because CLM Defendants Are Not Liable for Marmur's File Return

Teman's group pleading in Counts X and XIII purports to assert a claim against the CLM Defendants for Teman's issues with NMP and Marmur's form of production of the client file. (Compl. 125–128, 136). Leaving aside the question of whether Teman is entitled to native files and metadata, he cannot assert a claim against CLM Defendants based on how NMP allegedly provided a file to Teman.  Because Counts X and XIII do not assert any allegations concerning CLM's file, those causes of action should be dismissed against CLM Defendants.

### E.    Teman Fails to State a Claim Against CLM Defendants for File Turnover

None of the implausible and incoherent allegations about the CLM client file turnover scattered through Teman's Complaint, which admit that Teman is not aware of any material withheld by CLM, state a claim against CLM Defendants. Teman alleges only that the production

-24-

"appears" incomplete, that metadata "may reflect" alteration, that he "does not assert at this stage" that alteration has been established, and that he "does not yet know the full extent of the native materials retained, pending forensic discovery." Compl. ¶¶ 25, 47, 97, 98, 137.

## POINT VIII
## TEMAN FAILED TO IMELY EFFECT SERVICE UNDER FRCP 4(M)

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days after a complaint is filed. If service is not completed within that time, the court "must" dismiss the action without prejudice unless the plaintiff shows "good cause" for the failure.

Teman filed the Complaint on October 3, 2025 (ECF No. 1), and thus the deadline to effect service under Rule 4(m) expired on January 1, 2026. Plaintiff has not served CLM or Alan Lewis, nor has he obtained leave to extend the service deadline, nor has CLM waived the service requirement. Teman does not contend that he served the CLM Defendants prior to the January 1, 2026 deadline, nor can he demonstrate good cause for his failure to timely complete service.

After the January 1, 2026 deadline, Teman's process server claimed that service was completed on CLM when "Ingrid Lopez – Intake Specialist" at 28 Liberty Street, 41st Floor, accepted service for CLM. *See* ECF No. 17. Ingrid Lopez is an intake specialist at CT Corporation, which is located on the 42nd Floor, and is not authorized to accept service for CLM, much less Lewis. *See* Lewis Decl. ¶ 13, Ex. L. After this error was pointed out, Teman's process server delivered the complaint to a different CT Corporation employee on or around February 26, 2026. *See* Lewis Decl. ¶ 14, Ex. M.

Accordingly, because Teman failed to complete service on CLM Defendants by the deadline, and has not shown good cause, the Complaint must be dismissed. *See Kogan v. Facebook, Inc.*, 334 F.R.D. 393 (S.D.N.Y. 2020) (dismissing for failure to effect timely service).

-25-

## POINT IX
## THE FUGITIVE DISENTITLEMENT DOCTRINE WARRANTS DISMISSAL

The fugitive disentitlement doctrine is an equitable doctrine that permits federal courts to dismiss the claims of fugitives who have fled from their obligations under the judicial system. While the doctrine was developed in the criminal appellate context, courts have held that fugitive status can warrant dismissal of civil proceedings. *See, e.g., Sorokin v. New York Cnty. Dist. Atty.'s Off.*, 535 F. App'x 3, 7 (2d Cir. 2013) (collecting authority). In civil cases, the rationales for disentitling fugitives from seeking judicial relief are: 1) the inability to enforce a decision rendered by the district court, and 2) the need to avoid prejudice to the other party resulting from the party's fugitive status. *See United States v. Awadalla,* 357 F.3d 243, 246 (2d Cir. 2004) (*citing Sec. and Exch. Comm'n v. Berger,* 322 F.3d 187, 192 (2d Cir. 2003) (abrogated on other grounds)).

Teman has been found to be a fugitive. *See  Teman v. United States Prob. Serv.,* 25-civ-4699 (PAE), 2025 WL 1883841, at *2 (S.D.N.Y. July 8, 2025); *United States v. Teman,* No. 24-345 (2d Cir.), ECF No. 84 (Oct. 30, 2025) (same); *United States v. Teman,* No. 19-cr-696 (PAE), ECF No. 581 (S.D.N.Y. Nov. 4, 2025) (denying Teman's frivolous motion asking the court to lift his fugitive status).

He remains a fugitive. On January 5, 2026, Teman filed a brief in the Second Circuit which included a cover page that stated that he was "currently residing in Tel Aviv, Israel." *Teman v. United States Probation Services,* No. 25-1895 (2d Cir.), ECF No. 33.1.

Both rationales for dismissal identified by the Second Circuit in *Awadalla* are met. First, Teman's fugitive status creates a substantial risk that this Court will be unable to enforce any orders entered in this case requiring Teman's participation in discovery, or even his appearance at trial. Teman has defied court orders to return to the United States. CLM Defendants are prejudiced because they are required to defend this action while orders and judgments cannot be enforced

-26-

against Teman. His mailing address listed in the signature block of the Complaint—1521 Alton Road, Miami Beach—is a strip-mall UPS Store, not a residential location. *See* Lewis Aff. ¶12, Exs. J, K.

## POINT X
## FORENSIC DISCOVERY AND LEAVE TO AMEND ARE FUTILE

Although leave to amend under Rule 15(a)(2) is freely granted when justice so requires, leave is properly denied where amendment would be futile. *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87——88 (2d Cir. 2002). Here, further amendment and discovery would be futile. Teman's claims are foreclosed as a matter of law. They are untimely, duplicative, and defective. The facts undermining his claims are established by judicially noticeable materials including court dockets, and filings as well as Teman's admissions.

## CONCLUSION

For the foregoing reasons, CLM Defendants **ALAN S. LEWIS AND CARTER LEDYARD & MILBURN LLP** respectfully request that the Court dismiss the Complaint with prejudice.

Date:  New York, New York
       June 29, 2026

                                                           CARTER LEDYARD & MILBURN LLP

By: _____
Jeffrey S. Boxer
Judith M. Wallace
28 Liberty Street – 41st Floor
New York, NY  10005
Tel.:    (917) 533-2524
Fax:     (212) 732-3232
Email:  boxer@clm.com
            wallace@clm.com

*Attorneys for Defendants*
*Alan S. Lewis and*
*Carter Ledyard & Milburn LLP*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITS

I hereby certify that the word count of this memorandum of law complies with the word count limits of Local Civil Rule 7.1(c) because it contains 8,221 words, excluding the caption and signature block.[11] In preparing this certification, I have relied on the word count of the word-processing system used to prepare this document.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      June 29, 2026

CARTER LEDYARD & MILBURN LLP

By:    _____
      Judith M. Wallace
      28 Liberty Street – 41st Floor
      New York, NY  10005
      (917) 533-2524
      wallace@clm.com

      *Attorneys for Defendants*
      *Alan S. Lewis and*
      *Carter Ledyard & Milburn LLP*

---

[11] According to your Honor's Individual Practices in Civil Cases, "[t]he parties should agree upon reasonable page limits for principal briefs and reply briefs." Liman, J., *Individual Practices in Civil Cases*, § 2(I) (effective April 7, 2025). Pursuant to the parties' agreement, set out in Alan S. Lewis Declaration in Support of Motion to Dismiss, this memorandum of law does not exceed thirty (30) pages.