**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ARI TEMAN | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 25 Civ. 8220 (LJL) |
| v. | : | |
| | : | |
| NATHANIEL Z. MARMUR *et al.*, | : | |
| | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION TO DISMISS OF**
**DEFENDANTS SHAPIRO ARATO BACH LLP AND ALEXANDRA SHAPIRO**

PETRILLO KLEIN + BOXER LLP
655 Third Avenue
New York, NY 10017

*Attorneys for Defendants Shapiro*
*Arato Bach LLP and Alexandra*
*Shapiro*

June 29, 2026

**TABLE OF CONTENTS**

INTRODUCTON.........................................................................................................................1

BACKGROUND ......................................................................................................................2

    I.    Teman's August 2021 and March 2022 Communications With Shapiro ...........................2

    II.   The Amended Complaint...................................................................................................3

LEGAL STANDARDS ...........................................................................................................4

    I.    Rule 12(b)(6)....................................................................................................................4

    II.   Rule 9(b) ...........................................................................................................................4

ARGUMENT ...........................................................................................................................5

    I.    The Amended Complaint Fails to Plead Fraud or Fraudulent Concealment .....................5

        A.  Shapiro's Referral of Plaintiff to Marmur for Consideration as Appellate
            Counsel Fails to Support a Claim of Fraud............................................................5

            1.   No "Duty to Disclose" the Sublet Agreement Existed ....................................6

            2.   The Sublet Agreement Was Immaterial...........................................................9

            3.   The Amended Complaint Does Not Raise any, Much Less a Strong
                Inference, of Fraudulent Intent .......................................................................10

            4.   Plaintiff Does Not Plead That Reasonable Reliance on the Alleged Omission
                Proximately Caused Damages .........................................................................12

        B.  Shapiro's March 2022 Representation that a Referral Fee Was Not Paid by the
            Marmur Firm Cannot Sustain a Claim................................................................15

    II.  Count IX Fails for the Reasons Stated in the Briefs of Co-Defendants............................15

CONCLUSION........................................................................................................................16

*PRO SE* CERTIFICATION .................................................................................................. 17

## TABLE OF AUTHORITIES

**Case**                                                                      **Page(s)**

*2 Fifth Ave. Tenants Ass'n v. Abrams*,
 183 A.D.2d 577 (1st Dep't 1992) ............................................................................... 9

*Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l. Ass'n*,
 731 F.2d 112 (2d Cir. 1984) ...................................................................................... 7

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
 404 F.3d 566 (2d Cir. 2005) ...................................................................................... 6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................... 4

*Ashlock v. Slone*,
 2012 WL 3055775 (S.D.N.Y. July 26, 2012) ............................................................ 8

*Basso v. New York Univ.*,
 2020 WL 7027589 (S.D.N.Y. Nov. 30, 2020) .......................................................... 15

*Brass v. Am. Film Techs., Inc.*,
 987 F.2d 142 (2d Cir. 1993) ...................................................................................... 8

*Buhrke Fam. Revocable Tr. v. U.S. Bancorp*,
 726 F. Supp. 3d 315 (S.D.N.Y. 2024) ....................................................................... 8

*Cambridge Cap. LLC v. Ruby Has LLC*,
 2022 WL 2292817 (S.D.N.Y. June 24, 2022) ......................................................... 14

*Catskill Dev., L.L.C. v. Park Place Ent. Corp.*,
 547 F.3d 115 (2d Cir. 2008) ...................................................................................... 8

*CBI Cap. LLC v. Mullen*,
 2020 WL 4016018 (S.D.N.Y. July 16, 2020) ........................................................... 11

*City of Livonia Employees' Ret. Sys. v. Essner*,
 2009 WL 1809984 (S.D.N.Y. June 25, 2009) ........................................................... 1

*Cohen v. Koenig*,
 25 F.3d 1168 (2d Cir. 1994) .................................................................................... 13

*Connaughton v. Chipotle Mexican Grill, Inc.*,
 29 N.Y.3d 137 (N.Y. 2017) ..................................................................................... 13

ii

*Crigger v. Fahnestock and Co., Inc.*,
  443 F.3d 230 (2d Cir. 2006) ...................................................................................... 6

*De Sole v. Knoedler Gallery, LLC*,
  139 F. Supp. 3d 618 (S.D.N.Y. 2015) ..................................................................... 12

*Dixon v. von Blanckensee*,
  994 F.3d 95 (2d Cir. 2021) ........................................................................................ 4

*Fed. Deposit Ins. Corp. v. Murex LLC*,
  500 F. Supp. 3d 76 (S.D.N.Y. 2020) ......................................................................... 9

*Feiner Fam. Tr. v. Xcelera.com, Inc.*,
  2008 WL 5233605 (S.D.N.Y. Dec. 15, 2008) ......................................................... 11

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
  2020 WL 5518146 (S.D.N.Y. Sept. 14, 2020) .......................................................... 7

*First Nationwide Bank v. Gelt Funding Corp.*,
  27 F.3d 763 (2d Cir. 1994) ...................................................................................... 14

*Flemm v. Victory Com. Mgmt. Inc.*,
  2022 WL 774697 (2d Cir. Mar. 15, 2022) ............................................................... 10

*Freckleton v. Mercy Coll. NY*,
  2023 WL 2648827 (S.D.N.Y. Mar. 27, 2023) ..................................................... 11, 12

*Friedman v. Anderson*,
  23 A.D.3d 163 (1st Dep't 2005) .............................................................................. 14

*Gaidon v. Guardian Life Ins. Co. of Am.*,
  94 N.Y.2d 330 (N.Y. 1999) ..................................................................................... 10

*Gansett One, LLC v. Husch Blackwell, LLP*,
  168 A.D.3d 579 (1st Dep't 2019) ............................................................................... 7

*Gregor v. Rossi*,
  120 A.D.3d 447 (1st Dep't 2014) ............................................................................ 12

*Hardaway v. Hartford Pub. Works Dep't*,
  879 F.3d 486 (2d Cir. 2018) ...................................................................................... 6

*In re Lifetrade Litig.*,
  2025 WL 282942 (S.D.N.Y. Jan. 23, 2025) ............................................................... 9

iii

*Katzrin Finance Group, LLC v. Arcapex LLC*,
  2015 WL 6391092 (N.Y. Sup. Ct. Oct. 22, 2015)...........................................................6

*Keles v. New York Univ.*,
  1994 WL 119525 (S.D.N.Y. Apr. 6, 1994) ....................................................................15

*Lama Holding Co. v. Smith Barney Inc.*,
  88 N.Y.2d 413 (N.Y. 1996)............................................................................................12

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006) .................................................................................... 10, 11

*Mandarin Trading Ltd. v. Wildenstein*,
  16 N.Y.3d 173 (N.Y. 2011).............................................................................................6

*MBIA Ins. Corp. v. JPMorgan Sec. LLC*,
  51 Misc. 3d 1228(A) (N.Y. Sup. 2016)...........................................................................6

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
  737 F. Supp. 2d 137 (S.D.N.Y. 2010) ..........................................................................11

*Olson v. Major League Baseball*,
  29 F.4th 59 (2d Cir. 2022)...........................................................................................4, 5

*People ex rel. Cuomo v. Wells Fargo Ins. Servs., Inc.*,
  16 N.Y.3d 166 (N.Y. 2011)...........................................................................................13

*Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*,
  68 F.3d 1478 (2d Cir. 1995) ...........................................................................................8

*Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*,
  92 F.4th 415 (2d Cir. 2024) .......................................................................................1, 4

*Roni LLC v. Arfa*,
  72 A.D.3d 413 (1st Dep't 2010)....................................................................................12

*Schlaifer Nance & Co. v. Est. of Warhol*,
  927 F. Supp. 650 (S.D.N.Y. 1996) ..................................................................................7

*Small v. Lorillard Tobacco Co.*,
  94 N.Y.2d 43 (N.Y. 1999)..............................................................................................13

*State v. Rachmani Corp.*,
  71 N.Y.2d 718 (N.Y. 1988).............................................................................................9

iv

*Teman v. United States*,
  2025 WL 1883841 (S.D.N.Y. July 8, 2025)................................................................... 3

*Teman v. United States*,
  2025 WL 1883920 (S.D.N.Y. July 8, 2025)................................................................... 3

*TRN, LLC v. Ventura Air Servs., Inc.*,
  2026 WL 698017 (E.D.N.Y. Mar. 12, 2026).................................................................. 11

*United States ex rel. Henig v. Amazon.com, Inc.*,
  177 F.4th 156 (2d Cir. 2026) .......................................................................................... 5

*United States v. Bouchard*,
  828 F.3d 116 (2d Cir. 2016) ............................................................................................ 9

*United States v. Goodrich*,
  12 F.4th 219 (2d Cir. 2021) ............................................................................................ 9

*United States v. Teman*,
  465 F. Supp. 3d 277 (S.D.N.Y. 2020) ............................................................................ 1

*United States v. Teman*,
  2025 WL 1766738 (S.D.N.Y. June 26, 2025) ................................................................ 1

*United States v. Teman*,
  2023 WL 3882974 (2d Cir. June 8, 2023)................................................................... 2, 3

*Vandashield Ltd. v. Isaacson*,
  146 A.D.3d 552 (1st Dep't 2017)................................................................................... 14

*Womack v. Cap. Stack, LLC*,
  2019 WL 4142740 (S.D.N.Y. Aug. 30, 2019)................................................................ 8

**Statutes/Rules**

18 U.S.C. §1343................................................................................................................. 1

18 U.S.C. § 1344................................................................................................................ 1

Fed. R. Civ. P. 9(b) .............................................................................................. 4, 5, 10, 11

NY ST RPC Rule 7.2 ........................................................................................................ 10

Defendants Shapiro Arato Bach LLP ("SAB") and Alexandra Shapiro ("Shapiro"; together with SAB, "SAB Defendants") respectfully jointly submit this memorandum in support of their motions to dismiss the Amended Complaint, ECF No. 36, for failure to state a claim.

## INTRODUCTION

In January 2020, Plaintiff Ari Teman was tried on two counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of wire fraud, in violation of 18 U.S.C. §1343, and, on January 29, 2020, the jury convicted him on all counts. *United States v. Teman*, 465 F. Supp. 3d 277, 284 (S.D.N.Y. 2020).[1]  After Teman's post-trial motions were denied in June 2020, *see id.*, he retained new counsel for sentencing, changing counsel more than once. *See United States v. Teman*, No. 19 Crim. 696, 2025 WL 1766738, at *5 (S.D.N.Y. June 26, 2025).  On July 28, 2021, Teman was sentenced principally to a term of imprisonment of 12 months and 1 day and a 3-year term of supervised release. *Id.* at *6.

In August 2021, Teman contacted Shapiro to discuss her potential retention as appellate counsel.  As Shapiro subsequently wrote Teman, "Unfortunately I will not be able to take on this matter.  You might consider Nate Marmur[,]" expressing further that "Nate is an excellent criminal appellate attorney who has extensive experience with Second Circuit appeals."[2]

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes, citations, and quotations are omitted, and all alterations within cited opinions are adopted.  The Amended Complaint's well-pleaded allegations are assumed as true solely for purposes of this motion.  Facts are also drawn from documents incorporated by reference in the Amended Complaint and documents of which the Court may take judicial notice.

[2] The "court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024).  Here, the emails between Plaintiff and Shapiro that are quoted in the Amended Complaint, *see, e.g.*, Am. Compl. ¶ 32, may be considered by this Court in their full original form on this Motion to Dismiss.  *See, e.g.*, *City of Livonia Employees' Ret. Sys. v. Essner*, No. 07 Civ. 10329, 2009 WL 1809984, at *2 (S.D.N.Y. June 25, 2009) (document incorporated in pleading where complaint cited "extensive quotes").

1

Teman subsequently engaged Mr. Marmur and Alan S. Lewis, Esq, as appellate counsel. Thereafter, the Court of Appeals granted a motion by Marmur and Lewis to be relieved as counsel, and Teman engaged successor appellate counsel who prosecuted his appeal. A panel of the Court of Appeals summarily affirmed Teman's convictions. *United States v. Teman*, No. 21-1920, 2023 WL 3882974, at *1-4 (2d Cir. June 8, 2023) (Summary Order).

The Amended Complaint, in fourteen counts, alleges fraud, breach of fiduciary duty, breach of contract, unjust enrichment, a violation of the Judiciary Law, conversion, and other claims against Marmur and Lewis and their respective law firms. With respect to the SAB Defendants, the Amended Complaint, in Count IX, pleads one count of "fraud and fraudulent concealment—undisclosed financial conflict" on the ground that Shapiro, when she told Teman that he "might consider" Marmur as appellate counsel, did not disclose that Marmur's firm sub-leases office space from SAB.

Because Count IX pleads none of the elements of fraudulent concealment (including cognizable damages), the Amended Complaint should be dismissed with prejudice as against SAB and Shapiro.

## BACKGROUND

### I.    Teman's August 2021 and March 2022 Communications With Shapiro

In August 2021, Plaintiff sought counsel to litigate his Second Circuit appeal. *See* Am. Compl. ¶ 118. On August 5, 2021, Plaintiff and Shapiro discussed her potential engagement. *See id.* Shapiro declined the engagement, emailing Plaintiff, "Unfortunately I will not be able to take on this matter. You might consider Nate Marmur: https://www.marmurlaw.com. Nate is an excellent criminal appellate attorney who has extensive experience with Second Circuit appeals. Best of luck with it." Declaration of David Hoffman ("Hoffman Decl."), Exh. A; *see* Am. Compl.

¶ 32. It is alleged that Shapiro did not inform Plaintiff that Marmur's firm subleases an office from SAB (the "Sublet Agreement").  *See* Am. Compl. ¶ 33.

Plaintiff retained Marmur and later Lewis, paying a flat engagement fee of $200,000.  *See id.* ¶ 35.  Later, Marmur and Lewis moved and the Court of Appeals granted their application to be relieved as counsel.  *See id.* ¶ 20; *United States v. Teman*, No. 21-1920, ECF No. 52 (2d Cir. Feb 22, 2022).  Plaintiff requested that Marmur and Lewis return the flat fee; they declined to do so.  *See* Am. Compl. ¶¶ 37-39.

After Marmur and Lewis were relieved, on March 1, 2022, Plaintiff asked Shapiro by email, "Can you please clarify if you or your firm were paid anything for referring Nate?" Hoffman Decl. Exh. B; Am. Compl. ¶ 34.  Shapiro responded, "No referral fee was paid to me or my law firm.  As a matter of course, we do not take referral fees and have never done so."  *Id.*

Plaintiff engaged new appellate counsel, who prosecuted his appeal.  The Court of Appeals affirmed Teman's conviction on June 8, 2023.  *See United States v. Teman*, No. 21-1920, 2023 WL 3882974, at *1-4 (2d Cir. June 8, 2023) (Summary Order).[3]

## II.    The Amended Complaint

The Original Complaint in this case, filed on October 3, 2025, did not name the SAB Defendants.  *See* ECF No. 1.  After this Court granted leave to amend, *see* ECF No. 9, Plaintiff filed the Amended Complaint on May 28, 2026.  *See* ECF No. 36.  The Amended Complaint contains fourteen Claims.  *See id.* ¶¶ 74-138.  Thirteen of those Claims are against Marmur, Lewis, and their respective firms.  *See id.*  These causes of action are principally premised on allegations

---

[3] After his appeal failed, Plaintiff, in violation of his supervised release terms, traveled to Israel and, based on his repeated "willful absence[s]" when ordered to appear before Judge Engelmayer, became a fugitive. *See Teman v. United States*, 2025 WL 1883841 (S.D.N.Y. July 8, 2025); *Teman v. United States*, 2025 WL 1883920 (S.D.N.Y. July 8, 2025).

that Marmur and Lewis did not diligently draft the appellate brief and hid their lack of progress from Plaintiff; relied on a legal assistant to draft the brief, despite promising to write it themselves; failed to file a motion in the District Court (that they allegedly promised to file at no cost) to modify bail to remove electronic monitoring; and lied about their conduct after Plaintiff requested a refund of his $200,000, including by producing an allegedly deficient and manipulated client file. *See, e.g., id.* ¶¶ 74-94.

The SAB Defendants are named in Count IX of the Amended Complaint, which alleges "fraud and fraudulent concealment." Am. Compl. ¶¶ 116-23 (Count IX). Count IX contends that the SAB Defendants defrauded him by recommending Marmur for consideration as Plaintiff's appellate counsel without disclosing the Sublet Agreement. *See id.*

## LEGAL STANDARDS

### I.    Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a court must "accept as true" all "well-pleaded factual allegations in the complaint," it "need not consider conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021). The "court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024).

### II.    Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure imposes "heightened pleading standards" for claims sounding in fraud. *See Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). A plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R.

4

Civ. P. 9(b).  A complaint must:  "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  *Olson*, 29 F.4th at 71.  While "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), a "complaint still must plead the factual basis which gives rise to a strong inference of fraudulent intent."  *United States ex rel. Henig v. Amazon.com, Inc.*, 177 F.4th 156, 164 (2d Cir. 2026).

## ARGUMENT

The Amended Complaint should be dismissed (1) because it does not plead the elements of fraud, much less plausibly or with the required particularity, and (2) for the reasons stated in Co-Defendants' motions to dismiss, which the SAB Defendants incorporate by reference as if fully stated herein.

### I.    The Amended Complaint Fails to Plead Fraud or Fraudulent Concealment.

Count IX alleges that Shapiro referred Plaintiff to Marmur for consideration as appellate counsel on August 5, 2021, without disclosing that Marmur's law firm sublets office space from SAB; and (2) represented to Plaintiff on March 2, 2022, that the SAB Defendants did not receive a referral fee.  *See* Am. Compl. ¶¶ 116-23 (Count IX).  For multiple independent reasons, these allegations, even if taken as true for purposes (solely) of this motion, do not plead fraud or fraudulent concealment.

#### A.  Shapiro's Referral of Plaintiff to Marmur for Consideration as Appellate Counsel Fails to Support a Claim of Fraud.

The Amended Complaint's allegation that "Shapiro referred Plaintiff to Defendant Marmur for appellate representation while maintaining an undisclosed financial relationship with Marmur through an office-sharing arrangement. . .," Am. Compl. ¶ 118, attempts to plead fraudulent

5

concealment.  Under New York law, the elements of a fraudulent concealment claim are: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff."  *Crigger v. Fahnestock and Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006) (applying New York law).  An omission-based fraud claim also requires that the defendant had a "duty to disclose" the omitted information.  *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 179 (N.Y. 2011).  Even with the "special solicitude" afforded to a *pro se* plaintiff, *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018), Count IX falls far short of pleading these elements.

### 1.  No "Duty to Disclose" the Sublet Agreement Existed

As a "threshold" matter, to state a fraudulent concealment claim, a plaintiff must plead that the defendant had a duty to disclose the omitted information.  *MBIA Ins. Corp. v. JPMorgan Sec. LLC*, 51 Misc. 3d 1228(A), *7 (N.Y. Sup. 2016).  A disclosure duty arises under three circumstances:

> (1) the parties are in a fiduciary relationship; (2) under the special facts doctrine, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge; or (3) where a party has made a partial or ambiguous statement, whose full meaning will only be made clear after complete disclosure.

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 582 (2d Cir. 2005) (applying New York law).  None of these three circumstances is present here.

*First*, the Amended Complaint does not plead that the SAB Defendants and Plaintiff were in a fiduciary relationship and they were not.  While an attorney-client relationship may create a disclosure obligation, *see, e.g., Katzrin Finance Group, LLC v. Arcapex LLC*, No. 651129/2014, 2015 WL 6391092, at *3 (N.Y. Sup. Ct. Oct. 22, 2015), the Amended Complaint does not allege

6

that Teman had an attorney-client relationship with the SAB Defendants. *See* Am. Compl. ¶ 32 ("On August 5, 2021, Shapiro declined to take the matter. . ."); *see also id.* ¶¶ 14-16, 27 (Plaintiff had Engagement Letter with Marmur and Lewis). Accordingly, the SAB Defendants did not owe Plaintiff a duty to disclose based on an attorney-client (or other special) relationship. *See Gansett One, LLC v. Husch Blackwell, LLP*, 168 A.D.3d 579, 579 (1st Dep't 2019) (fraudulent concealment claim against attorneys failed where no attorney-client relationship existed); *see also Schlaifer Nance & Co. v. Est. of Warhol*, 927 F. Supp. 650, 661 (S.D.N.Y. 1996) (dismissing fraudulent concealment claim where the attorney-defendant "was under no duty to speak because there was no fiduciary or attorney-client relationship") (applying New York law).

Second, the "special facts" doctrine is inapplicable. As an initial matter, "the special facts doctrine applies only when the defendant is a party to a transaction with the plaintiff. . ." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, No. 12 Civ. 7372, 2020 WL 5518146, at *88 (S.D.N.Y. Sept. 14, 2020) (applying New York law) (Liman, J.). No transactional relationship existed here. Moreover, the allegedly undisclosed information was contemporaneously discoverable because review of the SAB and Marmur websites would have shown that the firms were located at the same address. The SAB Defendants did not have "superior knowledge" of this information. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l. Ass'n*, 731 F.2d 112, 123 (2d Cir. 1984) (no duty to disclose if the alleged omission was "a matter of public record, was not pursued by plaintiffs, or was disclosed, at least in part") (applying New York). And, Shapiro even sent Plaintiff a link to Marmur's website. *See* Hoffman Decl. Exh. A. Accordingly, although Plaintiff purportedly did not learn that "Marmur's office is physically located within" SAB until serving the Defendants in February 2026, the two firms' websites displayed this information in

August 2021.  Am Compl. ¶ 122.[4]  Plaintiff cannot plead a fraud claim that could have been avoided through a Google search.  *See, e.g.*, *Womack v. Cap. Stack, LLC*, No. 18 Civ. 04192, 2019 WL 4142740, at *9 (S.D.N.Y. Aug. 30, 2019) (fraudulent concealment claim dismissed where the alleged omission was "prominently listed" on the defendants' websites) (applying New York law).

*Third*, the SAB Defendants did not make misleading partial disclosures.  *See Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*, 68 F.3d 1478, 1484 (2d Cir. 1995) (duty to disclose arises if a party (1) makes a "partial or ambiguous statement that requires additional disclosure to avoid misleading the other party" and (2) knows that the other party is "operating under a mistaken perception of a material fact") (applying New York law); *see also Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("[O]nce a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth") (applying New York law); *cf. Buhrke Fam. Revocable Tr. v. U.S. Bancorp*, 726 F. Supp. 3d 315, 340 (S.D.N.Y. 2024) (omission actionable under securities laws only if there is a "sufficiently close nexus" between the disclosure and the "allegedly omitted information").[5]  Shapiro wrote only that Plaintiff "might consider" Marmur because he "is an excellent criminal appellate attorney who has extensive experience with Second Circuit appeals."  Hoffman Decl. Exh. A; Am. Compl. ¶ 33. This statement, which does not relate to any relationship between the SAB Defendants and Marmur, cannot reasonably be characterized as a half-truth.  Rather, it merely made mention of possible suitable counsel, and then expressed an opinion about that counsel's ability and experience.  The contingent statements (i.e., "you might consider") of opinion regarding Marmur's qualifications cannot sustain a fraud claim.  *See Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 547 F.3d 115, 133-34 (2d Cir. 2008)

---

[4] Available At:  https://shapiroarato.com/contact/; https://www.marmurlaw.com/contact.
[5] This disclosure duty also "ordinarily applies to parties on opposing sides of a business transaction." *Ashlock v. Slone*, No. 10 Civ. 453, 2012 WL 3055775, at *9 (S.D.N.Y. July 26, 2012) (applying New York law).

8

("[S]tatements of opinion generally cannot constitute fraud. . .") (applying New York law).  Lastly, the Amended Complaint does not plead falsehood in the statement about Marmur and Marmur is an excellent, experienced appellate advocate.  *See, e.g.*, *United States v. Goodrich*, 12 F.4th 219 (2d Cir. 2021) (reversing $1.85 million restitution judgment in securities fraud case) (Marmur on briefs); *United States v. Bouchard*, 828 F.3d 116, 124 (2d Cir. 2016) (reversing conviction on bank fraud counts) (Marmur on briefs).

### 2.  The Sublet Agreement Was Immaterial.

An omission is material "if there is a substantial likelihood that disclosure of the omitted fact would have been viewed" by a "reasonable" person "as having significantly altered the total mix of information made available."  *State v. Rachmani Corp.*, 71 N.Y.2d 718, 727 (N.Y. 1988); *accord In re Lifetrade Litig.*, No. 17 Civ. 2987, 2025 WL 282942, at *12 (S.D.N.Y. Jan. 23, 2025) (applying New York law).   Thus, "New York law defines materiality to mean that, counterfactually, the plaintiff would have acted differently but for the alleged misrepresentation or omission."  *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 111 (S.D.N.Y. 2020).

The Amended Complaint fails to plead a material omission because the undisclosed information was immaterial:  knowing that Marmur rented office space from SAB would not have altered the "total mix" of information available to a reasonable client deciding whether to retain an appellate attorney.  *See Rachmani Corp.*, 71 N.Y.2d at 727 ("objective test" for materiality controls); *see also 2 Fifth Ave. Tenants Ass'n v. Abrams*, 183 A.D.2d 577, 578 (1st Dep't 1992) ("[O]mitted information is material if there is a substantial likelihood that a reasonable [person] would have considered it important."). The Sublet Agreement does not relate to Marmur's qualifications as an appellate advocate.  Indeed, the Amended Complaint fails even to allege that knowledge of the Sublet Agreement would have affected Plaintiff's decision to engage Marmur, much less explain how or why such knowledge would have had such an effect.  *See* Am. Compl.

9

¶ 35 (omission "deprived Plaintiff of the ability to make an informed decision about the integrity of the referral. . .").

In short, Count IX's premise is fundamentally flawed. There existed no "undisclosed financial conflict" of interest to disclose because the rental amount that Marmur is required to pay to the SAB Defendant under the Sublet Agreement is unrelated to the number of paying clients Marmur represents. *Id.* ¶ 123.[6] Contrary to Plaintiff's assertions, the SAB Defendants do not maintain any "direct financial interest" in Marmur's practice. Am. Compl. ¶ 33. Rather, Marmur pays fixed monthly rent pursuant to an office sublease. *See id.* (describing "a financial arrangement under which Marmur makes regular payments to Shapiro or her firm"). Count IX does not (and cannot) allege that this Sublet Agreement determines Marmur's rent contingent on the number of paying clients Marmur represents, let alone the number of clients referred by the SAB Defendants. Any financial benefit received by the SAB Defendants from Marmur's representation of Plaintiff (by way of an increased hypothetical probability that the Marmur firm would continue paying rent, where, as here, there is no allegation that he ever experienced difficulty in doing so) is "so trifling as to be legally inconsequential." *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 350 (N.Y. 1999); *accord Flemm v. Victory Com. Mgmt. Inc.*, No. 21-1218, 2022 WL 774697, at *1 (2d Cir. Mar. 15, 2022) (applying New York law).

### 3. The Amended Complaint Does Not Raise any, Much Less a Strong Inference, of Fraudulent Intent.

The Amended Complaint fails to raise any inference of *scienter*, much less the "strong inference" required under Rule 9(b). *See Lerner v. Fleet Bank*, *N.A.*, 459 F.3d 273, 290 (2d Cir.

---

[6] Rule 7.2 prohibits an attorney from "compensate[ing] or giv[ing] anything of value to a person or organization to recommend or obtain employment by a client, or as a reward for having made a recommendation resulting in employment by a client." NY ST RPC Rule 7.2. The Marmur firm pays the SAB Defendants in exchange for access to an office, not referrals.

2006) (applying New York law).  A strong inference of scienter "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id*.  Neither is pleaded here.[7]

*First*, the Amended Complaint does not "plead motive and opportunity," given the absence of any financial benefit that the SAB Defendants received from the Marmur firm's engagement by a single, new client.  *Freckleton v. Mercy Coll. NY*, No. 22 Civ. 1985, 2023 WL 2648827, at *14 (S.D.N.Y. Mar. 27, 2023) ("motive and opportunity" theory requires "concrete benefit") (applying New York law).  The Marmur firm paid the SAB Defendants a fixed monthly rent.  It is not plausibly pleaded that the instant engagement materially affected the firm's ability to meet its obligations or that the SAB Defendants knew that it would.  *See, e.g.*, *CBI Cap. LLC v. Mullen*, No. 19 Civ. 5219, 2020 WL 4016018, at *8 (S.D.N.Y. July 16, 2020) ("[A]llegations of irrational motive cannot support a fraud claim under Rule 9(b).") (applying New York law); *see also, e.g.*, *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 143 (S.D.N.Y. 2010) ("[R]outine benefits derived in the ordinary course of business do not constitute the type of 'concrete benefit' necessary to allege fraudulent intent under Rule 9(b).").  Thus, "the motive Plaintiff[] allege[s] defies economic reason and does not yield a reasonable much less strong inference of fraudulent intent." *Feiner Fam. Tr. v. Xcelera.com, Inc.*, No. 07 Civ. 1914, 2008 WL 5233605, at *6 (S.D.N.Y. Dec. 15, 2008) (applying New York law).

[7] The Amended Complaint does not even allege that the SAB Defendants knew that their representations/omissions were false or that they intended to deceive Plaintiff. *See, e.g.*, *TRN, LLC v. Ventura Air Servs., Inc.*, No. 25 Civ. 5402, 2026 WL 698017, at *7 (E.D.N.Y. Mar. 12, 2026) (dismissing fraud counterclaims "devoid of facts" on fraudulent intent) (applying New York law).  However, given Plaintiff's *pro se* status, and the arguably implicit nature of such allegations, the SAB Defendants address these issues herein.

11

*Second*, the Amended Complaint falls short of pleading "strong circumstantial evidence." This bar is high: a complaint must plead allegations of either "deliberate illegal behavior" or "highly unreasonable" conduct representing an "extreme departure from the standards of ordinary care." *De Sole v. Knoedler Gallery, LLC*, 139 F. Supp. 3d 618, 641 (S.D.N.Y. 2015) (applying New York law). Moreover, while it is possible to plead "circumstantial evidence" in the absence of a clear motive, "the strength of the circumstantial allegations must be correspondingly greater." *Freckleton*, 2023 WL 2648827, at *14. The Amended Complaint pleads nothing indicative of "highly unreasonable" conduct; rather, it avers an ordinary suggestion by counsel of a candidate for a litigant to consider as he sought appellate counsel. Such routine professional conduct is neither illegal nor reckless. *Cf. Gregor v. Rossi*, 120 A.D.3d 447, 449, 992 N.Y.S.2d 17, 19 (1st Dep't 2014) (no aiding and abetting fraud claim against attorneys premised on "allegations of ordinary professional activity"); *Roni LLC v. Arfa*, 72 A.D.3d 413, 413-14 (1st Dep't 2010) (no aiding and abetting fraud claim against attorneys for activities that were "part of ordinary real estate lawyering").

### 4. Plaintiff Does Not Plead That Reasonable Reliance on the Alleged Omission Proximately Caused Damages.

The Amended Complaint also fails to plead proximately caused damages from the alleged omission.

*Damages*. A fraud claim fails without "out-of-pocket" damages, *i.e.*, the "difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain" *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (N.Y. 1996).

As an initial matter, the Amended Complaint alleges that the SAB Defendants "deprived Plaintiff of the ability to make an informed decision about the integrity of the referral and the

12

relationships among the attorneys he was paying $200,000 to represent him." Am. Compl. ¶ 35. Putting aside the implausibility of this allegation, given the immateriality of the Sublet Agreement, an absence of informed decision-making is not an out-of-pocket loss. *See Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (N.Y. 1999) ("[A]n act of deception, entirely independent or separate from any injury, is not sufficient to state a cause of action under a theory of fraudulent concealment."); *see also Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 142 (N.Y. 2017) ("[A] false representation does not, without more, give rise to a right of action . . . If the fraud causes no loss, then the plaintiff has suffered no damages."). Accordingly, Plaintiff pleads no "out-of-pocket" damages. *Cf. People ex rel. Cuomo v. Wells Fargo Ins. Servs., Inc.*, 16 N.Y.3d 166, 170 (N.Y. 2011) (no fraudulent concealment based on bank's undisclosed receipt of referral payments from insurer because there was "no allegation that any customer was persuaded to buy inferior, or overpriced, insurance").

Next, notwithstanding the Amended Complaint's conclusory allegations that the Second Circuit brief that he engaged Marmur and Lewis to handle was drafted by a legal assistant and that Marmur and Lewis sought routine filing extensions, *see, e.g.*, *id.* ¶¶ 18-24, "the value of the time devoted" to Plaintiff's case by Marmur and Lewis—including drafting a 60-page brief—"exceeded the fixed fee" of $200,000. *Id.* ¶ 88. Given that the Amended Complaint does not allege that Marmur and Lewis provided subpar representation, the Amended Complaint fails to establish that Plaintiff did not receive the benefit of his bargain.

*Reasonable Reliance*. Plaintiff contends that he "justifiably relied on Shapiro's referral in retaining Marmur," Am. Compl. ¶ 121, but Shapiro's statement that Plaintiff "might consider" Marmur because he is an "excellent criminal appellate attorney who has extensive experience" is too indefinite to be relied upon. *See Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) ("puffery"

and opinions cannot support fraud claim) (applying New York law); *see also Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118, 2022 WL 2292817, at *5 (S.D.N.Y. June 24, 2022) (Liman, J.) ("The reason a statement of puffery cannot support a fraud claim is not that it is true; it is that it is so general that no reasonable individual could rely upon it.") (applying New York law). It is not plausibly pleaded that Plaintiff blindly engaged Marmur based on Shapiro's brief and conditional comment ("you might consider"). Plaintiff thereafter met with Marmur and decided based on his judgment to engage Marmur and, confirming that he engaged in independent decision making, later added Lewis to the team.

*Proximate Causation*.   Even if damages and reliance were plausibly pleaded, which they are not, the Amended Complaint fails to plead that the SAB Defendants' conduct was the "direct and proximate cause of the claimed losses." *Vandashield Ltd. v. Isaacson*, 146 A.D.3d 552, 553 (1st Dep't 2017). When "factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994). Here, if Plaintiff hypothetically suffered any injury, then it was not result of the conduct of the SAB Defendants. The SAB Defendants were the first link in a "referral chain" and cannot be held liable for the unforeseeable intervening acts of subsequent "links" in the "chain" (*e.g.*, a legal assistant allegedly drafting the brief). Am. Compl. ¶ 123; *cf. Friedman v. Anderson*, 23 A.D.3d 163, 167 (1st Dep't 2005) (no proximate cause where defendants' "alleged misrepresentations may have played a role" in the plaintiff's "decision to choose [a financial advisor], but the misrepresentations did not directly cause him to incur any losses" suffered by investing with that financial advisor).

14

**B. Shapiro's March 2022 Representation that a Referral Fee Was Not Paid by the Marmur Firm Cannot Sustain a Claim.**

The Amended Complaint also alleges that Shapiro's representation on March 2, 2022 that her firm had not received a referral fee from Marmur ("March 2022 Statement") is an independent basis for a fraudulent concealment claim. *See* Am. Compl. ¶ 119. This true statement cannot support a fraudulent concealment claim for the same reasons that the August 2021 communication cannot. *See supra* Sections I.A.1-4. Moreover, given that the March 2022 Statement post-dates Plaintiff's payment of the $200,000 fee to Marmur and Lewis, *see* Am. Compl. ¶ 100, and occurred after they were relieved as his counsel, *id.* ¶ 20, Plaintiff's reliance on this statement cannot serve as the required "but for" or proximate cause of his alleged damages. *See Keles v. New York Univ.*, No. 91 Civ. 7457, 1994 WL 119525, at *7 (S.D.N.Y. Apr. 6, 1994) ("[F]raud premised upon misrepresentations that occur after plaintiff allegedly detrimentally relied cannot establish 'justifiable' reliance.") (applying New York law); *accord Basso v. New York Univ.*, No. 16 Civ. 7295, 2020 WL 7027589, at *14 (S.D.N.Y. Nov. 30, 2020) (applying New York law).

**II.    Count IX Fails for the Reasons Stated in the Briefs of Co-Defendants.**

The arguments for dismissal raised by Co-Defendants are adopted herein. As set forth above, Count IX, very generously interpreted, is premised on Shapiro serving as the first domino in a "referral chain" leading to the engagement of Marmur and Lewis. *See, e.g.*, Am. Compl. ¶ 35. Accordingly, Count IX necessarily fails to the extent the claims against the co-Defendants fail.

For the reasons stated in the briefs of the Co-Defendants, the Amended Complaint fails to plead a viable Claim against Marmur, Lewis, or their firms, which means that Count IX also fails.

## CONCLUSION

For the reasons above, and in the briefs of the Co-Defendants, the SAB Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint with prejudice and further to order any additional relief that the Court deems just and proper.

Dated: New York, New York
        June 29, 2026                                    Respectfully submitted,

                                                        */s/ Guy Petrillo*
                                                        PETRILLO KLEIN + BOXER LLP
                                                        Guy Petrillo
                                                        David Hoffman
                                                        655 Third Avenue
                                                        New York, NY 10017

16

## PRO SE CERTIFICATION

In accordance with Individual Rule of Practice 1.J, I certify that a copy of this Memorandum of Law was served upon Plaintiff via email and FedEx to the email and physical addresses listed for Plaintiff on the docket.

/s/ David Hoffman
David Hoffman
