# EXHIBIT A

| | |
|---|---|
| **From:** | Alexandra Shapiro |
| **To:** | Ari B. Teman |
| **Cc:** | David Teman |
| **Subject:** | Re: [EXTERNAL] Fwd: Ari . . . |

Hi,

Unfortunately I will not be able to take on this matter. You might consider Nate Marmur:

https://www.marmurlaw.com

Nate is an excellent criminal appellate attorney who has extensive experience with Second Circuit appeals.

Best of luck with it.

Alexandra

**From:** Ari B. Teman <ari@teman.com>
**Sent:** Thursday, August 5, 2021 3:29:27 PM
**To:** Alexandra Shapiro <ashapiro@shapiroarato.com>
**Cc:** David Teman <dteman@gmail.com>
**Subject:** [EXTERNAL] Fwd: Ari . . .

Hi Alexandra,
Are you able to speak later today? I have a deposition earlier. I would like to discuss moving forward, per Andrew's email below.
Please let me know how I can be helpful.

Ari

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo:
NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.

---------- Forwarded message ---------
From: **Andrew Frisch** <afrisch@andrewfrisch.com>
Date: Thu, Aug 5, 2021 at 9:28 AM
Subject: Ari . . .
To: Ari B. Teman <ari@teman.com>

Cc: David Teman <dteman@gmail.com>, Suzan Teman <suzan@thetemans.com>, SUSAN KELLMAN <sgk@kellmanesq.com>

Now that you are on bond for the foreseeable future, and the notice of appeal is filed, you need to have appellate counsel.  There are a number of procedural steps that are relatively imminent.  The only one considered "jurisdictional," that is, default is necessarily fatal to the appeal, is filing of the notice of appeal, which has been taken care of it.  The other steps need to be accomplished beginning within the next two weeks or so:  appellate counsel must file a notice of appearance in the Circuit; a so-called "Form B" must be filed with the Circuit which confirms that court transcripts necessary to the appeal have all been received or requested from the stenographers; and a proposed scheduling of the appellant's brief must be filed, for which appellant may have, essentially, 90 days from receipt of all necessary transcripts. Because you are on bond, and the status of COVID and the world are in flux, appellate counsel would want to incorporate as much delay as possible.  The 90 days, however, is a maximum and outside date, that is, an appellant who for some reason wants to try to accelerate the schedule can file earlier.

On another note, I reached out on July 29 via email to the five depositors, and so far, only one (Rohr) has agreed (in principle, subject to drafting of a proposed order) to the judge's "suggestion" that the clerk hold the restitution, not lawyers.  Assuming the parties can hammer out a proposed order that replicates the escrow understanding (the money stays put until the Circuit decides the appeal), the depositors should agree for two reasons:  (1) the judge can order it anyway even over objection, for which objection there is no real basis anyway; and (2) with issues about to be teed up like lessening your bond restrictions (and other issues theoretically possible in the future like a claim that you might one day have allegedly violated the terms of your bond), there is no reason to entangle the judge with something he can just order.  I expect to call Alan Feld and reach out to the other three depositors again via email today.

As to the first issue, please address as soon as possible.