# EXHIBIT A

*Teman v. United States Probation Services*,
No. 25-1895 (2d Cir.), ECF No. 33.1

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Ari Teman,                                              Docket No. 25-1895

  Plaintiff–Appellant,

v.

United States Probation Service, et al.,

  Defendants–Appellees.

BRIEF FOR PLAINTIFF–APPELLANT

(Pro Se)

   Ari Teman
   Pro Se Appellant
   1521 Alton Road #888
   Miami Beach, FL 33139

   (Currently residing in Tel Aviv, Israel)

*1*

# TABLE OF AUTHORITIES

**Cases**

Bescond, *United States v.*,
 7 F.4th 127 (2d Cir. 2021) ........................................................ **8, 9**

Degen v. *United States*,
 517 U.S. 820 (1996) ................................................................. **5, 9**

Empire Blue Cross & Blue Shield v. *Finkelstein*,
 111 F.3d 278 (2d Cir. 1997) .................................................... **6, 9**

Liljeberg v. *Health Services Acquisition Corp.*,
 486 U.S. 847 (1988) ..................................................................... **10**

Ortega-Rodriguez v. *United States*,
 507 U.S. 234 (1993) ................................................................. **5, 8**

Teman v. *Zeldes Needle Cooper LLP*,
 No. 24-cv-9830 (LJL), slip op. at 6 n.4
 (S.D.N.Y. Dec. 31, 2025) ........................................................ **6, 8**

**Statutes**

28 U.S.C. § 1291 ........................................................................... **6**

28 U.S.C. § 455(a) ................................................................. **6, 10–11**

**Rules**

Federal Rule of Appellate Procedure 32(a) .................................. **13**

Federal Rule of Appellate Procedure 32(f) .................................. **13**

*2*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................ **5**

JURISDICTIONAL STATEMENT ......................................................... **6**

ISSUES PRESENTED ................................................................ **7**

STATEMENT OF THE CASE ........................................................... **7**

ARGUMENT ....................................................................... **8**

I.    THE STAY MUST BE VACATED BECAUSE IT CREATES
      AN IMPERMISSIBLE BOOTSTRAP AND CONTRADICTS
      CONTROLLING SECOND CIRCUIT LAW REQUIRING
      A NEXUS BETWEEN FUGITIVITY AND THE CIVIL
      PROCEEDINGS ............................................................ **8**

      A.    Judicial doctrines may not prevent review of
            the very order challenged in the action ......................... **8**

      B.    Under *Bescond*, Appellant's absence was
            medically compelled and therefore non-volitional .............. **9**

      C.    If Appellant prevails, the probation condition is
            void; thus the stay forecloses all judicial review ............. **9**

II.   IN THE ALTERNATIVE, RECUSAL WAS REQUIRED
      UNDER 28 U.S.C. § 455(a), AND REASSIGNMENT
      IS APPROPRIATE ........................................................ **10**

      A.    The presiding judge's alleged non-judicial actions
            are directly implicated in this case ........................... **10**

      B.    The judge is also a defendant in *Teman v. Biale*,
            and judicial immunity does not apply in that context .......... **10**

CONCLUSION .......................................................................... **11**

*4*

**UNITED STATES COURT OF APPEALS**
FOR THE SECOND CIRCUIT

**Ari Teman,**
    Plaintiff–Appellant,

v.

 **United States Probation Service, et al.,**
    Defendants–Appellees.

                                           Docket No. 25-1895

**BRIEF FOR PLAINTIFF–APPELLANT**

ARI TEMAN (Pro Se)

---

**PRELIMINARY STATEMENT**

This appeal presents a narrow but important question of **structural due process, circularity-of-authority, and judicial reviewability**. The district court stayed Appellant's civil rights action under the fugitive disentitlement doctrine on the ground that Appellant did not comply with a probation condition requiring his physical return to the United States.

But the central claim of the civil action is that the probation condition is **unconstitutional, lacking any legitimate supervisory justification, and medically impossible to perform, and therefore cannot serve as the basis for labeling Appellant a fugitive**. By using the contested condition as both the *source* of the alleged fugitive status and the *reason* to stay the action that challenges that condition, the district court created an impermissible bootstrap.

The Supreme Court has repeatedly held that the fugitive disentitlement doctrine may not be used to extinguish judicial review of the very order at issue. See *Degen v. United States*, 517 U.S. 820, 828 (1996); *Ortega-Rodriguez v. United States*, 507 U.S. 234, 244–49 (1993). And this Court in *United States v. Bescond*, 7 F.4th 127

*5*

(2d Cir. 2021), emphasized that fugitive status cannot attach where absence is medically compelled or where the doctrine would undermine access to judicial review.

Because the stay blocks any adjudication of the condition's validity, it must be vacated.

**Indeed, another district judge in this Circuit has recently held that even where a litigant is alleged to be a fugitive, the fugitive disentitlement doctrine does not apply absent an "expressly required nexus between fugitivity and the course of the proceedings," and that a civil action may not be stayed on that basis.** See Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 280 (2d Cir. 1997); *see also Teman v. Zeldes Needle Cooper LLP, No. 24-cv-9830 (LJL), slip op. at 6 n.4 (S.D.N.Y. Dec. 31, 2025) (declining to stay civil action notwithstanding alleged fugitivity).*

In the alternative, recusal and reassignment are warranted under 28 U.S.C. § 455(a).

---

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under **28 U.S.C. § 1291** because the stay, as applied here, **effectively terminates the action**, leaving Appellant no avenue to litigate his claims. Under the "practical finality" doctrine recognized in *Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 281–82 (2d Cir. 1997), such a stay is final and appealable.

Alternatively, Appellant requests that the Court construe this appeal as a petition for mandamus, because the stay wholly forecloses judicial review of the challenged probation condition. **That foreclosure is especially improper where courts in this Circuit have recognized that fugitivity alone—without a concrete nexus to the civil litigation—cannot justify a stay or bar to adjudication.**

*6*

## ISSUES PRESENTED

1. **Whether the fugitive disentitlement doctrine may be invoked when the civil action directly challenges the constitutionality, lack of legitimate supervisory justification, and medical impossibility of the probation condition that is the sole basis for the alleged "fugitive" status.**

2. **Whether recusal was required under 28 U.S.C. § 455(a) when the case was assigned to the judge whose alleged non-judicial actions are challenged in the complaint, and who is simultaneously a defendant in a related civil action involving undisclosed relationships in cases where he was not the presiding judge.**

## STATEMENT OF THE CASE

On **June 1, 2025**, Appellant filed this civil action asserting constitutional claims arising from modifications to his supervised-release conditions. The complaint alleged that U.S. Probation reversed its earlier approval allowing Appellant to reside abroad and imposed a physical-return requirement for reasons unrelated to any legitimate supervisory need. The monitoring at issue—tele-therapy and online banking—was digital, and no explanation was provided for why in-person monitoring in Florida was necessary. The complaint alleges that these actions were retaliatory, self-serving, and violated Teman's religious beliefs and First Amendment rights.

The case was reassigned to Judge Engelmayer on June 17, 2025.

Appellant informed Probation and the court that he suffered from **Eustachian Tube Dysfunction (ETD)**, a condition confirmed through

*7*

testing and examination that made air travel medically dangerous. Appellant's physicians, who ordered Appellant to not fly until the condition is resolved, have since recommended **surgical repair under general anesthesia**. No passenger vessels operate between Israel and the United States during war, directly or in steps, and Appellant made documented good-faith efforts to seek sea travel.

On **July 8, 2025**, the district court stayed the case under the fugitive disentitlement doctrine. Id.

On **July 27, 2025**, Appellant moved to amend the complaint, lift the stay, and sought recusal. Id.

On **July 30, 2025**, the district court denied all relief. Id.

Appellant timely appealed. Later filings addressed appellate-fee issues caused by courier delays, overseas residence, and medical limitations.

---

## ARGUMENT

## I. THE STAY MUST BE VACATED BECAUSE IT CREATES AN IMPERMISSIBLE BOOTSTRAP AND CONTRADICTS CONTROLLING SECOND CIRCUIT LAW REQUIRING A NEXUS BETWEEN FUGITIVITY AND THE CIVIL PROCEEDINGS

**A. Judicial doctrines may not prevent review of the very order challenged in the action.**

The district court invoked fugitive disentitlement because Appellant allegedly did not satisfy a probation condition requiring him to return to the United States. But the civil action challenges that same condition as unconstitutional, unsupported, and medically impossible. Using the condition to bar review of its validity creates precisely the structural circularity condemned in *Degen* and *Ortega-Rodriguez*.

**Consistent with these principles, at least one court in this District has expressly declined to stay a civil action notwithstanding alleged fugitivity, holding that the doctrine does not apply absent a concrete nexus to the litigation itself.**

*The same absence of nexus exists here, where Appellant's alleged nonappearance has no bearing on the adjudication of the constitutional validity of the probation condition itself.*

## B. Under *Bescond*, Appellant's absence was medically compelled and therefore non-volitional.

Appellant's documented ETD made air travel dangerous, and no sea travel exists. A litigant whose absence is medically compelled cannot be deemed a fugitive. *Bescond*, 7 F.4th at 138.

## C. If Appellant prevails, the probation condition is void; thus the stay forecloses all judicial review.

A person cannot be labeled a fugitive based on an invalid or impossible condition. The stay prevents any judicial determination of the condition's legality.

Under Finkelstein, such a stay is effectively final and must be vacated.

Where, as here, the alleged fugitivity bears no operational relationship to the civil claims, the stay is not merely erroneous but ultra vires under governing Second Circuit law. *See Degen v. United States, 517 U.S. 820, 828 (1996); Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 280 (2d Cir. 1997).*

*9*

## II. IN THE ALTERNATIVE, RECUSAL WAS REQUIRED UNDER § 455(a), AND REASSIGNMENT IS APPROPRIATE.

### A. The presiding judge's alleged non-judicial actions are directly implicated in this case.

The complaint challenges certain supervisory and administrative actions involving Appellant's probation as conduct outside traditional adjudicative functions. When a judge's own non-judicial conduct is part of the factual predicate, §455(a) requires recusal to avoid the appearance that the judge is reviewing allegations involving himself. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

### B. The judge is also a defendant in *Teman v. Biale*, involving alleged non-judicial conduct in cases where he was not presiding, and judicial immunity does not apply in that context.

In addition, the same judge is named as a defendant in *Teman v. Biale*, a separate civil action in which Appellant alleges that, outside any judicial proceeding and in cases where the judge was **not** presiding, the judge was involved in circumstances in which attorney Noam Biale and AUSA Graham did not disclose their marital relationship to defendants in multiple SDNY matters. Appellant asserts in that action that this nondisclosure, and the judge's alleged involvement in events surrounding it, impaired defendants' ability to evaluate potential conflicts. Because these allegations concern **non-judicial conduct in cases where the judge lacked judicial authority**, Appellant contends that judicial immunity does not apply in that separate action.

These allegations are not for resolution in this appeal. However, their existence—combined with the judge's role in issuing the probation condition challenged here and applying the fugitive disentitlement doctrine—would cause an objective observer to question impartiality.

Regardless of motive or intent, the *immediate effect* of the district court's application of the fugitive disentitlement doctrine was to stay litigation **in**

*10*

**which the presiding judge and his close personal associates are named defendants.**

Under 28 U.S.C. § 455(a), the question is not whether such a result was intended, but whether an objective observer would question the judge's impartiality where a discretionary ruling operates to shield the judge and his associates from ongoing civil litigation.

That appearance problem alone requires recusal. Section 455(a) is designed to prevent precisely such circumstances. Reassignment is therefore appropriate under *Drexel*.

---

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Vacate the stay entered under the fugitive disentitlement doctrine;

2. Hold that the doctrine cannot apply where the underlying probation condition is alleged to be unconstitutional, unjustified, and medically impossible;

3. Remand for further proceedings in this matter before a different district judge *who has never heard a case where Noam Biale, Sher Tremonte, or Margaret Graham have appeared as counsel for any party;* and

4. Remand any case related to or involving probation conditions where this judge oversees Teman to a different district judge, and

5. Grant any further appropriate relief.

---

*11*

**Respectfully submitted,**

**/s/ Ari Teman**
Pro Se Appellant
1521 Alton Road #888
Miami Beach, FL 33139
(Currently residing in Tel Aviv, Israel)

*12*

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1382 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6).

/s/ Ari Teman
Ari Teman

*13*

# CERTIFICATE OF SERVICE

I hereby certify that on JANUARY 4, 2026 (NYC TIME), I served a copy of the foregoing Brief for
Plaintiff–Appellant upon counsel for Defendants–Appellees by electronic mail ( Jacob.Gutwillig@usdoj.gov, Jacob.Fiddelman@usdoj.gov ) and I further transmitted the brief for filing to the United States Court of
Appeals for the Second Circuit via the Pro Se Clerk intake email (prosecases@ca2.uscourts.gov).

Dated: JANUARY 4, 2026 (JAN 5, 2026, TEL AVIV)

/s/ Ari Teman
Ari Teman
Pro Se Appellant
1521 Alton Road #888
Miami Beach, FL 33139
(Currently residing in Tel Aviv, Israel)

*14*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Ari Teman,                                        Docket No. 25-1895

     Plaintiff–Appellant,

v.

United States Probation Service, et al.,

     Defendants–Appellees.

---

# CERTIFICATE OF SERVICE

I hereby certify that on JANUARY 4, 2026, I served a copy of the foregoing Brief for Plaintiff–Appellant upon counsel for Defendants–Appellees by electronic mail ( Jacob.Gutwillig@usdoj.gov, Jacob.Fiddelman@usdoj.gov ) and I further transmitted the brief for filing to the United States Court of Appeals for the Second Circuit via the Pro Se Clerk intake email (prosecases@ca2.uscourts.gov).

Dated: JANUARY 4, 2026 (NYC TIME, JAN 5, TEL AVIV)

/s/ Ari Teman
Ari Teman
Pro Se Appellant
1521 Alton Road #888
Miami Beach, FL 33139
(Currently residing in Tel Aviv, Israel)